Lalitha D. Madduri (CA Bar No. 301236)
lmadduri@elias.law
Christopher D. Dodge* (DC Bar No. 90011587)
cdodge@elias.law
Max Accardi* (DC Bar No. 90021259)
maccardi@elias.law
**ELIAS LAW GROUP LLP**
250 Massachusetts Ave. NW, Suite 400
Washington, DC 20001
T: (202) 968-4652
F: (202) 968-4498

Abha Khanna* (WA Bar No. 42612)
akhanna@elias.law
**ELIAS LAW GROUP LLP**
1700 Seventh Avenue, Suite 2100
Seattle, WA 98101
T: (206) 656-0177
F: (206) 656-0180

Omar Qureshi (CA Bar No. 323493)
omar@qureshi.law
Max Schoening (CA Bar No. 324643)
max@qureshi.law
**QURESHI LAW PC**
700 Flower Street, Suite 1000
Los Angeles, CA 90017
T: (213) 600-6096
F: (213) 277-8989

*Counsel for Proposed Intervenor-Defendant
DCCC*

*\* Pro hac vice application forthcoming*

# UNITED STATES DISTRICT COURT

## CENTRAL DISTRICT OF CALIFORNIA

DAVID TANGIPA; ERIC CHING; SAUL AYON; PETER HERNANDEZ; ROXANNE HOGE; JOEL GUITERREZ CAMPOS; SOLOMON VERDUZCO; PAUL RAMIREZ; JANE ORTIZ-WILSON; VERNON COSTA; RACHEL GUNTHER; DOUG BUCHANAN; SAYRS MORRIS; MIKE NETTER; CHRISTINA RAUGHTON; KRISTI HAYS; JAMES REID; MICHAEL TARDIF; ALEX GALICIA; and CALIFORNIA REPUBLICAN PARTY,

     Plaintiffs,

       v.

GAVIN NEWSOM, in his official capacity as the Governor of California; SHIRLEY WEBER, in her official capacity as California Secretary of State,

     Defendants.

Case No: 2:25-cv-09149

**DCCC'S PROPOSED ANSWER**

2

Proposed Intervenor-Defendant the Democratic Congressional Campaign Committee ("DCCC" or "Intervenor-Defendant"), by and through its attorneys, for its Answer to Plaintiffs' Complaint, denies each and every allegation of the Complaint not specifically admitted herein, and further answer as follows:

The paragraphs before the first numbered paragraph of the Complaint constitute introductory material to which no response is required. To that extent any response is required, DCCC incorporates by reference the below paragraphs as its response, denies the allegations, and denies that Plaintiffs are entitled to the requested relief in this action.

1.    Paragraph 1 contains legal contentions, characterizations, conclusions, and opinions to which no response is required. To the extent a response is required, DCCC admits that this case is brought by Plaintiffs and purports to challenge violations of the Fourteenth and Fifteenth Amendments. DCCC otherwise denies the allegations.

2.    Paragraph 2 contains legal contentions, characterizations, conclusions, and opinions to which no response is required. To the extent a response is required, DCCC states that Paragraph 2 purports to cite portions of various legal authorities, and DCCC therefore refers to those authorities for their full and complete contents, and denies anything inconsistent therewith.

3.    Paragraph 3 contains legal contentions, characterizations, conclusions, and opinions to which no response is required. To the extent a response is required, DCCC states that Paragraph 3 purports to cite portions of various legal authorities, and DCCC therefore refers to those authorities for their full and complete contents, and denies anything inconsistent therewith.

4.    Paragraph 4 purports to quote a press release issued by the California Legislature and statements by "[t]he consultant who drew the lines." DCCC refers to those alleged sources for their full and complete contents, and denies anything inconsistent therewith. In all other respects, DCCC lacks knowledge or information

sufficient to form a belief about the truth or falsity of the allegations in Paragraph 4, and therefore denies them.

5.    Paragraph 5 contains legal contentions, characterizations, conclusions, and opinions to which no response is required. To the extent a response is required, DCCC states that Paragraph 5 purports to cite portions of various legal authorities, and DCCC therefore refers to those authorities for their full and complete contents, and denies anything inconsistent therewith.

6.    Paragraph 6 contains legal contentions, characterizations, conclusions, and opinions to which no response is required. To the extent a response is required, DCCC lacks knowledge or information sufficient to form a belief about the truth or falsity of the allegations in Paragraph 6, and therefore denies them.

7.    DCCC lacks knowledge or information sufficient to form a belief about the truth or falsity of the allegations in Paragraph 7, and therefore denies them.

