JESUS A. OSETE*
Principal Deputy Assistant Attorney General
MATTHEW ZANDI (CA No. 203329)
Chief of Staff & Special Counsel
MAUREEN RIORDAN (NY No. 2058840)
Acting Chief, Voting Section
ANDREW BRANIFF (IN No. 23430-71)
Acting Chief, Appellate Section
DAVID GOLDMAN (VA No. 98922)
JOSHUA R. ZUCKERMAN (DC No. 1724555)
GRETA GIESEKE (TX No. 24132925)
Attorneys
   Civil Rights Division
   United States Department of Justice
   950 Pennsylvania Avenue, NW
   Washington, D.C. 20530
   Telephone: (202) 514-3847
   E-Mail:   matt.zandi@usdoj.gov

BILAL A. ESSAYLI
First Assistant United States Attorney
JULIE A. HAMILL (CA No. 272742)
Assistant United States Attorney
   United States Attorney's Office
   300 North Los Angeles Street, Suite 7516
   Los Angeles, California 90012
   Telephone: (213) 894-2464
   E-Mail:   julie.hamill@usdoj.gov

Attorneys for Plaintiff-Intervenor
UNITED STATES OF AMERICA

# UNITED STATES DISTRICT COURT
# CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| DAVID TANGIPA, *et al.*,<br>    *Plaintiffs*,<br>and<br><br>UNITED STATES OF AMERICA,<br>    *Plaintiff-Intervenor*,<br>v.<br><br>GAVIN NEWSOM, in his official capacity as the Governor of California, *et al.*,<br>    *Defendants*, | Case No. 2:25-cv-10616-JLS-KES<br>Three-Judge Court<br><br>**MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT OF UNITED STATES' MOTION TO INTERVENE**<br><br>Honorable Josephine L. Staton<br>United States District Judge<br><br>Hearing Date: November 21, 2025<br>Time: 10:30 a.m.<br>Courtroom: 8A |

* Assistant Attorney General Harmeet K. Dhillon is recused from this matter.

## I. INTRODUCTION

Last week, California voters passed Proposition 50, which amended the California Constitution to replace the congressional voting districts created by an independent districting commission with those created in a back room of the California Assembly.[1] Proposition 50 results in a mandate that requires the use of a new, racially gerrymandered congressional map in 2026-2030 federal elections. The next day, Plaintiffs filed this suit alleging that the Proposition 50 map violates the Fourteenth and Fifteenth Amendments to the U.S. Constitution. The United States moves to intervene as a plaintiff.

Because Plaintiffs assert an Equal Protection claim under the Fourteenth Amendment, and the U.S. Attorney General has certified that this case is of general public importance, Federal Rule of Civil Procedure 24(a)(1) and Section 902 of the Civil Rights Act of 1964 authorize the United States to intervene as of right. Alternatively, the United States qualifies for permissive intervention under Federal Rule of Civil Procedure 24(b).

## II. ARGUMENT

### A. The United States Has a Right to Intervene

"On timely motion, the court must permit anyone to intervene who . . . is given an unconditional right to intervene by a federal statute." Fed. R. Civ. P. 24(a)(1). The Civil Rights Act of 1964 gives the United States such a right. *See* 42 U.S.C. § 2000h-2. The Court should therefore grant the United States' motion to intervene.

Section 902 of the Civil Rights Act of 1964, as amended, 42 U.S.C. § 2000h-2, entitles the United States to intervene in Equal Protection cases if the Attorney General certifies that it is a case of general public importance:

---

[1] The enactment of the Proposition 50 map (Assembly Bill 604) was paired with a constitutional amendment authorizing the temporary use of the legislature-enacted congressional map through 2030 (Assembly Constitutional Amendment 8) and a bill calling for the special election, appropriating funds, and making conforming calendar changes (Senate Bill 280). *See* Assem. Bill 604, 2025-26 Reg. Sess. (Cal. 2025).

> Whenever an action has been commenced in any court of the United States seeking relief from the denial of equal protection of the laws under the fourteenth amendment to the Constitution on account of *race*, color, religion, sex or national origin, the Attorney General for or in the name of the United States may intervene in such action upon timely application if the Attorney General certifies that the case is of general public importance. In such action the United States shall be entitled to the same relief as if it had instituted the action.

42 U.S.C. § 2000h-2; *see also Battle v. Anderson*, 594 F.2d 786, 787-88 (10th Cir. 1979) (noting that the United States was "granted the right of intervention under" Section 902); *Air Lines Steward & Stewardesses Ass'n, Local 550 v. American Airlines, Inc.*, 455 F.2d 101, 103 n.2 (7th Cir. 1972) (noting that the Attorney General can intervene as of right in Equal Protection suits); *Fuel Oil Supply & Terminaling v. Gulf Oil Corp.*, 762 F.2d 1283, 1285 n. (5th Cir. 1985) (noting that Section 902 "grant[s] [the] United States [the] right to intervene in actions seeking relief from denial of equal protection").

