| | |
|---|---|
| 1 | MICHAEL A. COLUMBO (SBN: 271283) |
| | SHAWN COWLES (SBN: 163826) |
| 2 | MARK P. MEUSER (SBN: 231335) |
| | **DHILLON LAW GROUP INC.** |
| 3 | 4675 MacArthur Court, Suite 1410 |
| 4 | Newport Beach, CA 92660 |
| | mmeuser@dhillonlaw.com |
| 5 | Telephone: (415) 433-1700 |
| | Fax: (415) 520-6593 |
| 6 | |
| 7 | *Attorneys for Plaintiffs* |

**UNITED STATES DISTRICT COURT**

**CENTRAL DISTRICT OF CALIFORNIA**

| | |
|---|---|
| **DAVID TANGIPA**; *et al.*, | CASE NO. 2:25-cv-10616 JLS (KESx) |
| Plaintiffs, | |
| vs. | **NOTICE OF REQUIREMENT TO IMMEDIATELY NOTIFY THE CHIEF JUDGE OF THE CIRCUIT WHO SHALL DESIGNATE TWO OTHER JUDGES TO CREATE A THREE-JUDGE PANEL (28 U.S.C. § 2284)** |
| **GAVIN NEWSOM**, in his official capacity as the Governor of California; *et al.*; | |
| Defendants. | |
| | **ACTION SEEKING STATEWIDE RELIEF** |
| | Assigned to Hon. Josephine L. Staton |
| | Action Filed: November 5, 2025 |



NOTICE OF REQUIREMENT FOR 3-JUDGE PANEL    CASE NO. 2:25-cv-10616

Out of an abundance of caution, Plaintiffs respectfully file this notice to direct the court's attention to Plaintiffs' November 5, 2025 request for a three-judge panel to hear this time-sensitive matter and, as explained below, the Court's legal obligation to "immediately" notify the Chief Judge of the Ninth Circuit in order to have an additional two judges assigned to this matter to form that panel. If the Court has already taken this step, please disregard this notice. District Courts sometimes create a docket entry to reflect when they have made a request to the Circuit Chief Judge to assign judges to a three-judge panel, but this is not a universal practice. Accordingly, Plaintiffs do not know whether this virtually ministerial but important step has been taken. If a three-judge panel is not assigned imminently, the parties as well as the judges assigned to the panel may be prejudiced. This is a matter in which every week counts and 'justice delayed is justice denied.'

## BACKGROUND

On November 5, 2025, Plaintiffs filed this lawsuit against the State of California in which they alleged that Proposition 50's map constitutes an unconstitutional racial gerrymander in violation of the Fourteenth and Fifteenth Amendment. [Doc.1] Plaintiffs also requested a three-judge panel pursuant to 28 U.S.C. § 2284. *Id*. That statute provides for the right to such a panel "when an action is filed challenging the constitutionality of the apportionment of congressional districts[.]" 28 U.S.C. § 2284(a). When Plaintiffs request a three-judge panel pursuant to an action subject to section 2284(a), the judge to whom the request was presented is obligated to "immediately" notify the chief judge of the circuit, who "shall" designate two other judges to serve with you Honor "to hear and determine the action or proceeding." 28

NOTICE OF REQUIREMENT FOR 3-JUDGE PANEL     CASE NO. 2:25-cv-10616

U.S.C. § 2284; *Shapiro v. McManus*, 577 U.S. 39, 43-44 (2015).

