# EXHIBIT A

**ARNOLD & PORTER KAYE SCHOLER LLP**
SEAN O. MORRIS (SBN 200368)
Sean.Morris@arnoldporter.com
777 South Figueroa Street
44th Floor
Los Angeles, CA 90017
T: (213) 243-4000
F: (213) 243-4199

JOHN A. FREEDMAN*
John.Freedman@arnoldporter.com
601 Massachusetts Ave, NW
Washington, DC 20001
T: (202) 942-5000
F: (202) 942-5999

**DEMOCRACY DEFENDERS ACTION**
NORMAN L. EISEN*
TIANNA MAYS*
SOFIA FERNANDEZ GOLD*
JACOB KOVACS-GOODMAN*
norman@democracydefenders.org
tianna@democracydefenders.org
sofia@democracydefenders.org
jacob@democracydefenders.org
600 Pennsylvania Ave SE, Unit 15180
Washington, DC 20003
T: (202) 594-9958

**JUSTICE LEGAL STRATEGIES PLLC**
JON M. GREENBAUM (SBN 166733)
jgreenbaum@justicels.com
P.O. Box 27015
Washington, DC 20038
T: (202) 601-8678

*Counsel for Proposed Intervenor-Defendant
League of United Latin American Citizens*

* Application for admission pro hac vice forthcoming

# UNITED STATES DISTRICT COURT

## CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| DAVID TANGIPA, *et al.,*<br><br>              Plaintiffs,<br><br>     v.<br><br>GAVIN NEWSOM, *et al.*,<br><br>                  Defendants.<br><br>and<br><br>LEAGUE OF UNITED LATIN<br>AMERICAN CITIZENS (LULAC),<br><br>          Intervenor-Defendant. | Case No. 2:25-cv-10616-JLS-WLH-KKL<br><br>**PROPOSED ANSWER TO COMPLAINT**<br><br>Hon. Josephine L. Staton<br>Hon. Wesley L. Hsu<br>Hon. Kenneth K. Lee |

Proposed Intervenor-Defendant the League of United Latin American Citizens ("LULAC" or "Intervenor-Defendant"), by and through its attorneys, for its Answer to Plaintiffs' Complaint, denies each and every allegation of the Complaint not specifically admitted herein, and further answers as follows:

1. Paragraph 1 contains legal contentions, characterizations, conclusions, and opinions to which no response is required. To the extent a response is required, LULAC admits that this case is brought by Plaintiffs and purports to challenge violations of the Fourteenth and Fifteenth Amendments. LULAC otherwise denies the allegations.

2. Paragraph 2 contains legal contentions, characterizations, conclusions, and opinions to which no response is required. To the extent a response is required, LULAC states that Paragraph 2 purports to cite portions of various legal authorities, and LULAC therefore refers to those authorities for their full and complete contents, and denies anything inconsistent therewith.

3. Paragraph 3 contains legal contentions, characterizations, conclusions, and opinions to which no response is required. To the extent a response is required, LULAC states that Paragraph 3 purports to cite portions of various legal authorities, and LULAC therefore refers to those authorities for their full and complete contents, and denies anything inconsistent therewith.

4. Paragraph 4 purports to quote a press release issued by the California Legislature and statements by "[t]he consultant who drew the lines." LULAC refers to those alleged sources for their full and complete contents, and denies anything inconsistent therewith. In all other respects, LULAC lacks knowledge or information sufficient to form a belief about the truth or falsity of the allegations in Paragraph 4, and therefore denies them.

5. Paragraph 5 contains legal contentions, characterizations, conclusions, and opinions to which no response is required. To the extent a response is required, LULAC states that Paragraph 5 purports to cite portions of various legal authorities,

and LULAC therefore refers to those authorities for their full and complete contents, and denies anything inconsistent therewith.

6.  Paragraph 6 contains legal contentions, characterizations, conclusions, and opinions to which no response is required. To the extent a response is required, LULAC lacks knowledge or information sufficient to form a belief about the truth or falsity of the allegations in Paragraph 6, and therefore denies them.

7.  LULAC lacks knowledge or information sufficient to form a belief about the truth or falsity of the allegations in Paragraph 7, and therefore denies them.

8.  Paragraph 8 contains legal contentions, characterizations, conclusions, and opinions to which no response is required. To the extent a response is required, LULAC denies that "Defendants engaged in any unconstitutional racial gerrymandering or any other unconstitutional actions when they created the Proposition 50 congressional district map" and further denies Plaintiffs are entitled to the requested relief in this action.

