Sonni Waknin
CA State Bar No. 335337
6417 N Figueroa St, #10
Los Angeles, CA 90042
732-610-1283
sonniwaknin@gmail.com

Chad W. Dunn *
Brazil & Dunn
1900 Pearl Street
Austin, TX 78705
(512) 717-9822
chad@brazilanddunn.com

Xavier Becerra
CA State Bar No. 118517
108 W. 2nd Street, #310
Los Angeles, CA 90012
310-924-9310
Scheduling.becerra@gmail.com

*Pro Hac Vice application forthcoming

Counsel for Proposed Cervantes Intervenor-Defendants

# UNITED STATES DISTRICT COURT
# CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| DAVID TANGIPA; ERIC CHING; SAUL AYON; PETER HERNANDEZ; ROXANNE HOGE; JOEL GUITERREZ CAMPOS; SOLOMON VERDUZCO; PAUL RAMIREZ; JANE ORTIZ-WILSON; VERNON COSTA; RACHEL GUNTHER; DOUG BUCHANAN; SAYRS MORRIS; MIKE NETTER; CHRISTINA RAUGHTON; KRISTI HAYS; JAMES REID; MICHAEL TARDIF; ALEX GALICIA; AND CALIFORNIA REPUBLICAN PARTY, <br><br> Plaintiff, <br><br> vs. <br><br> GAVIN NEWSOM, IN HIS OFFICIAL CAPACITY AS THE GOVERNOR OF CALIFORNIA; SHIRLEY WEBER, IN HER OFFICIAL CAPACITY AS CALIFORNIA SECRETARY OF STATE, <br><br> Defendant | Case No.: 2:25-cv-10616 <br><br> PROPOSED CERVANTES INTERVENOR-DEFENDANTS' MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT OF THEIR MOTION TO INTERVENE |

## MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT OF PROPOSED CERVANTES INTERVENOR-DEFENDANTS' OPPOSED MOTION TO INTERVENE

# **TABLE OF CONTENTS**

TABLE OF AUTHORITIES ........................................................................4

INTRODUCTION.......................................................................................6

BACKGROUND.........................................................................................9

LEGAL STANDARD ................................................................................11

ARGUMENT ............................................................................................12

I.    Cervantes Intervenors can intervene as a matter of right.............................12

    a.    Cervantes Intervenors Motion to Intervene is Timely .............................12

    b.    Cervantes Intervenors have a significant protectable interest relating to the subject of the action. ...............................................................................14

    c.    The disposition of this matter may impair or impede Intervenors' interests. ....................................................................................................16

    d.    The existing parties do not adequately represent the interests of Intervenors ...............................................................................................17

II.    In the alternative, Cervantes Intervenors should be granted permissive intervention ..................................................................................................19

CONCLUSION ........................................................................................21

ATTESTATION PURSUANT TO LOCAL RULE 5-4.3.4 ...................................22

CERTIFICATE OF SERVICE..................................................................22

# TABLE OF AUTHORITIES

**Cases**

*Agric. Mortg. Corp. v. Assemi Bros.*, LLC,
     783 F. Supp. 3d 1250 (E.D. Cal. 2025) ..............................................13

*Allen v. Oakland Police Officers Ass'n,*
     825 F. App'x 450 (9th Cir. 2020) .....................................................22

*Arakaki v. Cayetano,*
     324 F.3d 1078 (9th Cir. 2003) ...................................................13, 19

*Berger v. North Carolina State Conference of the NAACP,*
     597 U.S. (2022) .............................................................................20

*Biological Diversity v. Berg,*
     268 F.3d 810 (9th Cir. 2001) ...........................................................18

*Brumback v. Ferguson,*
     343 F.R.D. 335 (E.D. Wash. 2022) .......................................14, 21, 22

*Callahan v. Brookdale Senior Living Cmtys.,* Inc.,
     42 F.4th 1013 (9th Cir. 2022) .........................................................13

*Chula Vista Citizens for Jobs and Fair Competition v.* Norris,
     782 F.3d 520 (9th Cir. 2015) ...........................................................16

*County of Fresno v. Andrus,*
     622 F.2d 436 (9th Cir. 1980) ...........................................................16

