ROB BONTA
Attorney General of California
ANYA M. BINSACCA
Supervising Deputy Attorney General
JENNIFER ROSENBERG
RYAN EASON
DAVID GREEN
IRAM HASAN
S. CLINTON WOODS
JENNIFER E. ROSENBERG
Deputy Attorneys General
NICHOLAS R. GREEN
Special Litigation Supervisor
State Bar No. 323959
 455 Golden Gate Avenue, Suite 11000
 San Francisco, CA  94102-7004
 Telephone:  (415) 510-4400
 Fax:  (415) 703–5480
 E-mail:  Nicholas.Green@doj.ca.gov
*Attorneys for Defendants California Governor Gavin Newsom and California
Secretary of State Shirley Weber*

# UNITED STATES DISTRICT COURT

# CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| DAVID TANGIPA, et al.,<br><br>     Plaintiffs,<br><br>     v.<br><br>GAVIN NEWSOM, in his official capacity as the Governor of California, et al.,<br><br>     Defendants. | Case No: 2:25-cv-10616<br><br>**DEFENDANTS' AND DEFENDANT-INTERVENORS' *EX PARTE* JOINT APPLICATION TO MODIFY PRELIMINARY INJUNCTION BRIEFING AND HEARING SCHEDULE** |

## NOTICE OF *EX PARTE* APPLICATION & *EX PARTE* APPLICATION TO MODIFY THE PRELIMINARY INJUNCTION BRIEFING AND HEARING SCHEDULE

Defendants Gavin Newsom and Shirley Weber, in their official capacities as Governor and Secretary of State of California, respectively, Defendant-Intervenor DCCC, and Proposed Defendant-Intervenors Clarissa Cervantes, Antonio Madrigal, Jose Antonio Moreno Jr., Dr. Ines Ruiz-Huston, Dr. Gary Segura, and Isabel Solis (collectively, "Defendants") jointly request that this Court amend the current schedule, ECF No. 38, to: (1) extend the briefing deadlines on Plaintiffs' and Plaintiff-Intervenor's motions for preliminary injunction; (2) schedule an evidentiary hearing in January of 2026; and (3) permit limited discovery in advance of the hearing.

In support of their application, Defendants submit and incorporate the attached Memorandum of Points and Authorities.

Pursuant to Local Rule 7-3, counsel for Defendants informed counsel for Plaintiffs and Plaintiff-Intervenor that they planned to file this request with the Court on November 19, 2025. *See* Declaration of Nicholas R. Green, ¶ 3. Based on the responses from counsel for Plaintiffs and Plaintiff-Intervenor, Defendants understand that Plaintiffs and Plaintiff-Intervenor oppose the application. *Id*. at ¶¶ 4–7.

/ / /

/ / /

/ / /

ii

1    Dated: November 19, 2025                Respectfully submitted,

2

3    ROB BONTA                               Lalitha D. Madduri
     Attorney General of California          (CA Bar No. 301236)
4    ANYA M. BINSACCA                        lmadduri@elias.law
     Supervising Deputy Attorney             Christopher D. Dodge*
5    General                                 (DC Bar No. 90011587)
     RYAN EASON                              cdodge@elias.law
6    DAVID GREEN                             Max Accardi*
     IRAM HASAN                              (DC Bar No. 90021259)
7    S. CLINTON WOODS                        maccardi@elias.law
8    JENNIFER E. ROSENBERG                   **ELIAS LAW GROUP LLP**
     Deputy Attorneys General                250 Massachusetts Ave. NW,
9                                            Suite 400
10   */s/ Nicholas R. Green*                 Washington, DC 20001
     NICHOLAS R. GREEN                       T: (202) 968-4652
11   Special Litigation Supervisor           F: (202) 968-4498
12   *Counsel for Defendants*
     *California Governor Gavin*             Abha Khanna*
13   *Newsom and California*                 (WA Bar No. 42612)
     *Secretary of State Shirley*            akhanna@elias.law
14   *Weber*                                 Tyler L. Bishop
15                                           (CA Bar No. 337546)
     tbishop@elias.law
16                                           **ELIAS LAW GROUP LLP**
17                                           1700 Seventh Avenue, Suite 2100
18                                           Seattle, WA 98101
                                             T: (206) 656-0177
19                                           F: (206) 656-0180
20                                           *Counsel for Defendant-Intervenor*
                                             *DCCC*
21                                           * *Admitted pro hac vice*
22

