RICHARD L. HASEN (SBN 157574)
385 Charles E Young Dr E.
Los Angeles, California 90095
Tel: (310) 206-3103
E-mail: hasenr@gmail.com

FREDRIC D. WOOCHER (SBN 96689)
DALE K. LARSON (SBN 266165)
JULIA MICHEL (SBN 331864)
STRUMWASSER & WOOCHER LLP
1250 6th Street, Suite 205
Santa Monica, California 90401
Tel: 310-576-1233 • Fax: 310-319-0156
E-mail: fwoocher@strumwooch.com
        dlarson@strumwooch.com
        jmichel@strumwooch.com

*Attorneys for Amicus Curiae Richard L. Hasen*

# UNITED STATES DISTRICT COURT

## FOR THE CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| DAVID TANGIPA, et al.,<br><br>  Plaintiffs,<br><br>  and<br><br>UNITED STATES OF AMERICA,<br><br>  Plaintiff-Intervenor.<br><br>  v.<br><br>GAVIN NEWSOM, in his official capacity as the Governor of California, et al.,<br><br>  Defendants,<br><br>  and<br><br>DEMOCRATIC CONGRESSIONAL CAMPAIGN COMMITTEE, et al.,<br><br>  Defendant-Intervenors. | Case No. 2:25-cv-10616-JLS-WLH-KKL<br>Three-Judge Court<br><br>**UNOPPOSED MOTION FOR LEAVE TO FILE [PROPOSED] BRIEF OF *AMICUS CURIAE* PROFESSOR RICHARD L. HASEN IN SUPPORT OF DEFENDANTS' OPPOSITION TO PLAINTIFFS' MOTION FOR PRELIMINARY INJUNCTION**<br><br>Judge:      Hon. Josephene L. Staton<br>            Hon. Wesley L. Hsu<br>            Hon. Kenneth K. Lee, and<br><br>Date: None Designated<br><br>Date Action Filed: November 5, 2025 |

## INTRODUCTION

Professor Richard L. Hasen, Professor of Law and Political Science and Director of the Safeguarding Democracy Project at the UCLA School of Law, seeks in his individual capacity leave of the Court to submit the attached *amicus curiae* brief in support of Defendants California Governor Gavin Newsom and Secretary of State Shirley Weber's opposition to Plaintiffs' pending motion for preliminary injunction. All parties to this case have been informed of this Motion and asked whether they would oppose it. Plaintiffs and Plaintiff-Intervenor United States of America have stated that they take no position on this Motion, and no other parties have stated that they oppose it. It is therefore unopposed.

## MOTION

District courts have "broad discretion to appoint amici curiae." *Hoptowit v. Ray*, 682 F.2d 1237, 1260 (9th Cir. 1982), *abrogated on other grounds by Sandin v. Conner*, 515 U.S. 472, 487 (1995). District courts in the Ninth Circuit including in this District routinely exercise this discretion when an amicus offers information, perspective, or expertise relevant to the issues before the court. *See, e.g., WildEarth Guardians v. Haaland*, 561 F.Supp.3d 890, 905–06 (C.D. Cal. 2021), *Duronslet v. Cnty. of L.A.*, No. 2:16-cv-08993-ODW (PLAx), 2017 WL 5643144, at *1 (C.D. Cal. Jan. 23, 2017), *NGV Gaming, Ltd. v. Upstream Point Molate, LLC*, 355 F. Supp. 2d 1061, 1067 (N.D. Cal. 2005). "There are no strict prerequisites that must be established prior to qualifying for amicus status; an individual seeking to appear as amicus must merely make a showing that his participation is useful to or otherwise desirable to the court." *WildEarth Guardians*, 561 F.Supp.3d at 905 (quoting *In re Roxford Foods Litig.*, 790 F. Supp. 987, 997 (E.D. Cal. 1991)). "Assisting in a case of general public interest" is a "classic role of amicus curiae." *Miller-Wohl Co. v. Comm'r of Labor & Indus.*, 694 F.2d 203, 204 (9th Cir. 1982). Courts should permit an amicus brief when the amicus has "unique information or perspective that can help the court beyond the help that the lawyers for the parties are able to provide." *Duronslet*, 2017 WL 5643144, at *1 (C.D. Cal. Jan. 23, 2017).

"[T]his Court has generally found it preferable to err on the side of permitting such briefs." *WildEarth Guardians*, 561 F.Supp.3d at 906; *see also Duronslet*, 2017 WL 5643144, at *1 ("whether to permit amicus participation is 'a matter of judicial grace'") (quoting *Nat'l Org. for Women, Inc. v.*

UNOPPOSED MOTION FOR LEAVE TO FILE [PROPOSED] BRIEF OF *AMICUS CURIAE* PROFESSOR RICHARD L. HASEN IN SUPPORT OF DEFENDANTS' OPPOSITION TO PLAINTIFFS' MOTION FOR PRELIMINARY INJUNCTION

*Scheidler*, 223 F.3d 615, 616 (7th Cir. 2000)).

