Lalitha D. Madduri (CA Bar No. 301236)
lmadduri@elias.law
Christopher D. Dodge* (DC Bar No. 90011587)
cdodge@elias.law
Max Accardi* (DC Bar No. 90021259)
maccardi@elias.law
**ELIAS LAW GROUP LLP**
250 Massachusetts Ave. NW, Suite 400
Washington, DC 20001
T: (202) 968-4652
F: (202) 968-4498

Abha Khanna* (WA Bar No. 42612)
akhanna@elias.law
Tyler L. Bishop (CA Bar No. 337546)
tbishop@elias.law
**ELIAS LAW GROUP LLP**
1700 Seventh Avenue, Suite 2100
Seattle, WA 98101
T: (206) 656-0177
F: (206) 656-0180

Omar Qureshi (CA Bar No. 323493)
omar@qureshi.law
Max Schoening (CA Bar No. 324643)
max@qureshi.law
**QURESHI LAW PC**
700 Flower Street, Suite 1000
Los Angeles, CA 90017
T: (213) 600-6096
F: (213) 277-8989

*Counsel for Defendant-Intervenor DCCC*

* *Admitted pro hac vice*

IN THE UNITED STATES DISTRICT COURT
FOR THE CENTRAL DISTRICT OF CALIFORNIA
WESTERN DIVISION

| | |
|---|---|
| **DAVID TANGIPA**, *et al.*, <br><br> Plaintiffs, <br><br> and <br><br> **UNITED STATES OF AMERICA**, <br><br> Plaintiff-Intervenor, <br><br> v. <br><br> **GAVIN NEWSOM, in his official capacity as the Governor of California**, *et al.*, <br><br> Defendants, <br><br> **DEMOCRATIC CONGRESSIONAL CAMPAIGN COMMITTEE**, *et al.*, <br><br> Defendant-Intervenors. | 2:25-cv-10616-JLS-WLH-KKL <br> Three-Judge Court <br><br><br><br> **DCCC'S NOTICE OF SUPPLEMENTAL AUTHORITY** |

## DCCC'S NOTICE OF SUPPLEMENTAL AUTHORITY

Defendant-Intervenor DCCC respectfully submits this Notice of Supplemental Authority to bring to the Court's attention the Supreme Court's December 4 order in *Abbott v. League of United Latin American Citizens*, No. 25A608 ("*LULAC*") (attached hereto as Exhibit A), granting a motion to stay a decision preliminarily enjoining Texas's new congressional map pending appeal ("Stay Order"). As DCCC explained in its opposition to the pending motions for a preliminary injunction, the district court in *LULAC* held that Texas had engaged in racial gerrymandering—but did so based upon a dramatically more substantial record and coherent legal argument than the meager showing made by Movants here. *See* ECF No. 112 ("DCCC Br.") at 17–18, 28–30. Thus, the district court's order in *LULAC* illustrated how far short Movants here fall.

The Supreme Court's stay order indicates that even the robust facts of *LULAC* likely fall short of establishing racial predominance. Stay Order at 1–2. In doing so, it has all but foreclosed Movants' paper-thin claims of racial gerrymandering here. As the Stay Order explains, "California responded [to Texas's redistricting] with its own map for the stated purpose of counteracting what Texas had done." *Id*. at 1. According to the Court, Texas and California both undertook these actions in order "to favor the State's dominant political party." *Id.* Justice Alito, in a concurrence joined by Justices Thomas and Gorsuch, went even further, concluding that "the impetus for the adoption of the Texas map (*like the map subsequently adopted in California*) was partisan advantage pure and simple." *Id*. at 2–3 (Alito, J., concurring) (emphasis added). This supplemental authority leaves no doubt that Movants' claims here are doomed to fail.

Notably, the Court's primary reason for granting the application was its determination that the *LULAC* district court "failed to honor the presumption of legislative good faith by construing ambiguous direct and circumstantial evidence against the legislature." *Id.* at 1 (citing *Alexander* v. *S.C. State Conf. of the NAACP*, 602 U.S. 1, 10 (2024)). That conclusion rings even more true here, as DCCC has explained. DCCC Br. at 16–17.

