Rob Bonta
Attorney General of California
Anya M. Binsacca
Lara Haddad
Supervising Deputy Attorneys General
Ryan Eason
David Green
Jennifer E. Rosenberg
S. Clinton Woods
Iram Hasan
Deputy Attorneys General
State Bar No. 320802
  455 Golden Gate Avenue, Suite 11000
  San Francisco, CA  94102-7004
  Telephone:  (415) 510-3793
  Fax:  (415) 703-5480
  E-mail:  Iram.Hasan@doj.ca.gov
*Attorneys for Defendants California Governor Gavin Newsom and Secretary of State Shirley Weber*

IN THE UNITED STATES DISTRICT COURT

FOR THE CENTRAL DISTRICT OF CALIFORNIA

WESTERN DIVISION

| | |
|---|---|
| **DAVID TANGIPA, *et al.*,**<br><br>Plaintiffs,<br><br>and<br><br>**UNITED STATES OF AMERICA,**<br><br>Plaintiff-Intervenor<br><br>v.<br><br>**GAVIN NEWSOM, in his official capacity as the Governor of California, *et al.*,**<br><br>Defendants,<br><br>and<br><br>**DEMOCRATIC CONGRESSIONAL CAMPAIGN COMMITTEE, *et al.*,**<br><br>Defendant-Intervenors. | 2:25-cv-10616-JLS-WLH-KKL<br>Three-Judge Court<br><br>**GOVERNOR NEWSOM AND SECRETARY WEBER'S NOTICE OF SUPPLEMENTAL AUTHORITY**<br><br>Judge:    Hon. Josephine L. Staton, Hon. Kenneth K. Lee, and Hon. Wesley L. Hsu<br>Action Filed: Nov. 5, 2025 |

1

1    Defendants respectfully submit this notice regarding the Supreme Court's recent order in *Abbott v. League of United Latin American Citizens*, No. 25A608, 2025 WL 3484863 (U.S. Dec. 4, 2025), granting a stay of a three-judge court's decision to preliminarily enjoin Texas's new congressional district map pending appeal.  For several reasons, that per curiam order shows that Plaintiffs and Plaintiff-Intervenors (together, Challengers) cannot succeed on the merits of their claims.  As argued in Defendants' opposition (ECF No. 113), Challengers' motions for preliminary injunction should be denied.

The Court's order begins by emphasizing that both Texas and California have "redrawn their congressional districts in ways that are predicted to favor the State's dominant political party." *Abbott*, 2025 WL 3484863 at *1.  Echoing the arguments that Defendants have made in explaining that Proposition 50 was a partisan gerrymander, the Court recognized that "Texas adopted the first new map, *then California responded with its own map for the stated purpose of counteracting what Texas had done*." *Id.* (emphasis added); *see* Defs.' Br., ECF No. 113.  In a concurrence, Justices Alito, Thomas, and Gorsuch explained that "it is *indisputable*" that "the impetus for the adoption for the Texas map (*like the map subsequently adopted in California*) was partisan advantage pure and simple." *Abbott*, 2025 WL 3484863 at *1. (Alito, J., concurring) (emphasis added).  Challengers' motions must fail for this reason alone.

The Court's opinion requires denial of the motions for preliminary injunctions in at least three other ways.  First, it concludes that the Texas court committed "serious error[]" by "fail[ing] to honor the presumption of legislative good faith" when it "constru[ed] ambiguous direct and circumstantial evidence against the legislature." *Abbott*, 2025 WL 3484863 at *1.  Challengers ask this Court to commit that same "serious error[]" here.  *See* Defs.' Br. at 3, 14-15, 36-37.

Second, the Court made clear that it is too late for court-ordered changes to electoral districts when there is "an active primary campaign underway," as such

1  court-ordered changes threaten "much confusion" and will "upset[] the delicate
2  federal-state balance in elections." *Abbott*, 2025 WL 3484863 at *1.  California,
3  like Texas, "needs certainty on which map will govern the 2026 midterm
4  elections." *Id.* (Alito, J., concurring).  Indeed, signature collection for California's
5  congressional primaries begins in just 9 days, on December 19.  *See* Defs.' Br. 46;
6  *see also id.* at 45.

7        Third, the Court reiterated that a "dispositive or near-dispositive adverse
8  inference" must be drawn when a plaintiff fails to "produce a viable alternative map
9  that [meets] the State's . . . partisan goals." *Abbott*, 2025 WL 3484863 at *1.  Here,
10 Challengers have made no attempt to submit alternative maps for all but one
11 district, and the purported alternative maps submitted with respect to District 13
12 result in minimal or no improvement in Democratic performance—the partisan
13 objective that the State plainly sought to achieve.  *See* Defs.' Br. at 36-37.  That too
14 is fatal to Challengers' request for preliminary injunctive relief.

15       At bottom, Challengers fail "to disentangle race and politics," *Abbott*, 2025
16 WL 3484863 at *2 (Alito, J., concurring) (citing *Alexander v. South Carolina St.*
17 *Conf. of the NAACP*, 602 U.S. 1, 6 (2024)), and thus cannot meet their high burden
18 to show that race predominated in the Proposition 50 map.  That is an incurable
19 shortcoming, as demonstrated by the record developed thus far.  And as the
20 Supreme Court's order makes clear, Challengers' claims will fare no better on
21 appeal.
22 ///
23 ///
24 ///
25 ///
26 ///
27 ///
28 ///

| | | |
|---|---|---|
| 1 | Dated: December 10, 2025 | Respectfully submitted, |

ROB BONTA
Attorney General of California
ANYA M. BINSACCA
LARA HADDAD
Supervising Deputy Attorneys General
RYAN EASON
DAVID GREEN
JENNIFER E. ROSENBERG
S. CLINTON WOODS
Deputy Attorneys General


*/s/ Iram Hasan*
IRAM HASAN
Deputy Attorney General
*Attorneys for Defendants California Governor Gavin Newsom and Secretary of State Shirley Weber*