Rob Bonta
Attorney General of California
Anya M. Binsacca
Lara Haddad
Supervising Deputy Attorneys General
Ryan Eason
Iram Hasan
S. Clinton Woods
Jennifer E. Rosenberg
David Green
Deputy Attorneys General
State Bar No. 275496
 1300 I Street, Suite 125
 Sacramento, CA 95814
 Telephone: (916) 210-6242
 Fax: (916) 324-8835
 E-mail: David.Green@doj.ca.gov
*Attorneys for Defendants California Governor Gavin Newsom and Secretary of State Shirley Weber*

IN THE UNITED STATES DISTRICT COURT

FOR THE CENTRAL DISTRICT OF CALIFORNIA

WESTERN DIVISION

| | |
|---|---|
| **DAVID TANGIPA, *et al.*,**<br><br>Plaintiffs,<br><br>and<br><br>**UNITED STATES OF AMERICA,**<br><br>Plaintiff-Intervenor<br><br>v.<br><br>**GAVIN NEWSOM, in his official capacity as the Governor of California, *et al.*,**<br><br>Defendants,<br><br>and<br><br>**DEMOCRATIC CONGRESSIONAL CAMPAIGN COMMITTEE, *et al.*,**<br><br>Defendant-Intervenors. | 2:25-cv-10616-JLS-WLH-KKL<br>Three-Judge Court<br><br>**STATE DEFENDANTS' OPPOSITION TO PLAINTIFFS AND PLAINTIFF-INTERVENOR'S MOTION TO COMPEL**<br><br>Trial Date:   None Designated<br>Action Filed: Nov. 5, 2025 |

Without providing State Defendants (or apparently any defendant) any prior notice, Plaintiffs and Plaintiff-Intervenor (together, Challengers) ask this Court to compel further testimony and materials from non-party witness Paul Mitchell or, alternatively, to draw an adverse inference applicable to all defense parties in this matter regarding Mitchell and to prevent DCCC and State Defendants from introducing certain materials at the hearing. Challengers claim this relief is appropriate because Mitchell invoked legislative privilege in response to questions about how and why he drew the map that Challengers claim served as the framework for the Proposition 50 map.

State Defendants oppose Challengers' motion to the extent they seek any relief against State Defendants for the alleged conduct of a non-party witness. Misunderstanding Mitchell's role, Challengers appear to treat him as one of the parties and invoke Federal Rules of Civil Procedure 26. But he is not a party. Nor is he State Defendants' agent, and Challengers allege no facts to the contrary. He is instead a non-party and appeared at his deposition as a non-party witness. State Defendants cannot produce him for testimony or produce documents that are in his possession, nor can they waive the privilege Mitchell asserts on behalf of the Legislature. Challengers themselves seem to understand this, as they *did not meet and confer with State Defendants or otherwise provide notice of their motion before filing*—something they were required to do to seek relief that would affect State Defendants' case. For these reasons, State Defendants respectfully urge this Court to reject Challengers' assertion that an adverse inference should be drawn against them in this matter, and decline to issue any relief with respect to State Defendants.

## ARGUMENT

### I. CHALLENGERS ARE NOT ENTITLED TO THE RELIEF THEY SEEK AGAINST STATE DEFENDANTS

Challengers are not entitled to any relief against State Defendants, and none should be granted here. Mitchell is not Defendants' employee or agent. And while

1

Challengers complain of the privileges that Mitchell raised at his deposition, State Defendants did not assert any privilege during Mitchell's deposition. Nor did State Defendants assert any privilege (or anything at all) opposing Challengers' request for documents from Mitchell. Mitchell is not even a party to the case. Penalizing State Defendants for the litigation choices of a non-party witness they have no control over would be patently unfair, defy common sense, and serve no logical purpose. Nor would any court order against State Defendants further the proceedings in this case, given that State Defendants cannot produce Mitchell as a witness or turn over any documents that Challengers have demanded from Mitchell.

The Court should also decline Challengers' request to draw an adverse inference because of their complete failure to provide notice or meet and confer with State Defendants, or apparently any Defendant, regarding this Motion—despite being required to do so under the Local Rules. *See* L.R. 7-19.1; L.R. 37-1. Challengers' own declaration makes their failure to comply with this requirement clear. ECF No. 147-1, ¶¶ 11, 13-14 (noting conferences between Challengers' counsel and Mitchell's counsel, but not State Defendants' counsel, regarding Challengers' intent to move to compel). This alone is reason to deny Challengers' eleventh-hour request for relief,[1] and supports the conclusion that Challengers recognize that State Defendants have no control over Mitchell's conduct. They assert no facts to the contrary.

