HANSON BRIDGETT LLP
KIMON MANOLIUS, SBN 154971
kmanolius@hansonbridgett.com
Patrick T. Burns SBN 300219
PBurns@hansonbridgett.com
JACOB T. ZARONE, SBN 351558
jzarone@hansonbridgett.com
SAMANTHA M. BACON, SBN 351561
sbacon@hansonbridgett.com
425 Market Street, 26th Floor
San Francisco, California 94105
Telephone:   (415) 777-3200
Facsimile:    (415) 541-9366

Attorneys for Non-Party
Paul Mitchell

# UNITED STATES DISTRICT COURT

# CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| DAVID TANGIPA, ERIC CHING; SAUL AYON; PETER HERNANDEZ; ROXANNE HOGE; JOEL GUITERREZ CAMPOS; SOLOMON VERDUZCO; PAUL RAMIREZ; JANE ORTIZ-WILSON; VERNON COSTA; RACHEL GUNTHER; DOUG BUCHANAN; SAYRS MORRIS; MIKE NETTER; CHRISTINA RAUGHTON; KRISTI HAYS; JAMES REID; MICHAEL TARDIF; ALEX GALICIA; and CALIFORNIA REPUBLICAN PARTY,<br><br>Plaintiffs,<br><br>UNITED STATES OF AMERICA,<br><br>Plaintiff-Intervenor,<br><br>v.<br><br>GAVIN NEWSOM, in his official capacity as the Governor of California; SHIRLEY WEBER, in her official capacity as California Secretary of State,<br><br>Defendants,<br><br>DEMOCRATIC CONGRESSIONAL CAMPAIGN COMMITTEE,<br><br>Intervenor-Defendant. | Case No. 2:25-cv-10616-JLS-WLH-KKL<br>Three-Judge Court<br><br>**NON-PARTY PAUL MITCHELL'S RESPONSE TO PLAINTIFF-INTERVENOR'S MOTION TO COMPEL THE TESTIMONY OF PAUL MITCHELL**<br><br>Hon. Josephine L. Staton<br>Hon. Wesley L. Hsu<br>Hon. Kenneth K. Lee<br><br>**Hearing Date: December 15, 2025**<br>**Time: 9 a.m.**<br>**Courtroom: One** |

## I. INTRODUCTION

Paul Mitchell is not a party to this action. Indeed, Mr. Mitchell is neither a named Plaintiff, Defendant, nor Intervenor on either side. Further, Mr. Mitchell is an individual who is employed by two private entities; Mr. Mitchell is neither an employee of, an independent contractor to, or an affiliate of any Defendant in this case. As such, the only method available in this action for any party to seek testimony or documents from Paul is through a Subpoena under Federal Rules of Civil Procedure, Rule 45.

Although not required by the Court's Order [*see* ECF 153], Non-Party Paul Mitchell, files this Response to Plaintiff-Intervenor The United States' Motion to Compel the Testimony of Paul Mitchell.

## II. BACKGROUND

On December 1, 2025, Plaintiffs David Tangipa, *et al*. and separately Plaintiff Intervenor The United States of America (collectively, "Plaintiffs") each served on Paul Mitchell a Subpoena to Testify at Deposition in a Civil Action to Non-Party Paul Mitchell, which contained therein a command to produce documents, electronically stored information, or tangible things for inspection. The Plaintiff then, on December 3, 2025, issued an amended subpoena with a new date for deposition and compliance (December 10, 2025); the Plaintiff in Intervention the United States issued an identical subpoena for deposition and compliance on December 10, 2025. These two subpoenas are now the operative subpoenas. ("Subpoenas"). Declaration of Kimon Manolius in support of Non-Party Paul Mitchell's Opposition to Plaintiff Intervenor's Motion to Compel ("Manolius Dec."), ¶ 3, Ex. A. The only discrepancy between the Subpoenas was the issuing party, and Mr. Mitchell propounded timely objections to the Subpoenas on December 10, 2025 pursuant to Rule 45, section (d)(2)(B).[1] Manolius Dec., ¶ 5, Ex. B.

On December 10, 2025, Plaintiffs deposed Paul Mitchell in his individual capacity. At that deposition Mr. Mitchell was represented by his independent counsel. Counsel for Defendants

---

[1] All references herein to Rules are to the Federal Rules of Civil Procedure unless otherwise specified.

Gavin Newsom, in his official capacity as Governor of California, and Shirley Weber, in her official capacity as California Secretary of State (collectively, "State Defendants") also appeared to represent the interests of their clients. During this deposition counsel for the State Defendants as well as counsel for Mr. Mitchell made objections raising legislative privilege—in these instances, counsel for Mr. Mitchell instructed Mr. Mitchell not to answer, and he did not. *See* ECF 147. Counsel for the California Legislature had informed Mr. Mitchell's counsel that the Legislature was maintaining its privilege.

Plaintiffs[2] have now filed this motion to compel asking the Court to compel Mr. Mitchell's answers to those questions which he refused to answer and to compel Mr. Mitchell's production of documents commanded by the Subpoenas. ECF 147. In response, the Court ordered Defendant and Defendant-Intervenors (collectively, "Defendants") to respond to Plaintiffs' Motion, and order Defendants to be prepared to produce documents and make Paul Mitchell available for deposition either December 13th or 14th should the Court so order. ECF 153. Mr. Mitchell files this response, despite not being ordered to do so, in order to preserve his rights as a Non-Party to the action who does not fall under the authority of any of the Defendants.

