# UNITED STATES DISTRICT COURT
## CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| DAVID TANGIPA, *et al.*, <br> *Plaintiffs*, <br> and <br><br> UNITED STATES OF AMERICA, <br> *Plaintiff-Intervenor*, <br> v. <br><br> GAVIN NEWSOM, in his official capacity as the Governor of California, *et al.*, <br> *Defendants*, | Case No.   2:25-cv-10616-JLS-KES <br> Three-Judge Court <br><br> DECLARATION OF JULIE A. HAMILL IN SUPPORT OF UNITED STATES' RENEWED MOTION FOR ADVERSE INFERENCE <br><br> Hon. Josephine L. Staton <br> Hon. Wesley L. Hsu <br> Hon. Kenneth K. Lee <br><br> Hearing Date: December 15, 2025 <br> Time: 9 a.m. <br> Courtroom: One |

I, Julie A. Hamill, do hereby declare and state as follows.

1.    I am an Assistant United States Attorney for the United States Department of Justice with the United States Attorney's Office for the Central District of California. I am admitted to practice in the Central District of California and represent the United States in the above-captioned matter.

2.    This Declaration is being submitted in support of Plaintiff-Intervenor the United States of America's Renewed Motion for Adverse Inference.

3.    The statements made in this Declaration are based on the knowledge acquired by me in the performance of my official duties and in conjunction with factual and legal research conducted by other attorneys and staff at the Department of Justice.

4.    On November 26, 2025, counsel for Plaintiffs served Plaintiffs' and Plaintiff-Intervenor's Interrogatories, Set One and Requests for Production, Set One on Defendants and Defendant-Intervenors, through their counsel, via email. A true and correct copy of the Requests for Production is attached here as **Exhibit 1.**

5.    On December 1, 2025, counsel for Defendant-Intervenor DCCC sent the DCCC's Responses and Objections to Plaintiffs' and Plaintiff-Intervenor's Interrogatories and Requests for Production and DCCC's first production of documents to the United States. A true and correct copy of DCCC's Responses and Objections to Plaintiffs' and Plaintiff-Intervenor's Requests for Production is attached here as **Exhibit 2.**

6.    Also on December 1, 2025, the United States formally served a deposition subpoena on Mr. Mitchell after several attempts. *See* Doc. 147-2.

7.    On December 2, 2025, counsel for Mr. Mitchell notified counsel for United States that Mr. Mitchell was unavailable for deposition on December 5, 2025. Accordingly, we agreed to schedule Mr. Mitchell's deposition for December 10, 2025, to accommodate his schedule.

8.    On December 10, 2025, at 1:16 AM, the day of Mr. Mitchell's deposition and two business days before the preliminary injunction hearing, I received an email from Mr. Mitchell's attorney acknowledging the "late hour" and asserting that Mitchell would be unable to "produce relevant non-privileged documents … before the December 15 hearing concludes." The email included formal objections to the production demand contained in the United States' subpoena. *See* Doc. 147-3.

9.    On December 10, 2025, at 9:07 AM, I responded to Mitchell's counsel with the United States' opposition to the belated objections and inappropriate application of the legislative privilege.

10.    On December 10, 2025, I took the deposition of Paul Mitchell. At the deposition, Mr. Mitchell's attorney asserted the legislative privilege and instructed Mr. Mitchell not

to answer approximately 122 questions. Mitchell produced zero documents at the deposition.

11.    At various points during the deposition and following its conclusion, counsel for Plaintiffs, counsel for Mr. Mitchell, and I conferred regarding the inappropriate assertion of privilege and the United States' intent to move to compel testimony and documents.

12.    On December 11, 2025, I sent another email to counsel for Mr. Mitchell to meet and confer, and we had a seventeen-minute phone call regarding the United States' then-impending motion to compel.

13.    During that phone call, counsel for Mr. Mitchell relayed to me that the California Legislature is asserting the legislative privilege as to Mr. Mitchell in this case, and that we should expect to hear from the Legislature in opposition to our motion to compel. Counsel for Mr. Mitchell also stated that he estimates roughly ten thousand responsive documents exist, and that we might begin receiving them in three weeks, but we will not receive any documents by the time the preliminary injunction hearing begins on December 15, 2025. Counsel for Mr. Mitchell also stated that Mr. Mitchell will not appear at the hearing on the motion for preliminary injunction. We did not reach an agreement on any of the legal issues pertaining to the legislative privilege.

