UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| DAVID TANGIPA, et al.,<br><br>Plaintiffs,<br><br>v.<br><br>GAVIN NEWSOM, in his official capacity as the Governor of California, et al.,<br><br>Defendants, | Case No.: 2:25-cv-10616-JLS-WLH-KKL<br><br>**ORDER RE: MOTION TO COMPEL TESTIMONY OF PAUL MITCHELL** |

  This case turns on whether California's congressional redistricting map reflects political—or racial—gerrymandering. The parties agree that Paul Mitchell was hired by Defendant-Intervenor Democratic Congressional Campaign Committee and drafted the maps in question. Supreme Court precedent highlights the importance of mapmakers' testimony in these cases. *See Alexander v. S.C. State Conf. of the NAACP*, 602 U.S. 1, 8, 19, 22–23 (2024); *Cooper v. Harris*, 581 U.S. 285, 338 (2017); *Easley v. Cromartie (Cromartie II)*, 532 U.S. 234, 254 (2001). According to Plaintiffs and Plaintiff-Intervenor, Mr. Mitchell allegedly told groups that he considered race as a primary factor in drawing the bounds of one or more congressional districts.

  Plaintiff-Intervenor served a subpoena on Mr. Mitchell on December 1, 2025 requiring him to appear for a deposition on December 5. At his request, his

1

deposition was rescheduled for December 10. But on the early morning of December 10—the day of the Mr. Mitchell's deposition and two business days before the preliminary injunction hearing—Mr. Mitchell's counsel, Kimon Manolius of Hansen Bridgett LLP, asserted for the first time that Mitchell is protected by legislative and other privileges. It is not clear why Mr. Manolius waited until the morning of the deposition to inform Plaintiffs that Mr. Mitchell would be asserting the legislative privilege. During Mr. Mitchell's deposition, Mr. Manolius invoked legislative privilege dozens of times and repeatedly directed Mr. Mitchell not to answer.

Mr. Manolius also served responses and objections to the subpoena that declined to produce any documents. In a separate email, he suggested he may produce non-privileged documents but said no documents or a privilege log would be produced before December 15, the day the preliminary injunction hearing will begin, and will take weeks to produce. Mr. Manolius also stated during the deposition that Mr. Mitchell will not appear at the preliminary injunction hearing, noting that it would be a "burden" on him.

First, we turn to Mr. Mitchell's claim of legislative privilege. While the federal Speech or Debate Clause protects members of Congress, state legislative activity is protected by a Federal Common Law doctrine based in comity. *United States v. Gillock*, 445 U.S. 360, 372, 374 (1980). Both privileges extend only to "legislative acts." *Gravel v. United States*, 408 U.S. 606, 626 (1972). Matters outside of "speech or debate in either House" are only protected if they constitute "an integral part of the deliberative and communicative process by which Members participate in committee and House proceedings." *Id.* at 625. In other words, the protection applies "only when necessary to prevent indirect impairment of deliberations" within the legislature. *Id.*

We need not address the precise legal contours of the legislative privilege as applied to our case at this time. Mr. Mitchell admits that he has non-privileged and responsive documents but has yet to produce a single document. For example, we question whether Mr. Mitchell can invoke a blanket legislative privilege for his actions, knowledge, and communications before July 2, 2025, which is the first time he communicated with California state legislators about redistricting. It should not take weeks to produce responsive documents, as Mr. Manolikus contends. **Mr. Mitchell must immediately produce non-privileged and responsive documents on a rolling basis starting today.**

Next, we turn to the First Amendment and deliberative process privileges. Neither is properly invoked here—and Mr. Mitchell appears to acknowledge it as much, as he does not try to defend these privileges in his opposition brief. Mr. Mitchell's freedom of association is not threatened here nor has he shown any likelihood of "harassment, membership withdrawal, [] discouragement of new members, or [] other consequences which objectively suggest an impact on, or chilling of . . . associational rights." *Perry v. Schwarzeneggar*, 591 F.3d 1147, 1160 (9th Cir. 2010). The First Amendment privilege does not apply. So too with the deliberative process privilege, which is "a form of executive privilege" that protects initial deliberations within an agency. *United States Fish & Wildlife Serv. v. Sierra Club, Inc.*, 592 U.S. 261, 267 (2021). No one contends that Mitchell worked within the California executive branch. Even if he did, final positions are not protected by the privilege. *Id.* at 269.

Therefore, the court orders that Mr. Mitchell must immediately produce on a rolling basis all responsive and non-privileged documents starting today. Mr. Mitchell must also produce a privilege log identifying any documents being withheld. Plaintiffs' request for an adverse inference instruction is denied without prejudice to being renewed later.

DATED: December 13, 2025

HON. JOSEPHINE L. STATON
UNITED STATES DISTRICT JUDGE

HON. KENNETH K. LEE
UNITED STATES CIRCUIT JUDGE

HON. WESLEY L. HSU
UNITED STATES DISTRICT JUDGE