8.    Paragraph 8 contains legal contentions, characterizations, conclusions, and opinions to which no response is required. To the extent a response is required, DCCC denies that Defendants engaged in any unlawful actions and further denies Plaintiffs are entitled to the requested relief in this action.

9.    Paragraph 9 contains Plaintiffs' requested relief, to which no response is required. To the extent a response is required, DCCC denies that Plaintiffs are entitled to the requested relief or any other relief.

## JURISDICTION AND VENUE

2.    Paragraph 2[1] contains legal contentions, characterizations, conclusions, and opinions to which no response is required. To the extent a response is required, DCCC admits that Plaintiffs purport to assert violations of federal law.

---

[1] The paragraph numbering in the Complaint is inconsistent; although there are 9 numbered paragraphs of background material, the "Jurisdiction and Venue" section,

3.      Paragraph 3 contains legal contentions, characterizations, conclusions, and opinions to which no response is required. To the extent a response is required, DCCC denies that Plaintiffs are entitled to declaratory relief.

4.      Paragraph 4 contains legal contentions, characterizations, conclusions, and opinions to which no response is required. To the extent a response is required, DCCC admits that Defendants are located within California.

5.      Paragraph 5 contains legal contentions, characterizations, conclusions, and opinions to which no response is required. To the extent a response is required, DCCC admits that Plaintiffs purport to challenge the constitutionality of a statewide redistricting.

**PARTIES**

6.      DCCC denies that any Plaintiff was assigned to a "district drawn with race as the predominant factor." In all other respects, DCCC lacks sufficient information to form a belief about the truth or falsity of the allegations of Paragraph 6, and therefore denies them.

7.      DCCC denies that any Plaintiff is assigned to a "district drawn with race as the predominant factor." In all other respects, DCCC lacks sufficient information to form a belief about the truth or falsity of the allegations of Paragraph 7, and therefore denies them.

8.      DCCC denies that any Plaintiff is assigned to a "district drawn with race as the predominant factor." In all other respects, DCCC lacks sufficient information to form a belief about the truth or falsity of the allegations of Paragraph 8, and therefore denies them.

9.      DCCC denies that any Plaintiff is assigned to a "district drawn with race as the predominant factor." In all other respects, DCCC lacks sufficient information to form

which follows the background section, begins with paragraph "2." For clarity, DCCC follows the paragraph numbering of the Complaint.

a belief about the truth or falsity of the allegations of Paragraph 9, and therefore denies them.

10.    DCCC denies that any Plaintiff is assigned to a "district drawn with race as the predominant factor."  In all other respects, DCCC lacks sufficient information to form a belief about the truth or falsity of the allegations of Paragraph 10, and therefore denies them.

11.    DCCC denies that any Plaintiff is assigned to a "district drawn with race as the predominant factor."  In all other respects, DCCC lacks sufficient information to form a belief about the truth or falsity of the allegations of Paragraph 11, and therefore denies them.

12.    DCCC denies that any Plaintiff is assigned to a "district drawn with race as the predominant factor."  In all other respects, DCCC lacks sufficient information to form a belief about the truth or falsity of the allegations of Paragraph 12, and therefore denies them.

13.    DCCC denies that any Plaintiff is assigned to a "district drawn with race as the predominant factor."  In all other respects, DCCC lacks sufficient information to form a belief about the truth or falsity of the allegations of Paragraph 13, and therefore denies them.

14.    DCCC denies that any Plaintiff is assigned to a "district drawn with race as the predominant factor."  In all other respects, DCCC lacks sufficient information to form a belief about the truth or falsity of the allegations of Paragraph 14, and therefore denies them.

15.    DCCC denies that any Plaintiff is assigned to a "district drawn with race as the predominant factor."  In all other respects, DCCC lacks sufficient information to form a belief about the truth or falsity of the allegations of Paragraph 15, and therefore denies them.

16.    DCCC denies that any Plaintiff is assigned to a "district drawn with race as the predominant factor." In all other respects, DCCC lacks sufficient information to form a belief about the truth or falsity of the allegations of Paragraph 16, and therefore denies them.

17.    DCCC denies that any Plaintiff is assigned to a "district drawn with race as the predominant factor." In all other respects, DCCC lacks sufficient information to form a belief about the truth or falsity of the allegations of Paragraph 17, and therefore denies them.

18.    DCCC denies that any Plaintiff is assigned to a "district drawn with race as the predominant factor." In all other respects, DCCC lacks sufficient information to form a belief about the truth or falsity of the allegations of Paragraph 18, and therefore denies them.

19.    DCCC denies that any Plaintiff is assigned to a "district drawn with race as the predominant factor." In all other respects, DCCC lacks sufficient information to form a belief about the truth or falsity of the allegations of Paragraph 19, and therefore denies them.