The requirements for the United States' intervention as of right are satisfied here. First, Plaintiffs have alleged Equal Protection claims. *See* Compl. ¶¶ 94-111, Ex. A. 120-26, Dkt. 1. So does the United States. *See* Attached Proposed Complaint in Intervention ¶¶ 63-68. Second, the Attorney General has certified that this case is of general public importance. *See* Attached Certificate of Attorney General. And finally, the United States' motion is timely.

Timeliness hinges on "three primary factors: (1) the stage of the proceeding at which an applicant seeks to intervene; (2) the prejudice to other parties; and (3) the reason for and length of the delay." *Kalbers v. United States Dep't of Justice*, 22 F.4th 816, 822 (9th Cir. 2021) (citation omitted). "Timeliness is not a tool of retribution to punish the tardy would-be intervenor, but rather a guard against prejudicing the original parties by the failure to apply sooner." *Id.* at 823 (citation omitted and alterations adopted). In assessing prejudice, the "only prejudice that is relevant" is that which is "connected in some way to

the timing of the intervention motion." *Id.* at 825. "[T]he fact that including another party in the case might make resolution more difficult does not constitute prejudice." *Id.* (cleaned up).

Plaintiffs commenced this action just over a week ago, and Defendants have not yet filed a response. The United States promptly has sought to intervene and seeks relief identical to that already sought by Plaintiffs. *See L.W. ex rel. Williams v. Skrmetti*, No. 3:23-cv-00376, 2023 WL 3513302, at *3 (M.D. Tenn. May 16, 2023) (granting Section 902 intervention as of right and concluding that the United States had standing where it sought the "exact same relief" as the plaintiffs). Accordingly, the United States' participation would cause no delay or prejudice.[2] It is therefore entitled to intervene under Federal Rule of Civil Procedure 24(a)(1).

## B. The United States Alternatively Qualifies for Permissive Intervention

Alternatively, the United States asks the Court to grant permissive intervention under Federal Rule of Civil Procedure 24(b). "On timely motion, the court may permit anyone to intervene who . . . has a claim or defense that shares with the main action a common question of law or fact." Fed. R. Civ. P. 24(b)(1)(B). "In exercising its discretion, the court must consider whether the intervention will unduly delay or prejudice the adjudication of the original parties' rights." *Id.*

First, the United States' claims share "common question[s] of law and fact" with Plaintiffs' existing claims. *See* Fed. R. Civ. P. 24(b)(1). Plaintiffs and the United States both allege that Proposition 50 mandates a racially gerrymandered congressional map in violation of the Equal Protection Clause of the Fourteenth Amendment. Second, this litigation commenced just one week ago. This motion is therefore timely, and intervention will not "unduly delay or prejudice the adjudication of the original parties' rights." Fed. R. Civ. P. 24(b)(3). The United States therefore also qualifies for permissive intervention.

---

[2] Further, just yesterday, the Court granted Defendant-Intervenor Democratic Congressional Campaign Committee (DCCC)'s Motion to Intervene. Dkt. 26.

3

### III. CONCLUSION

For the above reasons, this Court should grant the United States' motion to intervene.

DATED: November 13, 2025

Respectfully submitted:

BILAL A. ESSAYLI
First Assistant United States Attorney
*s/ Julie A. Hamill*
JULIE A. HAMILL
Assistant United States Attorney
United States Attorney's Office

JESUS A. OSETE*
Principal Deputy Assistant Attorney General
*s/ Matthew Zandi*
MATTHEW ZANDI
Chief of Staff & Special Counsel

MAUREEN RIORDAN
Acting Chief, Voting Section

ANDREW BRANIFF
Acting Chief, Appellate Section

DAVID GOLDMAN
JOSHUA R. ZUCKERMAN
GRETA GIESEKE
Attorneys

Civil Rights Division
United States Department of Justice

Attorneys for Plaintiff-Intervenor
UNITED STATES OF AMERICA

---

* Assistant Attorney General Harmeet K. Dhillon is recused from this matter.

4

# **CERTIFICATE OF COMPLIANCE**

The undersigned, counsel of record for the United States of America certifies that this brief contains 965 words, which complies with the word limit of L.R. 11-6.1.

Dated: November 13, 2025        *s/ Matthew Zandi*
                                Matthew Zandi
                                Chief of Staff & Special Counsel