The only issue a "district judge must determine is whether the request for three judges is made in a case covered by § 2284(a)—no more, no less." *Shapiro*, 577 U.S. at 44 (cleaned up). The *Shapiro* Court concluded that regardless of the "merits of their suit … § 2284 entitles [the plaintiffs] to make their case before a three-judge panel." *Id*. at 46. Three-judge panels are typically appointed within a week. *See, e.g.*, *Mississippi State Conference of NAACP v. State Board of Election Commissioners*, 3:22-cv-00734 (S.D. Miss.) (complaint filed on December 20, 2022 and three-judge panel assigned on December 21, 2022); *Hodges v. Albritton*, 8:24-cv-00879 (M.D. Fla.) (complaint filed on April 10, 2024 and Three-Judge panel assigned on April 11, 2024); *LULAC v. Abbott*, 3:21-cv-00259 (W.D. Tex.) (complaint filed on October 18, 2021 and three-judge panel assigned on October 20, 2022); *Callais v. Landry*, 3:24-cv-00122 (W.D. La.) (complaint filed on January 31, 2024 and three-judge panel assigned on February 2, 2024); *Common Cause Florida v. Byrd*, 4:22-cv-00109 (M.D. Fla.) (complaint filed on March 11, 2022 and three-judge panel assigned on March 14, 2022); *Agee v. Benson*, 1:22-cv-272 (W.D. Mich.) (complaint filed on March 23, 2022 and three-judge panel assigned on March 29, 2022).

The prompt appointment of a panel in a time-sensitive matter is not just a plaintiff's right, but also it is important to give the Chief Circuit Judge time to make the appointments and to reconcile the appointed judge's schedules with as much notice to them as possible of the urgent matter requiring their attention. Time is of the essence in this matter because candidates and the voters who support them must know California's congressional district lines by December 19, 2025, the first day that

individuals who will be candidates in each congressional district can begin to gather signatures to qualify as a candidate. (See, https://www.sos.ca.gov/elections/upcoming-elections/primary-election-june-2-2026/key-dates-and-deadlines).

Plaintiffs understand that delays can reasonably be expected due to the lapse in government funding and the intervening Veteran's Day holiday. Today, however, is the eighth day since Plaintiffs filed their request. Since filing their Complaint, the Plaintiffs have filed their Motion for a Preliminary Injunction, the Department of Justice has moved to intervene, the Court has granted the Democratic Congressional Campaign Committee's intervention, and all parties and proposed Plaintiff Intervenor United States have stipulated to a briefing schedule on the motions for preliminary injunction. The newly stipulated schedule allows the Defendants and Defendant Intervenor until November 21, 2025, to file Oppositions to the motions for Preliminary Injunction and the Plaintiff and Proposed Plaintiff Intervenor until November 24 to Reply. The parties have further stipulated that the Defendants and Defendant Intervenor have until January 5 to answer the Complaint or file motions to dismiss. [Doc. 33]

Without the statutorily-mandated three-judge panel assigned to hear and determine this case, the parties cannot request to schedule a suitable hearing date that will ensure the Plaintiffs and proposed Plaintiff Intervenor are able to have the case decided in time to avoid the harm at issue in their motions. There are now just 36 days remaining before a final decision on the preliminary injunction must be rendered, which must include two weeks for the inevitable appeal by the non-prevailing party to the Supreme Court. The looming Thanksgiving holiday further warrants as much notice as possible to the assigned judges that their service is required on the three-judge panel.

**NOTICE OF REQUIREMENT FOR 3-JUDGE PANEL**     CASE NO. 2:25-cv-10616

## CONCLUSION

Accordingly, for the reasons stated above and if it has not done so already, Plaintiffs respectfully refer the Court to their request for a three-judge panel and the requirement that the Court "immediately notify the chief judge of the circuit, who shall designate two other judges, at least one of whom shall be a circuit judge." 28 U.S.C. § 2284(b)(1).

Date: November 13, 2025

By: /s Mark P. Meuser
MICHAEL A. COLUMBO (SBN: 271283)
mcolumbo@dhillonlaw.com
**DHILLON LAW GROUP INC.**
177 Post Street, Suite 700
San Francisco, California 94108
Telephone: (415) 944-4996

SHAWN COWLES (SBN: 163826)
scowles@dhillonlaw.com
MARK P. MEUSER (SBN: 231335)
mmeuser@dhillonlaw.com
**DHILLON LAW GROUP INC.**
4675 MacArthur Court, Suite 1410
Newport Beach, CA 92660

Attorneys for Plaintiffs



NOTICE OF REQUIREMENT FOR 3-JUDGE PANEL    CASE NO. 2:25-cv-10616