9.  Paragraph 9 contains Plaintiffs' requested relief, to which no response is required. To the extent a response is required, LULAC denies that Plaintiffs are entitled to the requested relief or any other relief.

2.  Paragraph 2[1] contains legal contentions, characterizations, conclusions, and opinions to which no response is required. To the extent a response is required, LULAC admits that Plaintiffs purport to assert violations of federal law.

3.  Paragraph 3 contains legal contentions, characterizations, conclusions, and opinions to which no response is required. To the extent a response is required, LULAC denies that Plaintiffs are entitled to declaratory relief.

---

[1] The paragraph numbering in the Complaint is inconsistent; although there are 9 numbered paragraphs of background material, the "Jurisdiction and Venue" section, which follows the background section, begins with paragraph "2." For clarity, LULAC follows the paragraph numbering of the Complaint.

PROPOSED ANSWER TO COMPLAINT

4.  Paragraph 4 contains legal contentions, characterizations, conclusions, and opinions to which no response is required. To the extent a response is required, LULAC admits that Defendants are located within California.

5.  Paragraph 5 contains legal contentions, characterizations, conclusions, and opinions to which no response is required. To the extent a response is required, LULAC admits that Plaintiffs purport to challenge the constitutionality of a statewide redistricting plan and that such a claim requires a three-judge court.

6.  LULAC denies that any Plaintiff was assigned to a "district drawn with race as the predominant factor." In all other respects, LULAC lacks sufficient information to form a belief about the truth or falsity of the allegations of Paragraph 6, and therefore denies them, except that LULAC admits Plaintiff Tangipa is a member of the California State Assembly.

7.  LULAC denies that any Plaintiff is assigned to a "district drawn with race as the predominant factor." In all other respects, LULAC lacks sufficient information to form a belief about the truth or falsity of the allegations of Paragraph 7, and therefore denies them.

8.  LULAC denies that any Plaintiff is assigned to a "district drawn with race as the predominant factor." In all other respects, LULAC lacks sufficient information to form a belief about the truth or falsity of the allegations of Paragraph 8, and therefore denies them.

9.  LULAC denies that any Plaintiff is assigned to a "district drawn with race as the predominant factor." In all other respects, LULAC lacks sufficient information to form a belief about the truth or falsity of the allegations of Paragraph 9, and therefore denies them.

10.  LULAC denies that any Plaintiff is assigned to a "district drawn with race as the predominant factor." In all other respects, LULAC lacks sufficient information to form a belief about the truth or falsity of the allegations of Paragraph 10, and therefore denies them.

11.  LULAC denies that any Plaintiff is assigned to a "district drawn with race as the predominant factor." In all other respects, LULAC lacks sufficient information to form a belief about the truth or falsity of the allegations of Paragraph 11, and therefore denies them.

12.  LULAC denies that any Plaintiff is assigned to a "district drawn with race as the predominant factor." In all other respects, LULAC lacks sufficient information to form a belief about the truth or falsity of the allegations of Paragraph 12, and therefore denies them.

13.  LULAC denies that any Plaintiff is assigned to a "district drawn with race as the predominant factor." In all other respects, LULAC lacks sufficient information to form a belief about the truth or falsity of the allegations of Paragraph 13, and therefore denies them.

14.  LULAC denies that any Plaintiff is assigned to a "district drawn with race as the predominant factor." In all other respects, LULAC lacks sufficient information to form a belief about the truth or falsity of the allegations of Paragraph 14, and therefore denies them.

15.  LULAC denies that any Plaintiff is assigned to a "district drawn with race as the predominant factor." In all other respects, LULAC lacks sufficient information to form a belief about the truth or falsity of the allegations of Paragraph 15, and therefore denies them.

16.  LULAC denies that any Plaintiff is assigned to a "district drawn with race as the predominant factor." In all other respects, LULAC lacks sufficient information to form a belief about the truth or falsity of the allegations of Paragraph 16, and therefore denies them.

17.  LULAC denies that any Plaintiff is assigned to a "district drawn with race as the predominant factor." In all other respects, LULAC lacks sufficient information to form a belief about the truth or falsity of the allegations of Paragraph 17, and therefore denies them.