*Dep't of Toxic Substances Control v. Commercial Realty Projects*, Inc., 309 F.3d
     1113 (9th Cir. 2002) .......................................................................14

*Donnelly v. Glickman,*
     159 F.3d 405 (9th Cir, 1998) .....................................................15, 16

*Forest Res. Council v. Glickman,*
     82 F.3d 825 (9th Cir. 1996) .............................................................14

*Freedom from Religion Found., Inc. v. Geithner,*
     644 F.3d 836 (9th Cir. 2011) ......................................................14, 21

*Fund for Animals, Inc. v. Norton,*
     322 F.3d 728 (D.C. Cir. 2003) .........................................................19

*Greene v. United States,*
     996 F.2d 973 (9th Cir. 1993) ...........................................................16

*Kalbers v. United States Dept. Of Justice*,
    22 F.4th 816 (9th Cir. 2021)...........................................................................15

*Kleissler v. United States Forest Serv.*,
    157 F.3d 964 (3d Cir. 1998)............................................................................19

*Nomadix, Inc. v. Hewlett-Packard Company*,
    No. CV 09-08441 DDP (VBKx), 2011 WL 13128982
    (C.D. Cal. May 4, 2011)............................................................................15, 22

*Novalpina Capital Partners I GP S.A.R.L v. Read*,
    149 F.4th 1092 (9th Cir. 2025)......................................................................13

*Paher v. Cegavske*,
    No. 3:20-cv-0243, 2020 WL 2042365 (D. Nev. Apr. 29, 2020).....................17

*SEC v. Taing*,
    No. 3:24-cv-02179-CAB-VET, 2025 U.S. Dist. LEXIS 73628
    (S.D. Cal. Apr. 17, 2025)...............................................................................19

*Trbovich v. United Mine Workers*,
    404 U.S. 528 (1972).......................................................................................20

*United States v. Alisal Water Corp.*,
    370 F.3d 915 (9th Cir. 2004).........................................................................14

*United States v. City of Los Angeles*,
    288 F.3d 391 (9th Cir. 2002)....................................................................13, 18

*W. States Trucking Ass'n v. Becerra*,
    No. 5:19-cv-02447-CAS (KKx), 2020 U.S. Dist. LEXIS 36563
    (C.D. Cal. Mar. 2, 2020)................................................................................14

**Rules**

Fed. R. Civ. P. 24 ...............................................................................passim

# **INTRODUCTION**

This year, President Trump and the United States Department of Justice demanded that Texas engage in mid-decade redistricting of their congressional map to add more "Republican" seats to Congress and to do so by identifying the racial makeup of districts and reconfigure as many as possible with single race majorities.  *See* Exhibit 1 (Letter from Department of Justice "DOJ").  DOJ ordered Texas to reconfigure four of its districts (Texas 9, 18, 29, 33) on the allegation that they were "unconstitutional coalition districts."[1]  In response, Governor Abbott, citing the DOJ's concerns, called the Legislature into session to consider a new plan.  The Texas Legislature quickly redrew their map and made the racial changes requested by DOJ despite strong opposition from lawmakers and state residents. (Other Republican led states have or are considering changing their congressional plans.[2]) A federal three-judge court sitting in El Paso, Texas held a nine-day evidentiary hearing September 3-12 and is considering whether to grant a preliminary injunction against the use of the new plan in Texas' upcoming March Primary Election and November General Election.[3]

---

[1] One of the districts, CD 29, is actually majority Latino/a.
[2] David A. Lieb, *More states are moving to redraw US House districts after Trump urged it for partisan gain*, Associated Press (Oct. 6, 2025), https://apnews.com/article/redistricting-gerrymandering-congress-trump-0af8561b1670032fae3e1d2aec7905f0.
[3] Undersigned counsel Sonni Waknin and Chad W. Dunn represent the Brooks Plaintiffs in the Texas case and participated in presentation of evidence at the recent preliminary injunction hearing. Both Ms. Waknin and Mr. Dunn hold appointments at the UCLA Voting Rights Project, which is educational and clinical program of the

Governor Newsom and the California Legislature responded to the demand of the President and the corresponding redraw by Texas by proposing to California's voters that California impose a new congressional redistricting plan. The Governor, as well as other state leaders, advocated for the plan as a political response to the new maps adopted by Texas and others.[4] This ballot initiative, known as Proposition 50, gave millions of voters in California the choice of how they wanted their maps to look. Voters overwhelmingly chose to adopt a new map.