23

24

25

26

27

28

iii

Omar Qureshi
(CA Bar No. 323493)
omar@qureshi.law
Max Schoening
(CA Bar No. 324643)
max@qureshi.law
**QURESHI LAW PC**
700 Flower Street, Suite 1000
Los Angeles, CA 90017
T: (213) 786-3478
F: (213) 277-8989
*Counsel for Defendant-Intervenor
DCCC*
* *Admitted pro hac vice*

Sonni Waknin
CA State Bar No. 335337
6417 N Figueroa Street, #10
Los Angeles, CA 90042
732-610-1283
sonniwaknin@gmail.com

Chad W. Dunn *
Brazil & Dunn
1900 Pearl Street
Austin, TX 78705
(512) 717-9822
chad@brazilanddunn.com

Xavier Becerra
CA State Bar No. 118517
108 W. 2nd Street, #310
Los Angeles, CA 90012
310-924-9310
Scheduling.becerra@gmail.com
*Pro Hac Vice application
forthcoming
Counsel for Cervantes
Intervenor-Defendants*

ii

## <u>MEMORANDUM OF POINTS AND AUTHORITIES</u>

Defendants Gavin Newsom and Shirley Weber, in their official capacities as Governor and Secretary of State of California, respectively; Intervenor-Defendant DCCC; and Proposed Intervenor-Defendants Clarissa Cervantes, Antonio Madrigal, Jose Antonio Moreno Jr., Dr. Ines Ruiz-Huston, Dr. Gary Segura, and Isabel Solis (the "Cervantes Intervenors") (collectively, "Defendants") respectfully request that this Court amend the current schedule, ECF No. 38, to: (1) extend the briefing deadlines on Plaintiffs' and Intervenor-Plaintiff's motions for preliminary injunction; (2) schedule an evidentiary hearing in January of 2026; and (3) permit limited discovery in advance of the hearing.

### BACKGROUND

This case concerns a challenge to the congressional map adopted by a supermajority of the California legislature, and endorsed by California voters, as Proposition 50. Plaintiffs—the California Republican Party and a group of Republican voters and candidates—allege that, notwithstanding the openly partisan motivation behind Proposition 50 to create a significant advantage for Democratic Party candidates in California, the true motivation for Proposition 50 was to "favor Hispanic voters" over other racial or ethnic groups. *See* ECF No. 1 ¶ 1.

Shortly after initiating this case, Plaintiffs filed a motion for a preliminary injunction asking the Court to overrule the California electorate and direct the legislature to use an old congressional map instead. ECF No. 16-1. Plaintiffs' racial gerrymandering claims are, by definition, fact intensive. *See Alexander v. S.C. State Conf. of the NAACP*, 602 U.S. 1, 7 (2024). In their motion for a preliminary injunction, Plaintiffs purport to rely on excerpted remarks from Paul Mitchell, whom they allege drafted a map that became the Proposition 50 map that the Legislature submitted to voters; statements from various California legislators; and detailed reports from two purported experts concerning the new map. ECF No. 16-1 at 9–14.

1

On November 10, DCCC moved to intervene in dense of the Proposition 50 map. ECF No. 20. The Court granted DCCC's intervention two days later. ECF No. 26.

On November 13, the United States moved to intervene as a Plaintiff, ECF No. 28, and filed a separate motion for a preliminary injunction, which purports to introduce new factual evidence and raises arguments that are similar to, but distinct from, arguments in Plaintiffs' motion. *See* ECF No. 29-1.