*Amicus curiae*, Professor Hasen, is an internationally recognized expert in election law, and author of many books on elections and election law including, most recently, *A Real Right to Vote* (Princeton University Press 2024). He is the author of over 100 articles on election law issues, published in numerous journals including the *Harvard Law Review*, *Stanford Law Review*, and *Supreme Court Review*. The positions set forth in Professor Hasen's prior amicus briefs have been adopted by multiple courts, including in *Castellanos v. State of California*, 305 Cal.Rptr.3d 717, 742–752 (Ct. App. 2023), *aff'd in part*, 552 P.3d 406 (Cal. 2024). *Amicus* was also counsel in *Mobileparks West Homeowners' Association v. Escondido Mobileparks West*, 41 Cal.Rptr.2d 393, 399 n.6 (1995), where the Court of Appeal adopted his position on the irrelevance of the intent of the sponsors of ballot measures in interpreting that measure's meaning. Based on his expertise and experience, Professor Hasen's "participation is useful to or otherwise desirable to the court." *WildEarth Guardians*, 561 F.Supp.3d at 905.

Furthermore, as Professor Hasen lays out in his proposed *amicus* brief, which is attached to this motion, this case concerns an issue of first impression: how should a court determine if a state had a predominant motive to separate voters on the basis of race in enacting a redistricting plan in violation of the Equal Protection Clause when the redistricting plan was approved by voters rather than a state legislature? That question makes this case one of significant public interest. *See Miller-Wohl Co.*, 694 F.2d at 204. The attached amicus brief will provide information and analysis that may assist the Court in resolving the issues presented, as it delves into the intersection of constitutional law and California law related to ballot measures that should be consulted to answer this question of first impression, advocating that it is voters' intent, and not that of the California Legislature, that should matter for resolution of this question. The analysis seeks to assist the Court and the parties in resolving the novel issues implicated by Plaintiffs' claims in a way that comports with both constitutional and California law governing ballot measures. *Amicus*'s unopposed motion seeking leave to file should be granted.

Granting leave will not cause delay or prejudice any party. The briefing schedule permits timely submission, and Proposed Amicus does not seek oral argument or participation beyond the filed brief.

///

**CONCLUSION**

For the foregoing reasons, Professor Hasen respectfully requests that the Court grant the enclosed proposed order granting Professor Hasen leave to file the proposed amicus brief included as an exhibit to this unopposed motion.

DATED:  December 4, 2025                        Respectfully Submitted,

Richard L. Hasen

STRUMWASSER & WOOCHER LLP
Fredric D. Woocher
Dale K. Larson
Julia Michel


By _____
            Dale K. Larson

*Attorneys for Amicus Curiae Professor Richard L. Hasen*

4

## CERTIFICATE OF SERVICE

Case No.  2:25-cv-10616-JLS-WLH-KKL

I am a citizen of the United States. My business address is 250 Sixth Street, Suite 205, Santa Monica, California 90401. I am over the age of 18 years, and not a party to the within action.

I hereby certify that on December 4, 2025, I electronically filed the following documents with the Clerk of the Court for the United States District Court, Central District of California by using the CM/ECF system:

**UNOPPOSED MOTION FOR LEAVE TO FILE [PROPOSED] BRIEF OF AMICUS CURIAE PROFESSOR RICHARD L. HASEN IN SUPPORT OF DEFENDANTS' OPPOSITION TO PLAINTIFFS' MOTION FOR PRELIMINARY INJUNCTION**

**[PROPOSED] BRIEF OF AMICUS CURIAE PROFESSOR RICHARD L. HASEN IN SUPPORT OF DEFENDANTS' OPPOSITION TO PLAINTIFFS' MOTION FOR PRELIMINARY INJUNCTION**

**[PROPOSED] ORDER GRANTING UNOPPOSED MOTION FOR LEAVE TO FILE [PROPOSED] BRIEF OF AMICUS CURIAE PROFESSOR RICHARD L. HASEN IN SUPPORT OF DEFENDANTS' OPPOSITION TO PLAINTIFFS' MOTION FOR PRELIMINARY INJUNCTION**

I certify that all participants in the case are registered CM/ECF users and that service will be accomplished by the CM/ECF system.

I declare under penalty of perjury under the laws of the United States the foregoing is true and correct. Executed on December 4, 2025, at Los Angeles, California.

Jeff Thomson