1

Finally, it bears emphasis that Movants here fail to show meritorious racial gerrymandering claims even under the *dissent's* opinion in *LULAC*. *See* Stay Order at 4–20. As Justice Kagan reasoned, the *LULAC* plaintiffs demonstrated a likelihood of success based upon "three kinds of direct evidence," *id.* at 6 (Kagan, J., dissenting), including Texas's "embrace[]" of DOJ's "ultimatum to change various districts' racial composition," *id.* at 3–4; Texas lawmakers' "consistent[]" and "repeated[]" "support for the new map in those same racial terms," *id.* at 7; and Governor Abbott's "consistent[] reject[ion of] the idea that Texas was redistricting to fulfill President Trump's demand for additional Republican districts," *id.* (citation modified) This stands in stark contrast to the misleading soundbites Plaintiffs offer as so-called direct evidence in this case. *See* DCCC Br. at 18–24. Justice Kagan further pointed to the *LULAC* plaintiffs' circumstantial evidence "confirm[ing]" that "race predominated in the drawing of district lines," Stay Order at 8 (Kagan, J., dissenting), and "expert testimony" demonstrating the statistical improbability of anything but race determining the districts' composition, *id.* at 9. This too lies in stark contrast to Plaintiffs' circumstantial evidence here. *See* DCCC Br. at 24–28 (explaining Plaintiffs' circumstantial evidence is limited to a single expert's "fundamentally implausible" argument and bare visual inspection of discrete portions of a single district).

In sum, the Supreme Court's order—and even Justice Kagan's dissenting view—confirms that Movants here cannot possibly succeed on their claims, let alone satisfy their burden for extraordinary preliminary injunctive relief. If the bar for racial gerrymandering claims has become so high that even the expressly racialized process in Texas could not clear it, there is no world in which California's expressly partisan "respon[se] to "counteract[] what Texas had done" could be legally vulnerable. Stay Order at 1.

| | | |
|---|---|---|
| 1 | Dated: December 5, 2025 | Respectfully submitted, |
| 2 | | |
| 3 | | /s/ Lalitha D. Madduri |
| | | Lalitha D. Madduri (CA Bar No. 301236) |
| 4 | | Christopher D. Dodge* (DC Bar No. 90011587) |
| 5 | | Max Accardi* (DC Bar No. 90021259) |
| 6 | | **ELIAS LAW GROUP LLP** |
| | | 250 Massachusetts Ave. NW, Suite 400 |
| 7 | | Washington, DC 20001 |
| 8 | | T: (202) 968-4652 |
| | | F: (202) 968-4498 |
| 9 | | lmadduri@elias.law |
| 10 | | cdodge@elias.law |
| | | maccardi@elias.law |
| 11 | | |
| 12 | | Abha Khanna* (WA Bar No. 42612) |
| | | Tyler L. Bishop (CA Bar No. 337546) |
| 13 | | **ELIAS LAW GROUP LLP** |
| 14 | | 1700 Seventh Avenue, Suite 2100 |
| | | Seattle, WA 98101 |
| 15 | | T: (206) 656-0177 |
| 16 | | akhanna@elias.law |
| | | tbishop@elias.law |
| 17 | | |
| 18 | | Omar Qureshi (CA Bar No. 323493) |
| | | Max Schoening (CA Bar No. 324643) |
| 19 | | **QURESHI LAW PC** |
| 20 | | 700 Flower Street, Suite 1000 |
| | | Los Angeles, CA 90017 |
| 21 | | T: (213) 600-6096 |
| 22 | | omar@qureshi.law |
| | | max@qureshi.law |
| 23 | | |
| 24 | | *Counsel for Defendant-Intervenor DCCC* |
| 25 | | * *Admitted pro hac vice* |
| 26 | | |
| 27 | | |
| 28 | | |

3