---

[1] *See Am. Rena Int'l Corp. v. Sis-Joyce Int'l Co.*, No. CV 12-06972-FMO (JEMX), 2013 WL 12638502, at *1 (C.D. Cal. Oct. 3, 2013) ("there was no meaningful meet and confer on the *Ex Parte* Application prior to its filing, in violation of Local Rule 37-1, itself a sufficient basis to deny the *Ex Parte* Application"); *Racioppi v. Bosov*, No. 2:20-CV-03797-FMO-JC, 2021 WL 3811012, at *1 (C.D. Cal. Mar. 12, 2021) (denying request for ex parte relief because "Applicant has made no effort to meet and confer with opposing counsel to attempt to resolve this matter without court intervention"); *Aecom Energy & Constr., Inc. v. Ripley*, No. CV 17-5398 RSWL (SS), 2018 WL 4740329, at *1 (C.D. Cal. Sept. 10, 2018) (denying ex parte application for failure to meet and confer).

Nonetheless, Challengers' motion to compel asks the Court, as alternative relief, to "draw appropriate adverse inferences against Mitchell." ECF No. 147 at 23. To the extent Challengers mean an adverse inference regarding Mitchell's motives in drawing the map that served as the framework for the Proposition 50 map, they seek relief that would directly affect the State Defendants' case. This would be inappropriate and highly prejudicial to State Defendants.

In seeking such broad relief, Challengers contend that an adverse inference regarding Mitchell's motivations in drawing the Proposition 50 map would be permissible "because of the relationship between Mitchell and Defendant-Intervenor DCCC." ECF No. 147 at 17. But they make no reference to the relationship between Mitchell and State Defendants at all. *Id.* In fact, they do not mention State Defendants with respect to their request for relief until the very last paragraph of their motion, where they ask the Court to order that "Defendants . . . may not introduce at the hearing any responsive documents that were not timely produced to Plaintiffs." Br. at 19. And to the extent that Challengers suggest that State Defendants in this case are improperly using the legislative privilege to somehow dictate Mitchell's actions, they are plainly wrong.[2] State Defendants

---

[2] State Defendants also note that the legislative privilege is far more robust a privilege than Challengers assert. *See, e.g.*, *La Union del Pueblo Entero v. Abbott*, 93 F.4th 310, 322 (5th Cir. 2024) ("[W]hen a legislator brings third parties into the legislative process, those third parties may invoke the privilege on that legislator's behalf for acts done at the direction of, instruction of, or for the legislator."); *see also Lee v. City of Los Angeles*, 908 F.3d 1175, 1188 (9th Cir. 2018) (While "claims of racial gerrymandering involve serious allegations," they can still "fall[] short of justifying the 'substantial intrusion' into the legislative process."); *La Union Del Pueblo Entero v. Abbott*, 68 F.4th 228, 238 (5th Cir. 2023) ("Even for allegations involving racial animus or retaliation for the exercise of First Amendment rights, the Supreme Court has held that the legislative privilege stands fast."). Challengers also, without explanation, appear to argue that Mitchell's invocation of legislative privilege is an improper attempt to wield privilege as both a sword and a shield. ECF No. 147 at 13-14. But the prohibition on the dual use of the privilege is inapplicable here, where neither Mitchell nor any member of the Legislature has "voluntarily installed themselves" as a party. *Powell v. Ridge*, 247 F.3d 520, 525 (3d Cir. 2001).

filed no objections to Mitchell's subpoena, nor did they object on the basis of any privilege at the deposition.

Moreover, the cases cited by Challengers in support of their requested relief illustrate that an adverse inference drawn against Mitchell's motives—and therefore against State Defendants—is unwarranted here.  Challengers note that "a factfinder may draw an adverse inference when a party fails to produce highly probative evidence that it could readily obtain[.]" *Alexander v. S. Car. State Conf. of NAACP*, 602 U.S. 1, 36 (2024) (emphasis added); ECF No. 147 at 17.  Similarly, they invoke the "missing witness rule," under which an adverse inference against a party is appropriate if that party has the "peculiar[]" power to produce a witness who would provide probative evidence, but the party "chooses not to" put forth that evidence.  *Chi. Coll. of Osteopathic Med. v. George A. Fuller Co.*, 719 F.2d 1335, 1353 (7th Cir. 1983) (citation modified).

The principles elucidated in these cases are inapplicable here.  Mitchell is *not* a party to this action, and State Defendants, who have no control over Mitchell, cannot "readily obtain" the purportedly probative evidence that Challengers seek from him.  *Alexander*, 602 U.S. at 36.  Nor are State Defendants the ones "choos[ing] not to" permit Mitchell's testimony; they are not asserting privilege or directing Mitchell to withhold documents or testimony on the grounds of such privilege.  *George A. Fuller Co.*, 719 F.2d at 1353.[3]  Challengers do not cite a *single* case in which privilege asserted by a non-party witness was grounds to draw an adverse inference against a party to the action who had no control over the witness.  *See* ECF No. 147 at 15-19.  And in cases more comparable to the facts

---

[3] The Legislature, like State Defendants, is an independent branch of government under the California Constitution.  Cal. Const. art. IV, § 1; Cal. Const. art. V, § 1; Cal. Const. art. V, § 11.  The State Defendants the Challengers chose to name in their case do not control the invocation of the privilege Michell asserts.