### III. LEGAL STANDARD

A subpoena is necessary to obtain testimony or documents from anyone who is not a party to the action or controlled by a party to the action. Rules 30, 45. When a subpoena is issued within 14 days of the compliance date therein, the responding party must serve his objections before the time specified for compliance. Rule 45, section (d)(2)(B). The serving party may move the court for an order compelling production, but the order must protect non-parties from significant expense resulting from compliance. Rule 45, sections (d)(2)(B)(i)-(ii). To obtain an order compelling production, the moving party show that but for the assertion of privilege, the requested material would be discoverable. *Puente Arizona v. Arpaio*, 314 F.R.D. 664, 667 (D. Ariz. 2016) ("*Arpaio*").

---

[2] Plaintiff-Intervenor's moving papers [ECF 147] are styled so that Motion is brought solely by Plaintiff-Intervenor, however the supporting Hamill Declaration [ECF 147-1] and Proposed Order are styled such that the Motion is brought by Plaintiffs collectively.

Legislative privilege is a common-law evidentiary privilege. *La Union Del Pueblo Entro v. Abbott*, 68 F.4th 228, 235 (5th Cir. 2023) ("*Abbott*"). Obtaining information pertinent to potential legislation or investigation is legitimate legislative activity. *Arpaio*, 314 F.R.D. at 670; *See Miller v. Transamerican Press, Inc.*, 709 F.2d 524 (9th Cir. 1983) ("*Miller*").

## IV. ARGUMENTS & AUTHORITIES

**A.  Plaintiff-Intervenor's Command to Produce Materials Is Overbroad, Unduly Burdensome, and Disproportionate to the Needs of the Case as Paul Mitchell is Neither a Party to the Action nor a Party's Officer.**

Plaintiffs' in their moving papers contend that they are entitled to obtain discovery regarding any nonprivileged matter that is relevant to a claim or defense and proportional to the needs of the case. ECF 147 at 10.[3] Plaintiffs' repeatedly invoke Rule 26 to reason that their Subpoenas seek information that is discoverable, however, this Rule is not applicable to non-parties. Rule 26. While it is correct that Plaintiffs served only one request for documents, that request overly broad and vague:

"Your files, including, without limitation, all correspondence, memoranda, analyses, reports, tables, figures, charts, invoices, slide decks, talking points, electronic maps and data files, and other documents, relating to your conception, drafting, revision, analysis, or presentation of the California congressional map placed on the November 2025 ballot as Proposition 50." Manolius Dec. ¶ 3, Ex. A.

This request provides no defined terms, no limitation as to time, and no limitation as to "correspondence" with whom the request seeks. Mr. Mitchell works and communicates across various platforms and messaging systems, and has worked in map drawing for years. Mr. Mitchell's wide swath of information within his possession, custody, or control combined with the compound and over-inclusive nature of the request has resulted in, so far, a collection of 45,000 files for collection and review for privilege and responsiveness. Counsel anticipates that this number will only grow as Mr. Mitchell continues to work to collect possibly responsive materials.

---

[3] Citations to page numbers refer to the number in the top right-hand corner of the ECF document.

**B.     The Testimony and Documents Sought are Within the Scope of the Legislative Privilege.**

The scope of the legislative privilege covers a broad range of actions, as it encompasses "all aspects of the legislative process." *Abbott*, 68 F.4th at 235 (quoting *Tenney v. Brandhove*, 341 U.S. 367, 376, (1951); *Jackson Mun. Airport Auth. v. Harkins*, 67 F.4th 678, 686-87 (5th Cir. 2023)). "As part of that [legislative] process, lawmakers routinely '[m]eet[ ] with persons outside the legislature—such as executive officers, partisans, political interest groups, or constituents—to discuss issues that bear on potential legislation.'" *Abbott*, 68 F.4th at 235 (quoting *Almonte v. City of Long Beach*, 478 F.3d 100, 107 (2d Cir. 2007)). Accordingly, "some communications with third parties, such as private communications with advocacy groups, are protected by legislative privilege . . . ." *Id.* at 236 (quoting *Jackson Mun. Airport Auth.*, 67 F.4th at 686).

As the Fifth Circuit has recognized, "[a]n exception for communications 'outside the legislature' would swallow the rule almost whole, because 'meeting with interest groups is a part and parcel of the modern legislative procedure that which legislators receive information possibly bearing on legislation they are to consider.'" *Id.* at 236 (quoting *Bruce v. Riddle*, 631 F.2d 272, 280 (4th Cir. 1980)) (cleaned up). Therefore, while he is informed that the State Defendants will assert the legislative privilege in response to the Plaintiffs' motion, Mr. Mitchell too asserts this privilege.

DATED:  December 12, 2025               HANSON BRIDGETT LLP

                                        By:     */s/ Kimon Manolius*
                                             KIMON MANOLIUS
                                             PATRICK T. BURNS
                                             JACOB T. ZARONE
                                             SAMANTHA M. BACON Attorneys for
                                             Non-Party Paul Mitchell

**CERTIFICATE OF COMPLIANCE**

The undersigned, counsel for Non-Party Paul Mitchell, certifies that this brief contains 1270 words, which complies with the word limit of L.R. 11-6.1.

December 12, 2025                              /s/ Kimon Manolius
                                               KIMON MANOLIUS

# CERTIFICATE OF SERVICE

**Case Name: Tangipa et al v. Newsom et al No. 2:25-cv-10616-JLS-WLH-KKL**

I hereby certify that on December 12, 2025, I electronically filed the following documents with the Clerk of the Court by using the CM/ECF system:

**Non-Party Paul Mitchell's Response to Plaintiff-Intervenor's Motion to Compel Testimony of Paul Mitchell**

I certify that all parties in the case are registered CM/ECF users and that service will be accomplished by the CM/ECF system.

I declare under penalty of perjury under the laws of the State of California the foregoing is true and correct and that this declaration was executed on December 12, 2025, in San Francisco, California.

December 12, 2025                         */s/ Patrick T. Burns*
                                          PATRICK T. BURNS