14.    Accordingly, the United States filed an Ex Parte Application for Order to Compel the Testimony of Paul Mitchell ("Application") that evening, Doc. 147, and supplemented the motion the following day with the certified transcript, Doc. 159.

15.    On December 12, 2025, the Court ordered Defendants and Defendant-Intervenors to respond to the Application by 5:00 PM PST that day and advised Defendants and Defendant-Intervenors to "be prepared to produce documents and make Paul Mitchell available for deposition either December 13, 2025 or December 14, 2025 should the Court so order." Doc. 153.

16.    Defendants and Defendant-Intervenors timely filed separate responses to the Application. Docs. 154 (LULAC), 155 (Defendants), 157 (DCCC). Non-Party Legislature

of the State of California also timely filed a Request for Leave to File Opposition to Plaintiffs' Motion to Compel Testimony of Non-Party Paul Mitchell, which contained its brief in opposition. Doc. 158. Mitchell filed a response later that evening. Doc. 160.

17.    At 9:42 AM on December 13, 2025, the Court emailed the parties an order that provided: "**Mr. Mitchell must immediately produce non-privileged and responsive documents on a rolling basis starting today.**" (emphasis in original). A true and correct copy of that Order is attached here as **Exhibit 3.**

18.    At 10:44 AM, I forwarded the Court's email and order to Mitchell's counsel and (1) asked how soon we could expect to begin receiving documents today; (2) asked whether Mitchell maintained his legislative privilege objections or whether he would provide answers to any of the approximately 122 questions he was instructed not to answer; (3) advised that the United States was holding a court reporter on standby to depose Mitchell on Sunday, December 14, 2025, and asked whether he would sit for deposition then; and (4) asked Mitchell's counsel to please respond by noon PST. A true and correct copy of that email is attached here as **Exhibit 4.**

19.    At 12:37 PM, counsel for Mitchell responded: "As far as I can tell, the order does not provide for an additional deposition of Mr. Mitchell. And yes, Mr. Mitchell of course will comply with the Court's order with regard to the document production." *See* Ex. 4 at 3.

20.    At 1:20 PM, I responded to Mitchell's counsel that the United States construed his response as (1) declining to produce Mitchell for further deposition and (2) refusing to provide an estimate of the time at which we could begin receiving documents, notwithstanding the Court's order to immediately produce non-privileged and responsive documents on a rolling basis. *See* Ex. 4 at 2.

21.    At 1:42 PM, Mitchell's counsel advised that they were "working to commence production today and will do so." Notwithstanding the Court's December 12 order that provided notice that Mitchell should be prepared to produce documents on December 13,

Mitchell's counsel stated that he "d[id] not yet have an exact time" that the United States "will receive the first documents" but that they "began working on this soon after" seeing the Court's December 13 order. *See* Ex. 4 at 1.

22.     Counsel for the United States immediately requested U.S. Department of Justice litigation support employees to be available to assist with Mitchell's impending production, despite it being a Saturday, to ensure that counsel for the United States could review the documents immediately upon receipt. But after being on standby all afternoon and evening without receiving Mitchell's production, the litigation support team advised counsel for the United States that they were logging off for the evening at 8:22 PM PST, as it was 11:22 PM EST in Washington, D.C. where they are located.

23.     At 8:57 PM PST, Mitchell's counsel sent me a link to access an initial production. A true and correct copy of that email is attached here as **Exhibit 5.**  Mitchell's counsel did not initially send the link to any other counsel of record for the United States, notwithstanding their being copied on the aforementioned correspondence.

24.     After difficulties accessing the documents, counsel for the United States finally accessed the 3.4 GB of documents at 10:39 PM PST. Many of the files were produced in formats, such as .shx, .shp, .prj, .dbf, and .qmd files, that counsel for the United States is unable to access without assistance from their then-offline East Coast litigation-support team.