20.    DCCC denies that any Plaintiff is assigned to a "district drawn with race as the predominant factor." In all other respects, DCCC lacks sufficient information to form a belief about the truth or falsity of the allegations of Paragraph 20, and therefore denies them.

21.    DCCC denies that any Plaintiff is assigned to a "district drawn with race as the predominant factor." In all other respects, DCCC lacks sufficient information to form a belief about the truth or falsity of the allegations of Paragraph 21, and therefore denies them.

22.    DCCC denies that any Plaintiff is assigned to a "district drawn with race as the predominant factor." In all other respects, DCCC lacks sufficient information to form

a belief about the truth or falsity of the allegations of Paragraph 22, and therefore denies them.

23.    DCCC denies that any Plaintiff is assigned to a "district drawn with race as the predominant factor." In all other respects, DCCC lacks sufficient information to form a belief about the truth or falsity of the allegations of Paragraph 23, and therefore denies them.

24.    DCCC denies that any Plaintiff is assigned to a "district drawn with race as the predominant factor." In all other respects, DCCC lacks sufficient information to form a belief about the truth or falsity of the allegations of Paragraph 24, and therefore denies them.

25.    Paragraph 25 purports to quote a portion of the California Republican Party ("CAGOP") bylaws. DCCC therefore refers to the bylaws for their full and complete contents, and denies anything inconsistent therewith. DCCC otherwise admits that CAGOP is a political party located in California.

26.    DCCC lacks sufficient information to form a belief about the truth or falsity of the allegations of Paragraph 26, and therefore denies them.

27.    Paragraph 27 contains legal contentions, characterizations, conclusions, and opinions to which no response is required. To the extent a response is required, DCCC admits that CAGOP has brought this litigation, but denies that CAGOP is entitled to any of the relief it seeks and further denies that Defendants engaged in an unconstitutional racial gerrymander.

28.    Paragraph 28 contains legal contentions, characterizations, conclusions, and opinions to which no response is required. To the extent a response is required, DCCC states that Paragraph 28 purports to cite portions of various legal authorities, and DCCC therefore refers to those authorities for their full and complete contents, and denies anything inconsistent therewith. DCCC admits that Defendant Gavin Newsom is a party to this litigation in his official capacity.

29.    Paragraph 29 contains legal contentions, characterizations, conclusions, and opinions to which no response is required. To the extent a response is required, DCCC admits that Defendant Shirley Weber is a party to this litigation in her official capacity.

## STANDING

30.    DCCC lacks sufficient information to form a belief about the truth or falsity of the allegations of Paragraph 30, and therefore denies them.

31.    DCCC admits that Eric Ching had announced he was running for Congress in Congressional District 38. DCCC otherwise lacks sufficient information to form a belief about the truth or falsity of the allegations of Paragraph 31, and therefore denies them.

32.    Paragraph 32 contains legal contentions, characterizations, conclusions, and opinions to which no response is required. To the extent a response is required, DCCC states that Paragraph 32 purports to cite portions of various legal authorities, and DCCC therefore refers to those authorities for their full and complete contents, and denies anything inconsistent therewith. DCCC denies that Proposition 50 is in any way unlawful and further denies that Plaintiffs have suffered any constitutional injury.

33.    Paragraph 33 contains legal contentions, characterizations, conclusions, and opinions to which no response is required. To the extent a response is required, DCCC states that Paragraph 33 purports to cite portions of various legal authorities, refers to those authorities for their full and complete contents, and denies anything inconsistent therewith. DCCC denies that Proposition 50 is in any way unlawful and further denies that Plaintiffs have suffered any constitutional injury.

34.    Paragraph 34 contains legal contentions, characterizations, conclusions, and opinions to which no response is required. To the extent a response is required, DCCC states that Paragraph 34 purports to cite portions of various legal authorities, and DCCC therefore refers to those authorities for their full and complete contents, and denies

anything inconsistent therewith. DCCC denies that Proposition 50 is in any way unlawful and further denies that Plaintiffs have suffered any constitutional injury.

35.    Paragraph 35 contains legal contentions, characterizations, conclusions, and opinions to which no response is required. To the extent a response is required, DCCC denies that Proposition 50 is in any way unlawful and further denies that Plaintiffs have suffered any constitutional injury.

36.    Paragraph 36 contains legal contentions, characterizations, conclusions, and opinions to which no response is required. To the extent a response is required, DCCC denies that Proposition 50 is in any way unlawful and further denies that Plaintiffs have suffered any constitutional injury or that any such injury is redressable by the Court.