18.  LULAC denies that any Plaintiff is assigned to a "district drawn with race as the predominant factor." In all other respects, LULAC lacks sufficient information to form a belief about the truth or falsity of the allegations of Paragraph 18, and therefore denies them.

19.  LULAC denies that any Plaintiff is assigned to a "district drawn with race as the predominant factor." In all other respects, LULAC lacks sufficient information to form a belief about the truth or falsity of the allegations of Paragraph 19, and therefore denies them.

20.  LULAC denies that any Plaintiff is assigned to a "district drawn with race as the predominant factor." In all other respects, LULAC lacks sufficient information to form a belief about the truth or falsity of the allegations of Paragraph 20, and therefore denies them.

21.  LULAC denies that any Plaintiff is assigned to a "district drawn with race as the predominant factor." In all other respects, LULAC lacks sufficient information to form a belief about the truth or falsity of the allegations of Paragraph 21, and therefore denies them.

22.  LULAC denies that any Plaintiff is assigned to a "district drawn with race as the predominant factor." In all other respects, LULAC lacks sufficient information to form a belief about the truth or falsity of the allegations of Paragraph 22, and therefore denies them.

23.  LULAC denies that any Plaintiff is assigned to a "district drawn with race as the predominant factor." In all other respects, LULAC lacks sufficient information to form a belief about the truth or falsity of the allegations of Paragraph 23, and therefore denies them.

24.  LULAC denies that any Plaintiff is assigned to a "district drawn with race as the predominant factor." In all other respects, LULAC lacks sufficient information to form a belief about the truth or falsity of the allegations of Paragraph 24, and therefore denies them.

25.  Paragraph 25 purports to quote a portion of the California Republican Party ("CAGOP") bylaws. LULAC therefore refers to the bylaws for their full and complete contents, and denies anything inconsistent therewith. LULAC otherwise admits that CAGOP is a political party located in California.

26.  LULAC lacks sufficient information to form a belief about the truth or falsity of the allegations of Paragraph 26, and therefore denies them.

27.  Paragraph 27 contains legal contentions, characterizations, conclusions, and opinions to which no response is required. To the extent a response is required, LULAC admits that CAGOP has brought this litigation, but denies that CAGOP is entitled to any of the relief it seeks and further denies that Defendants engaged in an unconstitutional racial gerrymander.

28.  Paragraph 28 contains legal contentions, characterizations, conclusions, and opinions to which no response is required. To the extent a response is required, LULAC states that Paragraph 28 purports to cite portions of various legal authorities, and LULAC therefore refers to those authorities for their full and complete contents, and denies anything inconsistent therewith. LULAC admits that Defendant Gavin Newsom is a party to this litigation in his official capacity.

29.  Paragraph 29 contains legal contentions, characterizations, conclusions, and opinions to which no response is required. To the extent a response is required, LULAC admits that Defendant Shirley Weber is a party to this litigation in her official capacity.

30.  LULAC lacks sufficient information to form a belief about the truth or falsity of the allegations of Paragraph 30, and therefore denies them.

31.  LULAC admits that Eric Ching had announced he was running for Congress in Congressional District 38. LULAC otherwise lacks sufficient information to form a belief about the truth or falsity of the allegations of Paragraph 31, and therefore denies them.

PROPOSED ANSWER TO COMPLAINT

32.  Paragraph 32 contains legal contentions, characterizations, conclusions, and opinions to which no response is required. To the extent a response is required, LULAC states that Paragraph 32 purports to cite portions of various legal authorities, and LULAC therefore refers to those authorities for their full and complete contents, and denies anything inconsistent therewith. LULAC denies that Proposition 50 is in any way unconstitutional and further denies that Plaintiffs have suffered any constitutional injury.

33.  Paragraph 33 contains legal contentions, characterizations, conclusions, and opinions to which no response is required. To the extent a response is required, LULAC states that Paragraph 33 purports to cite portions of various legal authorities, refers to those authorities for their full and complete contents, and denies anything inconsistent therewith. LULAC denies that Proposition 50 is in any way unconstitutional and further denies that Plaintiffs have suffered any constitutional injury.

34.  Paragraph 34 contains legal contentions, characterizations, conclusions, and opinions to which no response is required. To the extent a response is required, LULAC states that Paragraph 34 purports to cite portions of various legal authorities, and LULAC therefore refers to those authorities for their full and complete contents, and denies anything inconsistent therewith. LULAC denies that Proposition 50 is in any way unconstitutional and further denies that Plaintiffs have suffered any constitutional injury.