The California Republican Party, joined by the Department of Justice, now sue to prevent the California map from being used in its June Primary Election and November General Election.  Doing so would override the will of California voters expressed in the recent election.  Proposed intervenors are among the very voters that supported Proposition 50 and the map it would put into place. This lawsuit threatens their clear interest as residents in the new districts that would have been able to elect Democratic candidates to represent them in Congress. As of now, no individual voters who supported Proposition 50 are currently involved in this suit. While other Defendants are government officials or partisan organizations,

---

Schools of Law and Public Affairs at UCLA. Both have extensive experience litigating voting rights cases.  Mr. Dunn has been counsel in numerous three-judge court matters and trials.  Xavier Becerra, also undersigned counsel, among other experience, is the former Attorney General of California and has extensive experience in state and federal court on matters of great concern.

[4] Letter from Gavin Newsom, Governor of Cal., to Donald J. Trump, President of the U.S. (Aug. 11, 2025), https://htv-prod-media.s3.amazonaws.com/files/newsom-trump-letter-689a0a50d88e9.pdf.

proposed intervenors are residents and voters whose ability to choose their

congressional representative will be directly affected by the injunction that

Plaintiffs seek. Proposed Cervantes Intervenor-Defendants not only voted for but

will also be affected by any failure to implement the map promised by Proposition

50. One other group has sought intervention as Defendants, LULAC, which will

argue the positions of their organization and its members. The Cervantes Proposed

Intervenor-Defendants argue solely on their personal behalf in their interest as

voters and citizens of the State of California. Their interests are related to the

central claims in this case and intervention is required as a matter of law. *See* Fed.

R. Civ. P. 24 (a)(2).

Cervantes Intervenors also meet the requirements of permissive intervention.

This Motion is timely filed as the lawsuit was filed only 12 days ago on November

5, 2025. Proposed intervenor's defense is directly related to the protection and

lawfulness of Proposition 50, a matter in which they have a unique stake. As the

suit is still in its early stages, there is no prejudice against the parties. Proposed

Cervantes Intervenor-Defendants will abide by the current deadlines as ordered in

this case. Proposed Cervantes Intervenor-Defendants will, however, encourage the

Court to hold an evidentiary hearing and order some reasonable disclosures

between the parties. Nevertheless, should the Court maintain without adjustment

to the current schedule, Proposed Cervantes Intervenor-Defendants will comply.

PROPOSED CERVANTES INTERVENOR-DEFENDANTS' MEMORANDUM OF POINTS AND
AUTHORITIES IN SUPPORT OF THEIR MOTION TO INTERVENE - 8

This Court should grant the Motion to Intervene.

## **BACKGROUND**

Cervantes Intervenors are Clarissa Cervantes, Antonio Madrigal, Jose Antonio Moreno Jr., Dr. Ines Ruiz- Huston, Dr. Gary Segura, and Isabel Solis.

Ms. Cervantes is a registered voter in Riverside County. Ex. A at 1-2. She is a Democrat and a current city council representative for Riverside's Ward 2. She resides in Congressional District (CD) 39 under both the 2022 California Congressional Map and the 2025 Proposition 50 map. Ms. Cervantes advocated for Proposition 50 for the partisan benefits of the proposition. She intends to vote in future elections within CD 39 and believes her vote for Proposition 50 will be unlawfully denied and she will have less representation if this suit is successful. *Id.*

Mr. Antonio Madrigal is a registered voter in Stanislaus County and Hispanic. Ex. A at 3-4. He resides in CD 13 under the 2022 California Congressional Map and the 2025 Proposition 50 map. Mr. Madrigal advocated for Proposition 50 for the partisan benefits of the proposition. *Id.* Mr. Madrigal voted for Proposition 50, intends to vote in future congressional elections and believes his vote for Proposition 50 will be unlawfully denied and he will have less representation if this suit is successful. *Id.*