That same day, the Parties filed stipulations regarding briefing and hearing on the two motions for preliminary injunction. ECF No. 33. Defendant-Intervenor DCCC stipulated only to the agreed-upon briefing schedule; it objected to all other stipulations, including but not limited to stipulations regarding Plaintiffs' preferred timeline for a hearing or professed understanding of the relevant election calendar. *Id*. at 1 n.1.

On November 14, the Court issued an order granting the Parties' proposed briefing schedule and setting a hearing on the preliminary injunction motions for December 3, 2025. ECF No. 38 at 2. The Court indicated that "[t]he time and location of the hearing will be set in a future order." *Id*.

Two more parties have since moved to intervene as Defendants—the Cervantes Intervenors and the League of United Latin American Citizens ("LULAC"). Both sets of proposed intervenors sought expedited briefing and resolution of the motions. *See* ECF Nos. 39, 49. Those motions are currently pending.

On November 18, 2025, a three-judge panel in the Western District of Texas issued a 160-page order preliminarily enjoining Texas's newly enacted congressional map as an unconstitutional racial gerrymander. *League of United Latin American Citizens et al. v. Abbott et al.*, Case No. 21-0259 (W.D. Tex.), ECF No. 1437 (hereinafter "*LULAC*"). In so doing, it evaluated evidence and testimony provided over the course of a nine-day preliminary injunction hearing, including over 2,000 exhibits, eight experts, and 15 fact witnesses.

That same day, counsel for Plaintiff-Intervenor emailed counsel for Defendants with a proposed schedule for the preliminary injunction hearing. *See* Exhibit A (2025.11.18 Email from J. Hamill). Plaintiff-Intervenor's proposal features at least six hours of live witness testimony from three witnesses—Paul Mitchell, and Plaintiffs' purported experts Sean Trende and Thomas Brunell—as well as two hours of oral argument.  The proposal does not take into account any witnesses called by Defendants; Plaintiff-Intervenor's counsel asked Defendants to identify any witnesses whom they might wish to call at the hearing by the following day, two days before Defendants' preliminary injunction oppositions are due. *See id*.

## ARGUMENT

Plaintiffs' and Plaintiff-Intervenors' allegations are uniformly meritless. But contrary to their rushed attempt to push this case through to resolution on a superficial record so that they can "pursue their appellate remedies," ECF No. 33 at 2, the racial gerrymandering claims they have brought are not so simple. As demonstrated by the recent preliminary injunction litigation in Texas, racial gerrymandering claims are fact-intensive and typically involve an extensive evidentiary record, especially where, as here, Plaintiffs seek to preliminarily enjoin a map that will have statewide—and national—implications.

The Court has not yet indicated how long or what type of hearing it intends will take place on December 3, but Defendants respectfully contend that the present schedule will not provide enough time to build a sufficient record to enable the Court to render the necessary findings of fact and conclusions of law on Plaintiffs' and Plaintiff-Intervenor's claims. Plaintiffs' own proposed schedule for the hearing contemplates six hours of witness testimony from three witnesses, followed by two hours of oral argument—which does not even account for any witnesses called by Defendants. While Plaintiff-Intervenor informed Defendants on November 18 that it purports to be proffering live testimony from Paul Mitchell, no declaration or affidavit from Mitchell was submitted with either