here, courts have declined to issue an adverse inference. *See Brewer v. Quaker State Oil Ref. Corp.*, 72 F.3d 326, 334 (3d Cir. 1995) (adverse inferences should only be granted if "the evidence in question [is] within the party's control"); *Cotton v. City of Eureka*, No. C-08-04386 SBA (EDL), 2010 WL 2889498, at *4 (N.D. Cal. July 22, 2010) (declining to grant adverse inference against plaintiffs based on non-party witness's invocation of privilege because "there is no evidence of any close or special relationship between Plaintiffs and [the non-party witness]," the non-party witness "was the first to raise" the privilege during his deposition, and plaintiffs' counsel "did not suggest to him that he invoke that privilege").

Even in the cases Challengers cite, involving courts applying adverse inferences against a party based on the *party's* own conduct, courts have not gone as far as Challengers seek. While they cite to *LULAC v. Abbott*, 601 F. Supp. 3d 147, 155 (W.D. Tex. 2022), a case regarding the assertion of privilege by a state legislator in a redistricting matter, *see* ECF No. 147 at 18, that case does not support their demand that the Court draw the adverse inference they desire. Although the Texas court noted that a legislator's invocation of legislative privilege "strengthen[ed] the inference" that her statements regarding mapdrawing were "at best, highly incomplete and, at worst, disingenuous," it nonetheless refused to treat the invocation of the legislative privilege as "directly supporting" an adverse inference that the legislator or her colleagues "acted from *racial* motives." *Id.* at 180 (emphasis in original).

Finally, in the last paragraph of their motion, Challengers argue that "if Mitchell fails to timely produce responsive and nonprivileged documents, this Court should order that Defendants and Defendant-Intervenors may not introduce at the hearing any responsive documents that were not timely produced to Plaintiffs." ECF No. 147 at 25. Challengers improperly suggest that Mitchell has been providing State Defendants with documents while withholding documents from

5

Challengers. This is not the case. State Defendants have been in open communication with Challengers about the exhibits they intend to introduce in court, and they have no intention of introducing documents that were provided by Mitchell and not produced to Plaintiffs (since no such documents exist).

## II. CHALLENGERS' CLAIMS ABOUT STATE DEFENDANTS' DELAY ARE UNFOUNDED AND PLAINLY WRONG.

Challengers' suggestion that Defendants have sought to improperly delay this proceeding is also wrong and lacks any factual grounding. This case has proceeded at an extraordinarily fast pace. No party can be accused of moving too slowly.

Plaintiffs filed their suit on November 5, 2025. ECF No. 1. Two days later, they filed their motion for a preliminary injunction. ECF No. 1. About one week later, on November 13, 2025, Plaintiff-Intervenor filed a complaint in intervention and a motion for a preliminary injunction, raising additional facts and a new claim. ECF Nos. 28-2, 29. Less than three weeks later, on December 3, 2025, Defendants filed their combined opposition to both motions for preliminary injunction, ECF No. 113, as did DCCC and another Defendant-Intervenor. And while preparing their combined opposition, Defendants also worked with all parties to create a witness list and exhibit list for the evidentiary hearing on the motions. *See, e.g.*, ECF Nos. 100-101.

Plaintiffs, Defendants, and Defendant-Intervenors have all retained experts and provided expert reports. All parties have also provided substantial exhibits, with Defendants alone submitting over 800 pages of exhibits. *See, e.g.*, ECF Nos. 113-1 to 116-3. All parties have further engaged in substantial discovery in recent days and scheduled numerous depositions between December 4 to 12, 2025. The hearing in this matter is scheduled for December 15, 2025.

Far from engaging in any delay, State Defendants have made extraordinary efforts to act as diligently as reasonably possible, in the face of Challengers' push for a hearing that would have commenced nearly two weeks ago, without time for

6

the limited discovery that the Court ordered here. The pace of this case has rivaled that in *League of United Latin Am. Citizens v. Abbott*, No. EP-21-CV-00259-DCG-JES-JVB, 2025 WL 3215715 (W.D. Tex. Nov. 18, 2025). And there, the court found "the Plaintiff Groups (as well as the State Defendants and the Court for that matter) could not possibly have acted faster or more diligently." *Id.* at *64. That is also true here.

## CONCLUSION

For the foregoing reasons, the Court should not grant any relief against State Defendants.

Dated: December 12, 2025    Respectfully submitted,

ROB BONTA
Attorney General of California
ANYA M. BINSACCA
LARA HADDAD
Supervising Deputy Attorneys General
RYAN EASON
IRAM HASAN
S. CLINTON WOODS
JENNIFER E. ROSENBERG
Deputy Attorneys General


*/s/ David Green*
DAVID GREEN
Deputy Attorney General
*Attorneys for Defendants California Governor Gavin Newsom and Secretary of State Shirley Weber*