25.     Some of the documents in Mitchell's production are contained in subfolders titled "AAAJ_Venice_JA,"      "CAIR_Masjid      Badr,"      "HIP_Hmong_FIRM,"      and "ThaiCDC_ThaiTown,," within a folder titled "Asian Law Caucus."   On information and belief, "AAAJ" refers to Asian Americans Advancing Justice, "CAIR" refers to Council on American-Islamic Relations, "HIP" refers to Hmong Innovating Politics, and "ThaiCDC" refers to Thai Community Development Center.

26.     Attached hereto as **Exhibit 6** is a true and correct copy of a slide deck produced by Paul Mitchell on December 13 to the United States, entitled Donor Table.  I have reviewed

the metadata associated with this slide deck, which indicate that the "Author" of the slide deck is "Paul Mitchell" and that the deck was "Created" on July 28 and "Last Modified" on August 13 by "Paul Mitchell."

27.    Attached hereto as **Exhibit 7** is a true and correct copy of a document produced by Paul Mitchell to the United States on December 13, entitled EQCA Presentation.

28.    Attached hereto as **Exhibit 8** is a true and correct copy of a document produced by Paul Mitchell to the United States on December 13, entitled Courage Campaign presentation Nov. 13.

29.    Attached hereto as **Exhibit 9** is a true and correct copy of Paul Mitchell's contract with DCCC, as produced to the United States by DCCC on December 5.

30.    Attached hereto as **Exhibit 10** is a true and correct copy of DCCC's privilege log, as produced by DCCC to the United States on December 5.

31.    Between 10:23 and 10:41 AM on December 14, 2025, I sent individual emails to counsel for Defendants Newsom and Weber, Defendant-Intervenor LULAC, Defendant-Intervenor DCCC, non-party Paul Mitchell, and non-party State Legislature, advising that the United States was planning to file a Renewed Motion for Adverse Inference, explaining that the United States understands each entity's position based on the oppositions filed December 12, 2025, and offering to discuss over the phone if any entity believes it would be worthwhile, prior to noon.

32.    Attorneys for the California Defendants and DCCC asked for clarification. I then provided a list of bullet points outlining the reasons for filing of a renewed motion.

33.    Counsel for DCCC, Abba Khanna, called me on my cell phone shortly after I sent the bullet point email and asked for further details, which I provided to her.

34.    At 12:23 PM, counsel for the State Legislature, which is not a party to the case, asked to have a group discussion with all parties and counsel for Paul Mitchell. I offered her my cell phone to have further discussion and advised that we were already meeting and conferring with the parties.

35.     Counsel for the California Defendants sent an email at 12:36 PM claiming he did not feel we had sufficiently met and conferred, copying counsel for all parties and non-parties identified above. Accordingly, I set up a Teams line and invited all parties and non-parties to join.

36.     We held a brief Teams call at 1:00 PM, wherein counsel for the Legislature stated that they were not going to take a position on the application because they are not a party. The California Defendants asked for additional details beyond what the United States provided in its initial motion on December 11 and in its emails on December 14, 2025. The United States declined to provide further details, as the substance of the motion had already been relayed to all parties and non-parties.

37.     Counsel the California Defendants was still not satisfied with the meet and confer and stated that the California Defendants would oppose on grounds of failure to meet and confer. Accordingly, I offered to engage in further discussion via email, on my cellular phone, and via a Teams meeting.

38.     I opened another Teams conference line again from 2:45 – 3:00 PM.

39.     I called Clint Woods, attorney for the California Defendants, three times, and left a detailed voicemail offering to further discuss the ex parte application, noting that we needed to get it on file as soon as possible so that the court would have time to review it.

40.     I emailed all of the attorneys representing the California Defendants three times inviting them to speak to me on the Teams call. Jenni Rosenberg responded that Mr. Woods' email, which indicated that the California Defendants would oppose the United States' application for failure to meet and confer among other reasons, was the California Defendants' position. I again invited the attorneys to further discuss on Teams. No one joined the conference line.

41.     At 3:01 PM, I advised the attorneys for the California Defendants that I would end the call at 3:05 unless someone expressed interest in joining. Receiving no response, at 3:05 I ended the call.

Having reviewed this Declaration, I declare, under penalty of perjury and pursuant to 28 U.S.C. § 1746, that the foregoing is true and correct.

Executed on December 14, 2025, in Los Angeles, CA.

Respectfully submitted,

*s/ Julie A. Hamill*
JULIE A. HAMILL
Assistant United States Attorney