37.    Paragraph 37 contains legal contentions, characterizations, conclusions, and opinions to which no response is required. To the extent a response is required, DCCC denies that Proposition 50 is in any way unlawful and further denies that Plaintiffs have suffered any constitutional injury.

**FACTUAL BACKGROUND**

38.    DCCC admits that third-party consultant Paul Mitchell of Redistricting Partners prepared a draft of the map that was submitted by DCCC to the California legislature on August 15, 2025, and later incorporated, in whole or in part, into the map that was ultimately approved by the legislature on August 21. To the extent Paragraph 38 contains any other allegations, DCCC lacks sufficient information to form a belief about the truth or falsity of those allegations, and therefore denies them.

**A. Response to Section A of the Complaint[2]**

39.    Paragraph 39 purports to cite various pieces of California legislation, and DCCC therefore refers to those pieces of legislation for their full and complete contents, and denies anything inconsistent therewith.

**B. Response to Section B of the Complaint**

40.    DCCC lacks sufficient information to form a belief about the truth or falsity of the allegations of Paragraph 40, and therefore denies them.

41.    On information and belief, DCCC admits that the California Assembly and Senate approved the so-called "Legislative Package" concerning redistricting in California on August 21, 2025.

42.    Paragraph 42 contains legal contentions, characterizations, conclusions, and opinions to which no response is required. To the extent a response is required, DCCC lacks sufficient information to form a belief about the truth or falsity of the allegations of Paragraph 42, and therefore denies them.

43.    Paragraph 43 contains legal contentions, characterizations, conclusions, and opinions to which no response is required. To the extent a response is required, DCCC lacks sufficient information to form a belief about the truth or falsity of the allegations of Paragraph 43, and therefore denies them.

44.    Paragraph 44 contains legal contentions, characterizations, conclusions, and opinions to which no response is required. To the extent a response is required, DCCC lacks sufficient information to form a belief about the truth or falsity of the allegations of Paragraph 44, and therefore denies them.

---

[2] The headings in Plaintiffs' complaint are argumentative, and some appear to advance allegations concerning DCCC.  Although DCCC is not obligated to respond to these headings, *see* Fed. R. Civ. P. 8(b), to the extent a response is required, DCCC incorporates by reference its responses to the allegations in the numbered paragraphs of Plaintiffs' complaint, denies that DCCC or Defendants committed any unlawful act, and denies that Plaintiffs are entitled to any of the relief they seek.

**C. Response to Section C of the Complaint**

45.     DCCC lacks sufficient information to form a belief about the truth or falsity of the allegations of Paragraph 45, and therefore denies them.

**D. Response to Section D of the Complaint**

46.     Paragraph 46 contains legal contentions, characterizations, conclusions, and opinions to which no response is required. To the extent a response is required, DCCC lacks sufficient information to form a belief about the truth or falsity of the allegations of Paragraph 46, and therefore denies them.

47.     Paragraph 47 contains legal contentions, characterizations, conclusions, and opinions to which no response is required. To the extent a response is required, DCCC states that Paragraph 47 purports to cite bill materials and committee analyses, and DCCC therefore refers to those documents for their full and complete contents, and denies anything inconsistent therewith. In all other respects, DCCC lacks sufficient information to form a belief about the truth or falsity of the allegations of Paragraph 47, and therefore denies them.

48.     Paragraph 48 contains legal contentions, characterizations, conclusions, and opinions to which no response is required. To the extent a response is required, DCCC states that Paragraph 48 purports to cite bill materials and committee analyses, and DCCC Therefore refers to those documents for their full and complete contents, and denies anything inconsistent therewith. In all other respects, DCCC lacks sufficient information to form a belief about the truth or falsity of the allegations of Paragraph 48, and therefore denies them.

49.     DCCC lacks sufficient information to form a belief about the truth or falsity of the allegations of Paragraph 49, and therefore denies them.

**E. Response to Section E of the Complaint**

50.     DCCC admits on information and belief that the congressional map approved by the California Legislature and California voters was drafted in part by Paul

Mitchell of Redistricting Partners.  DCCC otherwise lacks sufficient information to form a belief about the truth or falsity of the allegations of Paragraph 50, and therefore denies them.

51.    DCCC denies the allegations of Paragraph 51.

**F. Response to Section F of the Complaint**

52.    Paragraph 52 purports to cite "[p]ublic comments by Paul Mitchell." DCCC refers to any alleged comments for their full and complete contents, and denies anything inconsistent therewith. In all other respects, DCCC lacks sufficient information to form a belief about the truth or falsity of the allegations of Paragraph 52, and therefore denies them.