35.  Paragraph 35 contains legal contentions, characterizations, conclusions, and opinions to which no response is required. To the extent a response is required, LULAC denies that Proposition 50 is in any way unconstitutional and further denies that Plaintiffs have suffered any constitutional injury.

36.  Paragraph 36 contains legal contentions, characterizations, conclusions, and opinions to which no response is required. To the extent a response is required, LULAC denies that Proposition 50 is in any way unconstitutional and further denies

1    that Plaintiffs have suffered any constitutional injury or that any such injury is
2    redressable by the Court.

3        37.  Paragraph 37 contains legal contentions, characterizations, conclusions,
4    and opinions to which no response is required. To the extent a response is required,
5    LULAC denies that Proposition 50 is in any way unlawful and further denies that
6    Plaintiffs have suffered any constitutional injury.

7        38.  LULAC lacks sufficient information to form a belief about the truth or
8    falsity of the allegations of Paragraph 38, and therefore denies them.

9        39.  Paragraph 39 purports to cite various pieces of California legislation, and
10   LULAC therefore refers to those pieces of legislation for their full and complete
11   contents, and denies anything inconsistent therewith.

12       40.  LULAC lacks sufficient information to form a belief about the truth or
13   falsity of the allegations of Paragraph 40, and therefore denies them.

14       41.  On information and belief, LULAC admits that the California Assembly
15   and Senate approved the so-called "Legislative Package" concerning redistricting in
16   California on August 21, 2025.

17       42.  Paragraph 42 contains legal contentions, characterizations, conclusions,
18   and opinions to which no response is required. To the extent a response is required,
19   LULAC lacks sufficient information to form a belief about the truth or falsity of the
20   allegations of Paragraph 42, and therefore denies them.

21       43.  Paragraph 43 contains legal contentions, characterizations, conclusions,
22   and opinions to which no response is required. To the extent a response is required,
23   LULAC lacks sufficient information to form a belief about the truth or falsity of the
24   allegations of Paragraph 43, and therefore denies them.

25       44.  Paragraph 44 contains legal contentions, characterizations, conclusions,
26   and opinions to which no response is required. To the extent a response is required,
27   LULAC lacks sufficient information to form a belief about the truth or falsity of the
28   allegations of Paragraph 44, and therefore denies them.

PROPOSED ANSWER TO COMPLAINT

45.   LULAC lacks sufficient information to form a belief about the truth or falsity of the allegations of Paragraph 45, and therefore denies them.

46.   Paragraph 46 contains legal contentions, characterizations, conclusions, and opinions to which no response is required. To the extent a response is required, LULAC lacks sufficient information to form a belief about the truth or falsity of the allegations of Paragraph 46, and therefore denies them.

47.   Paragraph 47 contains legal contentions, characterizations, conclusions, and opinions to which no response is required. To the extent a response is required, LULAC states that Paragraph 47 purports to cite bill materials and committee analyses, and LULAC therefore refers to those documents for their full and complete contents, and denies anything inconsistent therewith. In all other respects, LULAC lacks sufficient information to form a belief about the truth or falsity of the allegations of Paragraph 47, and therefore denies them.

48.   Paragraph 48 contains legal contentions, characterizations, conclusions, and opinions to which no response is required. To the extent a response is required, LULAC states that Paragraph 48 purports to cite bill materials and committee analyses, and LULAC Therefore refers to those documents for their full and complete contents, and denies anything inconsistent therewith. In all other respects, LULAC lacks sufficient information to form a belief about the truth or falsity of the allegations of Paragraph 48, and therefore denies them.

49.   LULAC lacks sufficient information to form a belief about the truth or falsity of the allegations of Paragraph 49, and therefore denies them.

50.   LULAC lacks sufficient information to form a belief about the truth or falsity of the allegations of Paragraph 50, and therefore denies them.

51.   LULAC lacks sufficient information to form a belief about the truth or falsity of the allegations of Paragraph 51, and therefore denies them.

52.   Paragraph 52 purports to cite "[p]ublic comments by Paul Mitchell." LULAC refers to any alleged comments for their full and complete contents, and

denies anything inconsistent therewith. In all other respects, LULAC lacks sufficient information to form a belief about the truth or falsity of the allegations of Paragraph 52, and therefore denies them.