Dr. Ines Ruiz-Huston is Latina and a registered voter in San Joaquin County. Ex. A at 5-6. She resided in CD 9 under the 2022 California Congressional Map

and in CD 9 under the Proposition 50 map. Dr. Ruiz-Huston advocated for Proposition 50 for the partisan benefits of the propositions. *Id.* Mr. Ruiz-Huston voted for Proposition 50, intends to vote in future congressional elections and believes her vote for Proposition 50 will be unlawfully denied and she will have less representation if this suit is successful. *Id.*

Ms. Isabel Solis is Latina and a registered voter in Imperial County. Ex. A at 7-8. She resided in CD 25 under the 2022 California Congressional Map and in CD 25 under the Proposition 50 map. *Id.* Ms. Solis advocated for Proposition 50 for the partisan benefits of the propositions. She voted for Proposition 50, intends to vote in future congressional elections and believes her vote for Proposition 50 will be unlawfully denied and she will have less representation if this suit is successful. *Id.*

Mr. Gary Segura is Latino and a registered voter in Riverside County. Ex. A 11-12. He resided in CD 41 under the 2022 California Congressional Map and in CD 25 under the Proposition 50 map. *Id.* Dr. Segura advocated for Proposition 50 for the partisan benefits of the propositions. Mr. Segura voted for Proposition 50, intends to vote in future congressional elections and believes his vote for Proposition 50 will be unlawfully denied and he will have less representation if this suit is successful. *Id.*

Mr. Jose Antonio Moreno Jr. is Latino and a registered voter in Stanislaus County. Ex. A at 9-10.  He resided in CD 5 under the 2022 California

Congressional Map and in CD 5 under the Proposition 50 map. *Id.* Mr. Moreno advocated for Proposition 50 for the partisan benefits of the proposition. He believes his vote for Proposition 50 will be lawfully denied and he will have less representation if this suit is successful. Mr. Moreno plans to vote in future election within CD 5. *Id.*

Proposed Cervantes Intervenor-Defendants have specific and unique interests as partisan voters who are racial minorities and who reside in districts Plaintiffs allege are racially gerrymandered. Consistent with these interests, they seek to intervene in the current suit.

## **LEGAL STANDARD**

Rule 24 allows a party to intervene with permission of the Court. *See* Fed. R. Civ. P. 24. Requests for intervention made pursuant to Rule 24 are traditionally liberally construed. *See Novalpina Capital Partners I GP S.A.R.L v. Read*, 149 F.4th 1092, 1101 (9th Cir. 2025) (quoting *Arakaki v. Cayetano*, 324 F.3d 1078, 1083 (9th Cir. 2003)). Rule 24 (a)(2) governs intervention as a matter of right. A party may intervene as a matter of right if it establishes that:

> (1) its motion is timely; (2) it has a significantly protectable interest relating to the subject of the action; (3) it is so situated that the disposition of the action may as a practical matter impair or impede its ability to protect that interest; and (4) its interest is inadequately represented by the parties to the action.

*Fed. Agric. Mortg. Corp. v. Assemi Bros.*, LLC, 783 F. Supp. 3d 1250, 1255 (E.D. Cal. 2025). Courts construe Rule 24(a) "broadly in favor of proposed intervenors." *Callahan v. Brookdale Senior Living Cmtys.*, Inc., 42 F.4th 1013, 1020 (9th Cir. 2022) (quoting *United States v. City of Los Angeles*, 288 F.3d 391, 397 (9th Cir. 2002).

Rules 24(b) allows for permissive intervention at the discretion of the court. A party requesting permissive intervention must satisfy three factors: "(1) an independent ground for jurisdiction; (2) a timely motion; and (3) a common question of law and fact between the movant's claim or defense and the main action." *Brumback v. Ferguson,* 343 F.R.D. 335, 345 (E.D. Wash. 2022) (quoting *Freedom from Religion Found., Inc. v. Geithner*, 644 F.3d 836,843 (9th Cir. 2011). Intervention should not "unduly delay or prejudice the adjudication of the original parties' rights." *Id.*