preliminary injunction motion, and Defendants have not received any notice of the issuance of a subpoena to secure his testimony. Additionally, Defendants have not had any opportunity to depose Plaintiffs' proffered experts, nor have Defendants seen any evidence that Plaintiffs and Plaintiff-Intervenors intend to introduce during the hearing. And because a Rule 26(f) conference will not have occurred before the December 3 hearing, Defendants and Defendant-Intervenors will have no opportunity to inquire into the factual basis for Plaintiffs' claims—including certified versions of the transcripts they purport to rely upon—and the current schedule provides no opportunity for pre-hearing discovery. *See U.S. Legal Support, Inc. v. Beverly*, 2025 WL 1766348, at *5 (C.D. Cal. Jan. 30, 2025) (granting expedited discovery "ahead of the preliminary injunction hearing"). And because there has been no opportunity to conduct discovery on the current, very abbreviated briefing schedule, Defendants have not even had an opportunity to evaluate Plaintiffs' standing to bring their claims—a prerequisite for convening a three-judge panel. Contrary to Plaintiffs' and Plaintiff-Intervenor's proposed approach, the seriousness of the claims and the nature of a direct appeal to the United States Supreme Court merits a more comprehensive evidentiary record than Plaintiffs' and Plaintiff-Intervenor's proposed trial by ambush would afford.

Consistent with this position, in the Joint Stipulation for Order Shortening Time filed with the Court, Defendants Gavin Newsom and Shirley Weber expressly stated that they "do not believe that preliminary injunctive relief is necessary or appropriate here or that a decision is necessary or appropriate in the timeframe Plaintiffs and Plaintiff-Intervenor request," and that their non-opposition to scheduling a preliminary injunction hearing "should not be construed by the parties or the Court as an agreement that this matter is appropriate for resolution on a motion for interim relief rather than after a full evidentiary hearing after sufficient time for the parties to develop the evidentiary record and brief these important issues on the merits." ECF No. 33.

Also, given the pertinence of the three-judge Texas Court's thorough and exhaustive 160-page opinion in *LULAC*, additional time is warranted to analyze the potential relevance of *LULAC* to the issues presented in this case and incorporate that analysis into the parties' preliminary injunction briefing. Indeed, *LULAC* is especially pertinent here because much of the "direct evidence" of racial motivation that Plaintiffs cite consists of statements by California lawmakers critiquing Texas's redistricting effort as racial gerrymandering—a characterization vindicated by the *LULAC* opinion. *See, e.g.*, Plaintiffs' Complaint at ¶ 67; Plaintiff-Intervenor's Complaint at ¶ 57.

A careful review of the preliminary injunction issued on November 18 by the Western District of Texas foretells the monumental task of this Court. Plaintiffs' burden of proof is tremendous. As much as Plaintiffs may prefer a slapdash resolution before this Court so the case can proceed to the Supreme Court for review, the preliminary injunction hearing is the only opportunity this Court will have to consider and make the findings of fact necessary to resolve Plaintiffs' fact-intensive claims before the case goes on appeal.

The current schedule is also far more rushed than schedules entered in other redistricting cases. In the preliminary injunction litigation concerning Texas's 2025 congressional map, for example, the State defendants were given more than four weeks to respond to the first-filed preliminary injunction motion, with nearly six weeks between the filing of the preliminary injunction motions and the preliminary injunction hearing—an appreciably longer time than the two-week response deadline and the subsequent three-and-a-half weeks before the hearing in this matter. *See LULAC*, ECF No. 1146. The October evidentiary hearing spanned two weeks and lasted nine days, including a Saturday. *See id.*, ECF Nos. 1288–96. The parties to the Texas litigation submitted proposed findings of fact and conclusions of law seven days later. Although the plaintiffs in the Texas litigation advanced more meritorious claims than the Plaintiffs here, the

litigation is illustrative of how the scheduling process typically works in redistricting challenges—and militates against the current, highly accelerated schedule in this case.[1]

Moreover, expediting an evidentiary hearing is not necessary to serve justice. Defendants Gavin Newsom and Shirley Weber note the below schedule of key deadlines set by statute for the 2026 Primary Election in California.