53.    Paragraph 53 purports to quote comments by Paul Mitchell at an unspecified "public presentation." DCCC refers to this alleged presentation for its full and complete contents, and denies anything inconsistent therewith. In all other respects, DCCC lacks sufficient information to form a belief about the truth or falsity of the allegations of Paragraph 53, and therefore denies them.

54.    Paragraph 54 purports to quote comments by Paul Mitchell from an unspecified source, as well as a letter from an organization called Hispanas Organized for Political Equality. DCCC refers to these alleged sources for their full and complete contents, and denies anything inconsistent therewith. In all other respects, DCCC lacks sufficient information to form a belief about the truth or falsity of the allegations of Paragraph 54, and therefore denies them.

55.    Paragraph 55 purports to quote comments by Paul Mitchell from an unspecified source. DCCC refers to this alleged source for its full and complete contents, and denies anything inconsistent therewith. In all other respects, DCCC lacks sufficient information to form a belief about the truth or falsity of the allegations of Paragraph 55, and therefore denies them.

56.    Paragraph 56 purports to quote comments by Paul Mitchell from an unspecified source. DCCC refers to this alleged source for its full and complete contents, and denies anything inconsistent therewith. In all other respects, DCCC lacks sufficient information to form a belief about the truth or falsity of the allegations of Paragraph 56, and therefore denies them.

57.    Paragraph 57 purports to quote comments by Paul Mitchell from an unspecified source. DCCC refers to this alleged source for its full and complete contents, and denies anything inconsistent therewith. In all other respects, DCCC lacks sufficient information to form a belief about the truth or falsity of the allegations of Paragraph 57, and therefore denies them.

58.    Paragraph 58 purports to quote comments by Paul Mitchell from an unspecified source. DCCC refers to this alleged source for its full and complete contents, and denies anything inconsistent therewith. In all other respects, DCCC lacks sufficient information to form a belief about the truth or falsity of the allegations of Paragraph 58, and therefore denies them.

59.    Paragraph 59 purports to quote comments by Paul Mitchell at an appearance on an unspecified episode of "the Capitol Weekly Podcast." DCCC refers to this alleged podcast appearance for its full and complete contents, and denies anything inconsistent therewith. In all other respects, DCCC lacks sufficient information to form a belief about the truth or falsity of the allegations of Paragraph 59, and therefore denies them.

60.    Paragraph 60 purports to quote a post by Paul Mitchell on X (formerly Twitter). DCCC refers to this alleged post, and the alleged sources cited therein, for their full and complete contents, and denies anything inconsistent therewith. In all other respects, DCCC lacks sufficient information to form a belief about the truth or falsity of the allegations of Paragraph 60, and therefore denies them.

14

61.     Paragraph 61 contains legal contentions, characterizations, conclusions, and opinions to which no response is required. To the extent a response is required, DCCC denies that Proposition 50 is in any way unlawful.

**G. Response to Section G of the Complaint**

62.     Paragraph 62 purports to cite "multiple statements by various legislators." DCCC refers to any alleged statements for their full and complete contents, and denies anything inconsistent therewith, including Plaintiffs' inferences as to the meaning of the alleged statements. DCCC denies that Proposition 50 is in any way unlawful. In all other respects, DCCC lacks sufficient information to form a belief about the truth or falsity of the allegations of Paragraph 62, and therefore denies them.

63.     Paragraph 63 purports to quote a press release from the various "[p]roponents" of Proposition 50. DCCC refers to this alleged press release for its full and complete contents, and denies anything inconsistent therewith, including Plaintiffs' inferences as to the meaning of the alleged press release. In all other respects, DCCC lacks sufficient information to form a belief about the truth or falsity of the allegations of Paragraph 63, and therefore denies them.

64.     Paragraph 64 purports to quote a press release from the Office of the Speaker of the Assembly. DCCC refers to this alleged press release for its full and complete contents, and denies anything inconsistent therewith.

65.     Paragraph 65 purports to quote a press release from the Office of the Speaker of the Assembly. DCCC refers to this alleged press release for its full and complete contents, and denies anything inconsistent therewith.

66.     Paragraph 66 purports to quote a press release from the Office of the Senate President pro Tempore. DCCC refers to this alleged press release for its full and complete contents, and denies anything inconsistent therewith.

67.     Paragraph 67 purports to quote a press release from the Office of the Speaker of the Assembly. DCCC refers to this alleged press release for its full and complete contents, and denies anything inconsistent therewith.

68.     Paragraph 68 purports to quote comments during the legislative debate concerning California's redistricting. DCCC refers to the legislative debate for its full and complete contents, and denies anything inconsistent therewith. In all other respects, DCCC lacks sufficient information to form a belief about the truth or falsity of the allegations of Paragraph 68, and therefore denies them.