53.    Paragraph 53 purports to quote comments by Paul Mitchell at an unspecified "public presentation." LULAC refers to this alleged presentation for its full and complete contents, and denies anything inconsistent therewith. In all other respects, LULAC lacks sufficient information to form a belief about the truth or falsity of the allegations of Paragraph 53, and therefore denies them.

54.    Paragraph 54 purports to quote comments by Paul Mitchell from an unspecified source, as well as a letter from an organization called Hispanas Organized for Political Equality. LULAC refers to these alleged sources for their full and complete contents, and denies anything inconsistent therewith. In all other respects, LULAC lacks sufficient information to form a belief about the truth or falsity of the allegations of Paragraph 54, and therefore denies them.

55.    Paragraph 55 purports to quote comments by Paul Mitchell from an unspecified source. LULAC refers to this alleged source for its full and complete contents, and denies anything inconsistent therewith. In all other respects, LULAC lacks sufficient information to form a belief about the truth or falsity of the allegations of Paragraph 55, and therefore denies them.

56.    Paragraph 56 purports to quote comments by Paul Mitchell from an unspecified source. LULAC refers to this alleged source for its full and complete contents, and denies anything inconsistent therewith. In all other respects, LULAC lacks sufficient information to form a belief about the truth or falsity of the allegations of Paragraph 56, and therefore denies them.

57.    Paragraph 57 purports to quote comments by Paul Mitchell from an unspecified source. LULAC refers to this alleged source for its full and complete contents, and denies anything inconsistent therewith. In all other respects, LULAC

1  lacks sufficient information to form a belief about the truth or falsity of the allegations

2  of Paragraph 57, and therefore denies them.

3      58.  Paragraph 58 purports to quote comments by Paul Mitchell from an

4  unspecified source. LULAC refers to this alleged source for its full and complete

5  contents, and denies anything inconsistent therewith. In all other respects, LULAC

6  lacks sufficient information to form a belief about the truth or falsity of the allegations

7  of Paragraph 58, and therefore denies them.

8      59.  Paragraph 59 purports to quote comments by Paul Mitchell at an

9  appearance on an unspecified episode of "the Capitol Weekly Podcast." LULAC

10  refers to this alleged podcast appearance for its full and complete contents, and denies

11  anything inconsistent therewith. In all other respects, LULAC lacks sufficient

12  information to form a belief about the truth or falsity of the allegations of Paragraph

13  59, and therefore denies them.

14      60.  Paragraph 60 purports to quote a post by Paul Mitchell on X (formerly

15  Twitter). LULAC refers to this alleged post, and the alleged sources cited therein, for

16  their full and complete contents, and denies anything inconsistent therewith. In all

17  other respects, LULAC lacks sufficient information to form a belief about the truth or

18  falsity of the allegations of Paragraph 60, and therefore denies them.

19      61.  Paragraph 61 contains legal contentions, characterizations, conclusions,

20  and opinions to which no response is required. To the extent a response is required,

21  LULAC denies that Proposition 50 is in any way unlawful.

22      62.  Paragraph 62 purports to cite "multiple statements by various legislators."

23  LULAC refers to any alleged statements for their full and complete contents, and

24  denies anything inconsistent therewith, including Plaintiffs' inferences as to the

25  meaning of the alleged statements. LULAC denies that Proposition 50 is in any way

26  a racial gerrymander or unconstitutional. In all other respects, LULAC lacks sufficient

27  information to form a belief about the truth or falsity of the allegations of Paragraph

28  62, and therefore denies them.

63.    Paragraph 63 purports to quote a press release from the various "[p]roponents" of Proposition 50. LULAC refers to this alleged press release for its full and complete contents, and denies anything inconsistent therewith, including Plaintiffs' inferences as to the meaning of the alleged press release. In all other respects, LULAC lacks sufficient information to form a belief about the truth or falsity of the allegations of Paragraph 63, and therefore denies them.

64.    Paragraph 64 purports to quote a press release from the Office of the Speaker of the Assembly. LULAC refers to this alleged press release for its full and complete contents, and denies anything inconsistent therewith.

65.    Paragraph 65 purports to quote a press release from the Office of the Speaker of the Assembly. LULAC refers to this alleged press release for its full and complete contents, and denies anything inconsistent therewith.