## **ARGUMENT**

### I.     Cervantes Intervenors can intervene as a matter of right

### A. Cervantes Intervenors Motion to Intervene is timely.

Cervantes Intervenor's Motion to Intervene is timely. Courts examine three factors when determining whether intervention is timely: "(1) the stage of the proceeding at which an applicant seeks to intervene; (2) the prejudice to other parties; and (3) the reason for and length of the delay." *United States v. Alisal*

*Water Corp.*, 370 F.3d 915, 921 (9th Cir. 2004) (quoting *Cal. Dep't of Toxic Substances Control v. Commercial Realty Projects*, Inc., 309 F.3d 1113, 1119 (9th Cir. 2002)). "A motion to intervene is generally considered timely if it is filed soon after a complaint, prior to any substantive proceedings." See *W. States Trucking Ass'n v. Becerra*, No. 5:19-cv-02447-CAS (KKx), 2020 U.S. Dist. LEXIS 36563, at *3-4 (C.D. Cal. Mar. 2, 2020) (citing *Nw. Forest Res. Council v. Glickman*, 82 F.3d 825, 837 (9th Cir. 1996)).

Here, Cervantes Intervenors move to intervene only twelve days after the complaint was filed. This suit is still in its earliest stages. No trial date has been set, no discovery scheduling order has been issued, nor have any substantive proceedings occurred. The U.S. Department of Justice and other intervenors were just added to the case. Also, it is common for there to be multiple sets of parties in redistricting cases of this nature. As such, there would be no prejudice against other parties if this intervention was granted. Further, Cervantes Intervenors agree to abide by any deadlines the Court has or will set, including those currently agreed to regarding any preliminary injunction briefing. With this agreement in place, there should be no prejudice to the existing parties. *See Nomadix, Inc. v. Hewlett-Packard Company*, No. CV 09-08441 DDP (VBKx), 2011 WL 13128982, at *2 (C.D. Cal. May 4, 2011) (finding that an intervenors' agreement to abide by an existing scheduling order helps rebut claims that intervention was not timely).

## B. Cervantes Intervenors have a significant protectable interest relating to the subject of the action.

Cervantes Intervenors have a significant protectable interest relating to the subject of this current suit.  A party has a significant protectable interest when: "(1) it asserts an interest that is protected under some law, and (2) there is a relationship between its legally protected interest and the plaintiff's claims." *Kalbers v. United States Dept. Of Justice*, 22 F.4th 816, 827-28 (9th Cir. 2021) (quoting *Donnelly v. Glickman*, 159 F.3d 405, 409 (9th Cir. 1998)). If the "resolution of the plaintiff's claims actually will affect the applicant" the relationship requirement is "generally satisfie[d]." *Donnelly*, 159 F.3d at 410. Nevertheless, there is no "clear-cut or bright-line rule" as "no specific legal or equitable interest need to be established." *City of Los Angeles*, 288 F.3d at 398 (quoting *Greene v. United States*, 996 F.2d 973, 976 (9th Cir. 1993)). Courts are instead directed to conduct a "practical" inquiry aimed at consolidating "as many apparently concerned persons as is compatible with efficiency and due process" as possible in a single lawsuit. *Id.* (quoting *County of Fresno v. Andrus*, 622 F.2d 436, 438 (9th Cir. 1980)).

Here, Cervantes Intervenors can identify several protectable interests implicated by the current suit. First, all are registered voters in the State of California who advocated for and voted in support of Proposition 50 and the partisan redistricting that was promised. Cervantes Intervenors supported the

measure and with the overwhelming victory achieved on election day, have an interest in their vote being lawfully counted and enforced. *Cf. Chula Vista Citizens for Jobs and Fair Competition v.* Norris, 782 F.3d 520, 530-31 (9th Cir. 2015) (recognizing that California voters play a "quasi-legislative role in the initiative process").

Further, each individual intervenor resides in a district challenged by Plaintiffs as racial gerrymanders. The Cervantes Intervenors are registered voters and planned on supporting a Democrat candidate for the new CDs. For example, Intervenor-Defendant Mr. Segura previously resided in Congressional District 41 (CD 41) represented by Republican Ken Calvert and due to Proposition 50, which he voted for, is now residing in CD 25, a more democratic district which more closely aligns with his partisan interests. *See Paher v. Cegavske*, No. 3:20-cv-0243, 2020 WL 2042365, at *2 (D. Nev. Apr. 29, 2020) (granting a motion to intervene based on a parties interest in obtaining electoral outcomes in line with their partisan preferences). As another example, Candidate for California State Assembly, Ms. Cervantes has a particular interest in seeing the democratically mandated will of the California electorate honored.