- Signatures-in-lieu of filing fee period: Dec. 19, 2025 – Feb. 4, 2026.
- Declaration of candidacy/nomination paper period: Feb. 9 – Mar. 6, 2026
- Certified list of candidates posted: Mar. 26, 2026
- Last day to send ballots to absentee military/overseas voters: Apr. 18, 2026
- Last day to begin mailing vote-by-mail ballots: May 4, 2026
- Election Day: June 2, 2026

Accordingly, Defendants respectfully request that the Court amend the current briefing and hearing schedule. Specifically, Defendants request that the Court enter the following schedule:

1. Defendants and any Defendant-Intervenors shall file their oppositions to Plaintiffs' and Plaintiff-Intervenors' preliminary injunction motions on or before **December 3**, **2025**;

2. Plaintiffs and Plaintiff-Intervenor shall file their replies in support of the motions for preliminary injunction on or before **December 10, 2025**;

---

[1] It was also substantially easier for the parties in *LULAC* to prepare for the preliminary injunction hearing compared to this case, for numerous reasons. The cases were first brought in 2021, so by the time of the preliminary injunction hearing, the issues had already been extensively litigated and all of the parties' experts, who each offered highly technical and extensive data analysis, had already been subject to deposition and cross-examination on their data sources and methods. Indeed, just weeks before Texas enacted its 2025 map, the parties completed a four-week trial on the merits of the previous map. Additionally, no parties sought to intervene in *LULAC* in the midst of the preliminary injunction briefing schedule as they had time to do so earlier in the litigation. Here, by contrast, Plaintiffs have initiated a new case on the basis of tenuous and untested factual allegations and expert testimony that has never been subject to discovery or cross-examination.

6

3. No later than **December 1, 2025,** the Parties may serve up to five interrogatories and five requests for production on each adverse party, with responses due within seven days;

4. Any expert depositions must take place on or before **January 9, 2026**;

5. A five-day evidentiary hearing, divided equally between Plaintiffs and Defendants, will be held on or after **January 20, 2026**, with a time and location to be set in a future order; and

6. The parties shall file proposed findings of fact no later than seven days after conclusion of the hearing.

/ / /

/ / /

/ / /

| | | |
|---|---|---|
| 1 | Dated: November 19, 2025 | Respectfully submitted, |
| 2 | | |
| 3 | ROB BONTA<br>Attorney General of California | Lalitha D. Madduri<br>(CA Bar No. 301236) |
| 4 | ANYA M. BINSACCA<br>Supervising Deputy Attorney | lmadduri@elias.law<br>Christopher D. Dodge* |
| 5 | General | (DC Bar No. 90011587) |
| 6 | RYAN EASON<br>DAVID GREEN | cdodge@elias.law<br>Max Accardi* |
| 7 | IRAM HASAN | (DC Bar No. 90021259) |
| 8 | S. CLINTON WOODS<br>JENNIFER E. ROSENBERG | maccardi@elias.law<br>**ELIAS LAW GROUP LLP** |
| 9 | Deputy Attorneys General | 250 Massachusetts Ave. NW, |
| 10 | | Suite 400 |
| 11 | */s/ Nicholas R. Green*<br>NICHOLAS R. GREEN | Washington, DC 20001<br>T: (202) 968-4652 |
| 12 | Special Litigation Supervisor | F: (202) 968-4498 |
| 13 | *Counsel for Defendants* | Abha Khanna* |
| 14 | *California Governor Gavin*<br>*Newsom and California* | (WA Bar No. 42612)<br>akhanna@elias.law |
| 15 | *Secretary of State Shirley* | Tyler L. Bishop |
| 16 | *Weber* | (CA Bar No. 337546)<br>tbishop@elias.law |
| 17 | | **ELIAS LAW GROUP LLP** |
| 18 | | 1700 Seventh Avenue, Suite 2100<br>Seattle, WA 98101 |
| 19 | | T: (206) 656-0177 |
| 20 | | F: (206) 656-0180 |
| 21 | | *Counsel for Defendant-Intervenor* |
| 22 | | *DCCC*<br>* *Admitted pro hac vice* |
| 23 | | |
| 24 | | |
| 25 | | |
| 26 | | |
| 27 | | |
| 28 | | |