69.     Paragraph 69 purports to quote comments during the legislative debate concerning California's redistricting. DCCC refers to the legislative debate for its full and complete contents, and denies anything inconsistent therewith, including Plaintiffs' inferences as to the meaning of these statements. Paragraph 69 also contains legal contentions, characterizations, conclusions, and opinions to which no response is required. In all other respects, DCCC lacks sufficient information to form a belief about the truth or falsity of the allegations of Paragraph 69, and therefore denies them.

70.     Paragraph 70 contains legal contentions, characterizations, conclusions, and opinions to which no response is required. To the extent a response is required, DCCC denies that Proposition 50 is in any way unlawful.

**H. Response to Section H of the Complaint**

71.     Paragraph 71 contains legal contentions, characterizations, conclusions, and opinions to which no response is required. To the extent a response is required, DCCC states that Paragraph 71 purports to cite portions of various legal authorities, refers to those authorities for their full and complete contents, and denies anything inconsistent therewith.

72.     Paragraph 72 contains legal contentions, characterizations, conclusions, and opinions to which no response is required. To the extent a response is required, DCCC states that Paragraph 72 purports to cite portions of various legal authorities, and DCCC

therefore refers to those authorities for their full and complete contents, and denies anything inconsistent therewith.

73.    Paragraph 73 contains legal contentions, characterizations, conclusions, and opinions to which no response is required. To the extent a response is required, DCCC states that Paragraph 73 purports to cite portions of various legal authorities, and DCCC therefore refers to those authorities for their full and complete contents, and denies anything inconsistent therewith.

**I.  Response to Section I of the Complaint**

74.    Paragraph 74 contains legal contentions, characterizations, conclusions, and opinions to which no response is required. To the extent a response is required, DCCC admits that the California Citizens Redistricting Commission drew new maps for California in 2021 and, on information and belief, that those maps were not challenged in litigation.

75.    Paragraph 75 contains legal contentions, characterizations, conclusions, and opinions to which no response is required. To the extent a response is required, DCCC denies the allegations of Paragraph 75.

76.    DCCC admits the allegations of Paragraph 76.

**J.  Response to Section J of the Complaint**

77.    On information and belief, DCCC admits the allegations of Paragraph 77.

78.    Paragraph 78 contains legal contentions, characterizations, conclusions, and opinions to which no response is required. To the extent a response is required, DCCC lacks sufficient information to form a belief about the truth or falsity of the allegations of Paragraph 78, and therefore denies them.

79.    Paragraph 79 contains legal contentions, characterizations, conclusions, and opinions to which no response is required. To the extent a response is required, DCCC lacks sufficient information to form a belief about the truth or falsity of the allegations of Paragraph 79, and therefore denies them.

80.    DCCC lacks sufficient information to form a belief about the truth or falsity of the allegations of Paragraph 80, and therefore denies them.

81.    Paragraph 81 purports to cite the 2020 Census, and DCCC therefore refers to the 2020 Census results for their full and complete contents, and denies anything inconsistent therewith.

82.    Paragraph 82 purports to cite the 2020 Census, and DCCC therefore refers to the 2020 Census results for their full and complete contents, and denies anything inconsistent therewith.

83.    DCCC lacks sufficient information to form a belief about the truth or falsity of the allegations of Paragraph 83, and therefore denies them.

84.    DCCC lacks sufficient information to form a belief about the truth or falsity of the allegations of Paragraph 84, and therefore denies them.

85.    DCCC admits that Senator Alex Padilla won an election against Mark Meuser in 2022.

86.    DCCC admits that Governor Gavin Newsom won an election against Brian Dahle in 2022.

87.    Paragraph 87 contains legal contentions, characterizations, conclusions, and opinions to which no response is required. To the extent a response is required, DCCC lacks sufficient information to form a belief about the truth or falsity of the allegations of Paragraph 87, and therefore denies them.

88.    DCCC lacks sufficient information to form a belief about the truth or falsity of the allegations of Paragraph 88, and therefore denies them.

89.    DCCC lacks sufficient information to form a belief about the truth or falsity of the allegations of Paragraph 89, and therefore denies them.

90.    DCCC lacks sufficient information to form a belief about the truth or falsity of the allegations of Paragraph 90, and therefore denies them.

91.    DCCC lacks sufficient information to form a belief about the truth or falsity of the allegations of Paragraph 91, and therefore denies them.

92.    DCCC lacks sufficient information to form a belief about the truth or falsity of the allegations of Paragraph 92, and therefore denies them.