66.    Paragraph 66 purports to quote a press release from the Office of the Senate President pro Tempore. LULAC refers to this alleged press release for its full and complete contents, and denies anything inconsistent therewith.

67.    Paragraph 67 purports to quote a press release from the Office of the Speaker of the Assembly. LULAC refers to this alleged press release for its full and complete contents, and denies anything inconsistent therewith.

68.    Paragraph 68 purports to quote comments during the legislative debate concerning California's redistricting. LULAC refers to the legislative debate for its full and complete contents, and denies anything inconsistent therewith. In all other respects, LULAC lacks sufficient information to form a belief about the truth or falsity of the allegations of Paragraph 68, and therefore denies them.

69.    Paragraph 69 purports to quote comments during the legislative debate concerning California's redistricting. LULAC refers to the legislative debate for its full and complete contents, and denies anything inconsistent therewith, including Plaintiffs' inferences as to the meaning of these statements. Paragraph 69 also contains legal contentions, characterizations, conclusions, and opinions to which no

response is required. In all other respects, LULAC lacks sufficient information to form a belief about the truth or falsity of the allegations of Paragraph 69, and therefore denies them.

70. Paragraph 70 contains legal contentions, characterizations, conclusions, and opinions to which no response is required. To the extent a response is required, LULAC denies that Proposition 50 is in any way unlawful.

71. Paragraph 71 contains legal contentions, characterizations, conclusions, and opinions to which no response is required. To the extent a response is required, LULAC states that Paragraph 71 purports to cite portions of various legal authorities, refers to those authorities for their full and complete contents, and denies anything inconsistent therewith.

72. Paragraph 72 contains legal contentions, characterizations, conclusions, and opinions to which no response is required. To the extent a response is required, LULAC states that Paragraph 72 purports to cite portions of various legal authorities, and LULAC therefore refers to those authorities for their full and complete contents, and denies anything inconsistent therewith.

73. Paragraph 73 contains legal contentions, characterizations, conclusions, and opinions to which no response is required. To the extent a response is required, LULAC states that Paragraph 73 purports to cite portions of various legal authorities, and LULAC therefore refers to those authorities for their full and complete contents, and denies anything inconsistent therewith.

74. Paragraph 74 contains legal contentions, characterizations, conclusions, and opinions to which no response is required. To the extent a response is required, LULAC admits that the California Citizens Redistricting Commission drew new maps for California in 2021 and, on information and belief, that those maps were not challenged in litigation.

75.   Paragraph 75 contains legal contentions, characterizations, conclusions, and opinions to which no response is required. To the extent a response is required, LULAC denies the allegations of Paragraph 75.

76.  LULAC admits the allegations of Paragraph 76.

77.  On information and belief, LULAC admits the allegations of Paragraph 77.

78.   Paragraph 78 contains legal contentions, characterizations, conclusions, and opinions to which no response is required. To the extent a response is required, LULAC lacks sufficient information to form a belief about the truth or falsity of the allegations of Paragraph 78, and therefore denies them.

79.   Paragraph 79 contains legal contentions, characterizations, conclusions, and opinions to which no response is required. To the extent a response is required, LULAC lacks sufficient information to form a belief about the truth or falsity of the allegations of Paragraph 79, and therefore denies them.

80.  LULAC lacks sufficient information to form a belief about the truth or falsity of the allegations of Paragraph 80, and therefore denies them.

81.  Paragraph 81 purports to cite the 2020 Census, and LULAC therefore refers to the 2020 Census results for their full and complete contents, and denies anything inconsistent therewith.

82.  Paragraph 82 purports to cite the 2020 Census, and LULAC therefore refers to the 2020 Census results for their full and complete contents, and denies anything inconsistent therewith.

83.  LULAC lacks sufficient information to form a belief about the truth or falsity of the allegations of Paragraph 83, and therefore denies them.

84.  LULAC lacks sufficient information to form a belief about the truth or falsity of the allegations of Paragraph 84, and therefore denies them.

85.  LULAC admits that Senator Alex Padilla won an election against Mark Meuser in 2022 and that he is Hispanic.

86.  LULAC admits that Governor Gavin Newsom won an election against Brian Dahle in 2022.

87.  Paragraph 87 contains legal contentions, characterizations, conclusions, and opinions to which no response is required. To the extent a response is required, LULAC lacks sufficient information to form a belief about the truth or falsity of the allegations of Paragraph 87, and therefore denies them.