Lastly, Cervantes Intervenors have an interest in seeing the Constitution properly applied to the map enacted by Proposition 50. All have a special interest in ensuring that erroneous allegations of racial gerrymandering are not allowed to

undo the partisan objectives voted on by the state electorate. Cervantes Intervenors personally experienced and are well versed in the political background and history of minority voting rights and suffrage in California as well as throughout the nation; Cervantes Intervenors know all too well how racial gerrymandering has been used to disenfranchise racial minorities. All understand the severity of racial discrimination in redistricting and have an immense interest in preventing the misuse of the Equal Protection Clause and Constitution broadly, to support baseless accusations of racial gerrymandering by Plaintiffs.

**C. The disposition of this matter may impair or impede Intervenors interests.**

The disposition of this suit will impair and impede the Cervantes Intervenors protected interest, outlined above. Parties need only show that a disposition "may impair rights as a practical matter rather than whether a decree will necessarily impair them." *City of Los Angeles*, 288 F.3d at 401 (internal quotations omitted). Generally, if a party "would be substantially affected in a practical sense by the determination made in an action, he should, as a general rule, be entitled to intervene." *Sw. Ctr. for Biological Diversity v. Berg*, 268 F.3d 810, 822 (9th Cir. 2001) (quoting Fed. R. Civ. P. 24 advisory committee's notes to the 1966 Amendment).

Cervantes Intervenors' interests in having their electoral will, as expressed by the voters which formed a majority of the will of the electorate could be undone by the ruling in this suit.  Further, Cervantes Intervenors have an interest in remaining in the district provided to them by Proposition 50. Changing the promised maps could impede their ability to do so. Lastly, Cervantes Intervenors' interest and ability to ensure the Fourteenth and Fifteenth Amendments are properly applied may be impaired by their absence in this case.

**D. The existing parties do not adequately represent the interests of Intervenors.**

None of the existing parties adequately represent the specific interests of Cervantes Intervenors. The Ninth Circuit considers the following factors when determining the adequacy of representation: "(1) whether the interest of a present party is such that it will undoubtedly make all of a proposed intervenor's arguments; (2) whether the present party is capable and willing to make such arguments; and (3) whether a proposed intervenor would offer any necessary elements to the proceeding that other parties would neglect." *SEC v. Taing*, No. 3:24-cv-02179-CAB-VET, 2025 U.S. Dist. LEXIS 73628, at *5 (S.D. Cal. Apr. 17, 2025) (quoting *Arakaki*, 324 F.3d at 1086). This burden is "minimal" and is met if a party "could demonstrate that representations of their interest may be inadequate." *Id*. "Often…governmental entities do not adequately represent the

interests of aspiring intervenors." *Fund for Animals, Inc. v. Norton*, 322 F.3d 728, 736 (D.C. Cir. 2003) (Garland, J.). Although there is a presumption of adequacy when interests of the government and a private party align, "when an agency's views are necessarily colored by its view of the public welfare rather than the more parochial views of a proposed intervenor whose interest is personal to it, the burden is comparatively light." *Kleissler v. United States Forest Serv.*, 157 F.3d 964, 972 (3d Cir. 1998).

Cervantes Intervenors undoubtably meet their burden. Cervantes Intervenors are individual voters, who reside in the congressional districts at issue, who personally advocated for and supported Proposition 50 and whose representational interests will be directly impacted by the outcome of this suit.  It is not clear that the current defendant parties, the DCCC and California government officials, will or are willing to make all of Cervantes Intervenors' individual arguments. Both represent either government or partisan entities, while Cervantes Intervenors are individuals personally affected by any change in map and can provide direct arguments based on personal experience and the peculiarities of their district and communities of interest.   Cervantes Intervenors personal stake in the preservation of their specific congressional district and personal representative interests, rather that the broad overarching preservation of the governmental or organization goals, mean that their interests may not be adequately represented. *See Berger*, 597 U.S.

at 195–96 (allowing intervention when an intervenors' interest was not "identical" to the defendant's, even if the intervenor's interest was "related" to the defendant's.) (citing *Trbovich v. United Mine Workers*, 404 U.S. 528, 538–39 (1972)).