8

1
2  Omar Qureshi
3  (CA Bar No. 323493)
   omar@qureshi.law
4  Max Schoening
   (CA Bar No. 324643)
5  max@qureshi.law
   **QURESHI LAW PC**
6  700 Flower Street, Suite 1000
   Los Angeles, CA 90017
7  T: (213) 786-3478
   F: (213) 277-8989
8
9  *Counsel for Defendant-Intervenor
   DCCC*
10 * *Admitted pro hac vice*
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28

Sonni Waknin
CA State Bar No. 335337
6417 N Figueroa Street, #10
Los Angeles, CA 90042
732-610-1283
sonniwaknin@gmail.com

Chad W. Dunn *
Brazil & Dunn
1900 Pearl Street
Austin, TX 78705
(512) 717-9822
chad@brazilanddunn.com

Xavier Becerra
CA State Bar No. 118517
108 W. 2nd Street, #310
Los Angeles, CA 90012
310-924-9310
Scheduling.becerra@gmail.com

**Pro Hac Vice application
forthcoming*
*Counsel for Cervantes
Intervenor-Defendants*

2

## **CERTIFICATE OF COMPLIANCE**

The undersigned, counsel of record for Defendants, certifies that this brief contains 1,841 words, which complies with the word limit of Local Rule 11-6.1.

Dated: November 19, 2025            _/s/ Nicholas R. Green_
                                    Counsel for Defendants

2

# Exhibit A

| From: | Hamill, Julie (USACAC) |
|---|---|
| To: | Daniel.Sheehan@doj.ca.gov; Iram.Hasan@doj.ca.gov; Lali Madduri; Anya.Binsacca@doj.ca.gov; Jennifer.Rosenberg@doj.ca.gov |
| Cc: | Zandi, Matt (CRT) |
| Subject: | Declarants and Proposed Schedule for Evidentiary Hearing Tangipa v. Newsom 25-cv-10616 |
| Date: | Tuesday, November 18, 2025 4:34:58 PM |

All,

L.R. 7-8 states that a party must file 14 days before the hearing a request with the Court regarding which of the party's declarants we wish to cross-examine (Tomorrow). We do not know Defendant's or Defendant-Intervenor's declarants. **Can you please provide us with the names of your declarants by 10:00 am Pacific time tomorrow?**

Below is our proposed schedule for the December 3 evidentiary hearing:

**Evidentiary Hearing**
- Live Witnesses
    - Paul Mitchell (1 hour for Ps; 1 hour for Ds)
    - Sean Trende (1 hour for Ps; 1 hour for Ds)
    - Brunell (1 hour for Ps; 1 hour for Ds)
- Joint Stipulation of Facts and Exhibits
    - PI Exhibits, Complaint Exhibits
        - Proposed language: "The Parties stipulate to the following facts and exhibits. By agreeing to stipulate to these facts and exhibits, the Parties do not concede that such facts and exhibits are relevant or necessary for the Court to resolve this matter. The Parties have agreed not to object to the entry of these facts and exhibits into the record, reserving objections to relevance only. Matters contained in exhibits but not expressly discussed in a stipulation are part of the record and may be cited by the Parties."
            - "Exhibit ____ to this stipulation is a true and correct copy of _____."
    - Court can take judicial notice of legislative facts
    - Court can take judicial notice of anything that's not an adjudicative fact

**Oral Argument**
- Plaintiffs (30 minutes)
- United States (30 minutes)
- Defendants (1 hour)
- Rebuttal (5-10 minutes)

**Julie A. Hamill**
Assistant United States Attorney
United States Attorney's Office, Central District of California
300 N. Los Angeles, Suite 7516
Los Angeles, CA 90012
Desk: (213) 894-2464
Cell:  (213) 393-5708