93.    Paragraph 93 contains legal contentions, characterizations, conclusions, and opinions to which no response is required. To the extent a response is required, DCCC denies the allegations of Paragraph 93.

**CLAIMS FOR RELIEF**

**COUNT I**

**Violation of the Equal Protection Clause of the Fourteenth Amendment**

**(Racial Gerrymandering in Sixteen Districts)**

94.    Paragraph 94 purports to reallege and incorporate by reference all prior paragraphs of the Complaint. DCCC therefore incorporates by reference its responses to each preceding paragraph.

95.    Paragraph 95 contains legal contentions, characterizations, conclusions, and opinions to which no response is required. To the extent a response is required, DCCC denies the allegations of Paragraph 95.

96.    Paragraph 96 purports to quote a press release from Defendants. DCCC refers to this alleged press release for its full and complete contents, and denies anything inconsistent therewith. In all other respects, DCCC denies the allegations of Paragraph 96.

97.    Paragraph 97 purports to quote comments from "[t]he consultant who drew the lines." DCCC refers to these alleged contents for their full and complete contents, and denies anything inconsistent therewith. In all other respects, DCCC denies the allegations of Paragraph 97.

98.    On information and belief, DCCC denies the allegations of Paragraph 98.

99. Paragraph 99 contains legal contentions, characterizations, conclusions, and opinions to which no response is required. To the extent a response is required, DCCC lacks sufficient information to form a belief about the truth or falsity of the allegations in Paragraph 99, and therefore denies them.

100. Paragraph 100 contains legal contentions, characterizations, conclusions, and opinions to which no response is required.

101. Paragraph 101 contains legal contentions, characterizations, conclusions, and opinions to which no response is required. Paragraph 101 also purports to reference comments from the "consultant who drew the Proposition 50 map." DCCC refers to these alleged contents for their full and complete contents, and denies anything inconsistent therewith. In all other respects, DCCC denies the allegations of Paragraph 101.

102. Paragraph 102 contains legal contentions, characterizations, conclusions, and opinions to which no response is required. To the extent a response is required, DCCC denies the allegations of Paragraph 102.

103. Paragraph 103 purports to cite the 2020 Census, and DCCC therefore refers to the 2020 Census results for their full and complete contents, and denies anything inconsistent therewith.

104. DCCC lacks sufficient information to form a belief about the truth or falsity of the allegations of Paragraph 104, and therefore denies them.

105. Paragraph 105 contains legal contentions, characterizations, conclusions, and opinions to which no response is required. To the extent a response is required, DCCC lacks sufficient information to form a belief about the truth or falsity of the allegations of Paragraph 105, and therefore denies them.

106. Paragraph 106 contains legal contentions, characterizations, conclusions, and opinions to which no response is required. To the extent a response is required, DCCC denies the allegations of Paragraph 106.

107.   Paragraph 107 contains legal contentions, characterizations, conclusions, and opinions to which no response is required. To the extent a response is required, DCCC lacks sufficient information to form a belief about the truth or falsity of the allegations of Paragraph 107, and therefore denies them.

108.   DCCC lacks sufficient information to form a belief about the truth or falsity of the allegations of Paragraph 108, and therefore denies them.

109.   Paragraph 109 contains legal contentions, characterizations, conclusions, and opinions to which no response is required. To the extent a response is required, DCCC denies the allegations of Paragraph 109.

110.   Paragraph 110 contains legal contentions, characterizations, conclusions, and opinions to which no response is required. To the extent a response is required, DCCC denies that Plaintiffs are entitled to any of the relief they seek.

111.   Paragraph 111 contains legal contentions, characterizations, conclusions, and opinions to which no response is required. To the extent a response is required, DCCC denies that Plaintiffs are entitled to attorney fees.

## COUNT II

### Violation of the Fifteenth Amendment

### (Racial Gerrymandering in Sixteen Congressional Districts)

112.   Paragraph 112 purports to reallege and incorporate by reference all prior paragraphs of the Complaint. DCCC therefore incorporates by reference its responses to each preceding paragraph.

113.   Paragraph 113 contains legal contentions, characterizations, conclusions, and opinions to which no response is required. To the extent a response is required, DCCC states that Paragraph 113 purports to quote portions of various legal authorities, and DCCC therefore refers to those authorities for their full and complete contents, and denies anything inconsistent therewith.

114.    Paragraph 114 contains legal contentions, characterizations, conclusions, and opinions to which no response is required. To the extent a response is required, DCCC states that Paragraph 114 purports to quote portions of various legal authorities, and DCCC therefore refers to those authorities for their full and complete contents, and denies anything inconsistent therewith.