88.  LULAC lacks sufficient information to form a belief about the truth or falsity of the allegations of Paragraph 88, and therefore denies them, other than admitting that the current senior Senator for the State of California and the current Insurance Commissioner are Hispanic.

89.  LULAC lacks sufficient information to form a belief about the truth or falsity of the allegations of Paragraph 89, and therefore denies them.

90.  LULAC lacks sufficient information to form a belief about the truth or falsity of the allegations of Paragraph 90, and therefore denies them.

91.  LULAC lacks sufficient information to form a belief about the truth or falsity of the allegations of Paragraph 91, and therefore denies them.

92.  LULAC lacks sufficient information to form a belief about the truth or falsity of the allegations of Paragraph 92, and therefore denies them.

93.  Paragraph 93 contains legal contentions, characterizations, conclusions, and opinions to which no response is required. To the extent a response is required, LULAC denies the allegations of Paragraph 93.

94.  Paragraph 94 purports to reallege and incorporate by reference all prior paragraphs of the Complaint. LULAC therefore incorporates by reference its responses to each preceding paragraph.

95.  Paragraph 95 contains legal contentions, characterizations, conclusions, and opinions to which no response is required. To the extent a response is required, LULAC denies the allegations of Paragraph 95.

96.  Paragraph 96 purports to quote a press release from Defendants. LULAC refers to this alleged press release for its full and complete contents, and denies anything inconsistent therewith. In all other respects, LULAC denies the allegations of Paragraph 96.

97.  Paragraph 97 purports to quote comments from "[t]he consultant who drew the lines." LULAC refers to these alleged contents for their full and complete contents, and denies anything inconsistent therewith. In all other respects, LULAC denies the allegations of Paragraph 97.

98.  On information and belief, LULAC denies the allegations of Paragraph 98.

99.  Paragraph 99 contains legal contentions, characterizations, conclusions, and opinions to which no response is required. To the extent a response is required, LULAC lacks sufficient information to form a belief about the truth or falsity of the allegations in Paragraph 99, and therefore denies them.

100.  Paragraph 100 contains legal contentions, characterizations, conclusions, and opinions to which no response is required.

101.  Paragraph 101 contains legal contentions, characterizations, conclusions, and opinions to which no response is required. Paragraph 101 also purports to reference comments from the "consultant who drew the Proposition 50 map." LULAC refers to these alleged contents for their full and complete contents, and denies anything inconsistent therewith. In all other respects, LULAC denies the allegations of Paragraph 101.

102.  Paragraph 102 contains legal contentions, characterizations, conclusions, and opinions to which no response is required. To the extent a response is required, LULAC denies the allegations of Paragraph 102.

103.  Paragraph 103 purports to cite the 2020 Census, and LULAC therefore refers to the 2020 Census results for their full and complete contents, and denies anything inconsistent therewith.

104. LULAC lacks sufficient information to form a belief about the truth or falsity of the allegations of Paragraph 104, and therefore denies them.

105. Paragraph 105 contains legal contentions, characterizations, conclusions, and opinions to which no response is required. To the extent a response is required, LULAC lacks sufficient information to form a belief about the truth or falsity of the allegations of Paragraph 105, and therefore denies them.

106. Paragraph 106 contains legal contentions, characterizations, conclusions, and opinions to which no response is required. To the extent a response is required, LULAC denies the allegations of Paragraph 106.

107. Paragraph 107 contains legal contentions, characterizations, conclusions, and opinions to which no response is required. To the extent a response is required, LULAC lacks sufficient information to form a belief about the truth or falsity of the allegations of Paragraph 107, and therefore denies them.

108. LULAC lacks sufficient information to form a belief about the truth or falsity of the allegations of Paragraph 108, and therefore denies them.

109. Paragraph 109 contains legal contentions, characterizations, conclusions, and opinions to which no response is required. To the extent a response is required, LULAC denies the allegations of Paragraph 109.

110. Paragraph 110 contains legal contentions, characterizations, conclusions, and opinions to which no response is required. To the extent a response is required, LULAC denies that Plaintiffs are entitled to any of the relief they seek.

111. Paragraph 111 contains legal contentions, characterizations, conclusions, and opinions to which no response is required. To the extent a response is required, LULAC denies that Plaintiffs are entitled to attorney fees.