As individual voters who reside in districts directly affected by the outcome of this case, they face uniquely high stakes here and they are not adequately represented by current parties who represent institutional or organizational interests. Cervantes Intervenors' counsel have extensive experience in federal law pertaining to voting and redistricting.  The undersigned's participation will aid the Court's resolution of this matter.

## II.     In the alternative, Cervantes Intervenors should be granted permissive intervention

Nevertheless, Cervantes Intervenors should be granted permissive intervention. A party requesting permissive intervention must satisfy three factors: "(1) an independent ground for jurisdiction; (2) a timely motion; and (3) a common question of law and fact between the movant's claim or defense and the main action." *Brumback* 343 F.R.D. at 345 (quoting *Freedom from Religion Found*., 644 F.3d at 843). Intervention should not "unduly delay or prejudice the adjudication of the original parties rights." *Id*.

First, Cervantes Intervenors do not seek to add any new claims, thus the "independent jurisdictional grounds requirement" does not apply. *See Freedom from Religion Found.*, 644 F.3d at 844. ("Where the proposed intervenor in a federal-question case brings no new claims, the jurisdictional concern drops away."). Second, as discussed above, Intervenors motion is timely. Cervantes Intervenors satisfy the three relevant factors of timeliness: "stage of litigation, prejudice to parties, and reason for delay." *Allen v. Oakland Police Officers Ass'n*, 825 F. App'x 450, 453 (9th Cir. 2020). As mentioned above, this matter is still in very early stages. Even under the shortened schedule, Dkt. 38, no substantive briefing has not been completed. Cervantes Intervenors plan to abide by all current deadlines, eliminating any prejudice to current parties. *See Nomadix*, 2011 WL 13128982, at *2. Cervantes Intervenors share a common question of law and fact with the Defendants in this matter. As set forth in their proposed Answer, Cervantes Intervenors affirmative defenses directly relate to the main issue of the suit, whether or not the map instituted by Proposition 50 violated the constitution by implementing a racial gerrymander. *See Brumback* 343 F.R.D. at 346.

Finally, there would be no undue prejudice or delay in the adjudication of the rights of the original parties to this case. As mentioned, this suit is still in early stages, and no substantive briefing or hearings have yet occurred. There is ample time before the June election for the Court to orderly consider this case and issue a

ruling with sufficient time for the losing party to appeal. While current briefing

deadlines are quickly approaching, Cervantes Intervenors agree to abide by all

such deadlines.

## **CONCLUSION**

Cervantes Intervenors respectfully request that this Court grant its motion to

intervene as a matter of right, or alternatively, grant Cervantes Intervenors

permissive intervention.

DATED: November 17, 2025

Respectfully submitted:

/s/Sonni Waknin
Sonni Waknin
California Bar # 335337
6417 N Figueroa St, #10
Los Angeles, CA 90042
732-610-1283
sonniwaknin@gmail.com

Chad W. Dunn *
Brazil & Dunn
1900 Pearl Street
Austin, TX 78705
(512) 717-9822
chad@brazilanddunn.com

Xavier Becerra
CA State Bar No. 118517
108 W. 2nd Street, #310
Los Angeles, CA 90012
310-924-9310
Scheduling.becerra@gmail.com

*Pro Hac Vice application forthcoming

Counsel for Proposed Cervantes Intervenor-Defendants

## ATTESTATION PURSUANT TO LOCAL RULE 5-4.3.4

This certifies, pursuant to Local Rule 5-4.3.4, that all signatories to this document concur in its content and have authorized this filing.

*/s/Sonni Waknin*
Sonni Waknin

## CERTIFICATE OF SERVICE

I certify that the foregoing was served on all counsel of record on November 17, 2025, via the Court's CM/ECF system.

*/s/Sonni Waknin*
Sonni Waknin