115.    Paragraph 115 contains legal contentions, characterizations, conclusions, and opinions to which no response is required. To the extent a response is required, DCCC denies the allegations of Paragraph 115.

116.    Paragraph 116 contains legal contentions, characterizations, conclusions, and opinions to which no response is required. To the extent a response is required, DCCC denies the allegations of Paragraph 116.

117.    Paragraph 117 contains legal contentions, characterizations, conclusions, and opinions to which no response is required. To the extent a response is required, DCCC denies the allegations of Paragraph 117.

118.    Paragraph 118 contains legal contentions, characterizations, conclusions, and opinions to which no response is required. To the extent a response is required, DCCC denies that Plaintiffs are entitled to any of the relief they seek.

119.    Paragraph 119 contains legal contentions, characterizations, conclusions, and opinions to which no response is required. To the extent a response is required, DCCC denies that Plaintiffs are entitled to attorney fees.

### COUNT III

### Violation of the Fourteenth and Fifteenth Amendments

### (Racial Gerrymandering of District 13)

120.    Paragraph 120 purports to reallege and incorporate by reference all prior paragraphs of the Complaint. DCCC therefore incorporates by reference its responses to each preceding paragraph.

121.    Paragraph 121 contains legal contentions, characterizations, conclusions, and opinions to which no response is required. To the extent a response is required, DCCC denies the allegations of Paragraph 121.

122.    DCCC lacks sufficient information to form a belief about the truth or falsity of the allegations of Paragraph 122, and therefore denies them.

123.    DCCC lacks sufficient information to form a belief about the truth or falsity of the allegations of Paragraph 123, and therefore denies them.

124.    Paragraph 124 contains legal contentions, characterizations, conclusions, and opinions to which no response is required. To the extent a response is required, DCCC denies the allegations of Paragraph 124.

125.    Paragraph 125 contains legal contentions, characterizations, conclusions, and opinions to which no response is required. To the extent a response is required, DCCC denies that Plaintiffs are entitled to any of the relief they seek.

126.    Paragraph 126 contains legal contentions, characterizations, conclusions, and opinions to which no response is required. To the extent a response is required, DCCC denies that Plaintiffs are entitled to attorney fees.

## PRAYER FOR RELIEF

The remainder of the Complaint is Plaintiffs' requested relief, to which no response is required. To the extent a response is required, DCCC denies that Plaintiffs are entitled to the requested relief or any other relief.

## GENERAL DENIAL

DCCC denies every allegation in the Complaint that is not expressly admitted herein.

## AFFIRMATIVE DEFENSES

1.    Plaintiffs' claims are barred because Plaintiffs lack Article III standing.

2.    Plaintiffs have failed to state a claim upon which relief can be granted.

3.      Plaintiffs' claims are barred because they seek relief inconsistent with federal and state law.

4.      Plaintiffs have waived the right to bring some or all of their claims.

5.      Plaintiffs have failed to show that they are entitled to any relief in equity.

6.      DCCC reserves the right to amend this Answer at a later time, and to move to dismiss some or all of Plaintiffs' claims.

## DCCC'S REQUEST FOR RELIEF

WHEREFORE, having fully answered Plaintiffs' Complaint, DCCC prays for judgment as follows:

A.      That the Court dismiss Plaintiffs' Complaint;

B.      That judgment be entered in favor of DCCC and against Plaintiffs and that Plaintiffs take nothing thereby;

C.      That DCCC be awarded reasonable attorneys' fees and costs under any applicable statute or equitable doctrine; and

D.      For such other and further relief as the Court deems appropriate.

24

Dated: November 10, 2025

Respectfully submitted,

*/s/ Lalitha D. Madduri*
Lalitha D. Madduri (CA Bar No. 301236)
Christopher D. Dodge* (DC Bar No. 90011587)
Max Accardi* (DC Bar No. 90021259)
**ELIAS LAW GROUP LLP**
250 Massachusetts Ave. NW, Suite 400
Washington, DC 20001
T: (202) 968-4652
F: (202) 968-4498
lmadduri@elias.law
cdodge@elias.law
maccardi@elias.law

Abha Khanna* (WA Bar No. 42612)
**ELIAS LAW GROUP LLP**
1700 Seventh Avenue, Suite 2100
Seattle, WA 98101
T: (206) 656-0177
akhanna@elias.law

Omar Qureshi (CA Bar No. 323493)
Max Schoening (CA Bar No. 324643)
**QURESHI LAW PC**
700 Flower Street, Suite 1000
Los Angeles, CA 90017
T: (213) 600-6096
omar@qureshi.law
max@qureshi.law

*Counsel for Proposed Intervenor-Defendant DCCC*

* *Pro hac vice application forthcoming*

25