112. Paragraph 112 purports to reallege and incorporate by reference all prior paragraphs of the Complaint. LULAC therefore incorporates by reference its responses to each preceding paragraph.

PROPOSED ANSWER TO COMPLAINT

113.  Paragraph 113 contains legal contentions, characterizations, conclusions, and opinions to which no response is required. To the extent a response is required, LULAC states that Paragraph 113 purports to quote portions of various legal authorities, and LULAC therefore refers to those authorities for their full and complete contents, and denies anything inconsistent therewith.

114.  Paragraph 114 contains legal contentions, characterizations, conclusions, and opinions to which no response is required. To the extent a response is required, LULAC states that Paragraph 114 purports to quote portions of various legal authorities, and LULAC therefore refers to those authorities for their full and complete contents, and denies anything inconsistent therewith.

115.  Paragraph 115 contains legal contentions, characterizations, conclusions, and opinions to which no response is required. To the extent a response is required, LULAC denies the allegations of Paragraph 115.

116.  Paragraph 116 contains legal contentions, characterizations, conclusions, and opinions to which no response is required. To the extent a response is required, LULAC denies the allegations of Paragraph 116.

117.  Paragraph 117 contains legal contentions, characterizations, conclusions, and opinions to which no response is required. To the extent a response is required, LULAC denies the allegations of Paragraph 117.

118.  Paragraph 118 contains legal contentions, characterizations, conclusions, and opinions to which no response is required. To the extent a response is required, LULAC denies that Plaintiffs are entitled to any of the relief they seek.

119.  Paragraph 119 contains legal contentions, characterizations, conclusions, and opinions to which no response is required. To the extent a response is required, LULAC denies that Plaintiffs are entitled to attorney fees.

120.  Paragraph 120 purports to reallege and incorporate by reference all prior paragraphs of the Complaint. LULAC therefore incorporates by reference its responses to each preceding paragraph.

121.  Paragraph 121 contains legal contentions, characterizations, conclusions, and opinions to which no response is required. To the extent a response is required, LULAC denies the allegations of Paragraph 121.

122.  LULAC lacks sufficient information to form a belief about the truth or falsity of the allegations of Paragraph 122, and therefore denies them.

123.  LULAC lacks sufficient information to form a belief about the truth or falsity of the allegations of Paragraph 123, and therefore denies them.

124.  Paragraph 124 contains legal contentions, characterizations, conclusions, and opinions to which no response is required. To the extent a response is required, LULAC denies the allegations of Paragraph 124.

125.  Paragraph 125 contains legal contentions, characterizations, conclusions, and opinions to which no response is required. To the extent a response is required, LULAC denies that Plaintiffs are entitled to any of the relief they seek.

126.  Paragraph 126 contains legal contentions, characterizations, conclusions, and opinions to which no response is required. To the extent a response is required, LULAC denies that Plaintiffs are entitled to attorney fees.

PROPOSED ANSWER TO COMPLAINT

Dated: November 15, 2025          Respectfully submitted,

*/s/ Sean O. Morris*
**ARNOLD & PORTER KAYE SCHOLER LLP**
SEAN O. MORRIS (SBN 200368)
Sean.Morris@arnoldporter.com
777 South Figueroa Street
44th Floor
Los Angeles, CA  90017
T: (213) 243-4000
F: (213) 243-4199

JOHN A. FREEDMAN[*]
John.Freedman@arnoldporter.com
601 Massachusetts Ave, NW
Washington, DC  20001
T: (202) 942-5000
F: (202) 942-5999

**DEMOCRACY DEFENDERS ACTION**
NORMAN L. EISEN[*]
TIANNA MAYS[*]
SOFIA FERNANDEZ GOLD[*]
JACOB KOVACS-GOODMAN[*]
norman@democracydefenders.org
tianna@democracydefenders.org
sofia@democracydefenders.org
jacob@democracydefenders.org
600 Pennsylvania Ave SE, Unit 15180
Washington, DC 20003
T: (202) 594-9958

**JUSTICE LEGAL STRATEGIES PLLC**
JON M. GREENBAUM (SBN 166733)
jgreenbaum@justicels.com
P.O. Box 27015
Washington, DC 20038
T: (202) 601-8678
*Counsel for Proposed Intervenor-Defendant*
*League of United Latin American Citizens*
*[*]Application for admission pro hac vice forthcoming*

- 22 -