**ARNOLD & PORTER KAYE SCHOLER LLP**
SEAN O. MORRIS (SBN 200368)
Sean.Morris@arnoldporter.com
777 South Figueroa Street
44th Floor
Los Angeles, CA 90017
T: (213) 243-4000
F: (213) 243-4199

JOHN A. FREEDMAN*
John.Freedman@arnoldporter.com
601 Massachusetts Ave, NW
Washington, DC 20001
T: (202) 942-5000
F: (202) 942-5999

**DEMOCRACY DEFENDERS ACTION**
NORMAN L. EISEN*
TIANNA MAYS*
SOFIA FERNANDEZ GOLD*
JACOB KOVACS-GOODMAN*
norman@democracydefenders.org
tianna@democracydefenders.org
sofia@democracydefenders.org
jacob@democracydefenders.org
600 Pennsylvania Ave SE, Unit 15180
Washington, DC 20003
T: (202) 594-9958

**JUSTICE LEGAL STRATEGIES PLLC**
JON M. GREENBAUM (SBN 166733)
jgreenbaum@justicels.com
P.O. Box 27015
Washington, DC 20038
T: (202) 601-8678

*Counsel for Intervenor-Defendant*
*League of United Latin American Citizens*

*\*Admitted pro hac vice*

UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA

WESTERN DIVISION

| | |
|---|---|
| DAVID TANGIPA. *et al*.,<br><br>Plaintiffs,<br><br>v.<br><br>GAVIN NEWSOM, *et al*.,<br><br>Defendants,<br><br>and<br><br>LEAGUE OF UNITED LATIN AMERICAN CITIZENS (LULAC),<br><br>Intervenor-Defendant. | Case No.  2:25-cv-10616-JLS-WLH-KKL<br><br>**INTERVENOR-DEFENDANT LEAGUE OF UNITED LATIN AMERICAN CITIZENS' OPPOSITION TO PLAINTIFFS AND INTERVENOR-PLAINTIFFS' RENEWED MOTION FOR ADVERSE INFERENCE**<br><br>Hon. Josephine L. Staton<br>Hon. Wesley L. Hsu<br>Hon. Kenneth K. Lee<br><br>Hearing Date:  December 15, 2025<br>Time:            9:00 a.m.<br>Courtroom:     One |

INTERVENOR-DEFENDANT LEAGUE OF UNITED LATIN AMERICAN CITIZENS' RESPONSE TO PLAINTIFFS' EX PARTE RENEWED MOTION FOR ADVERSE INFERENCE

Intervenor-Defendant League of United Latin American Citizens (LULAC) responds below to Plaintiffs' and Plaintiff-Intervenor United States' (collectively, "Plaintiffs") renewed *ex parte* motion for adverse inference (Dkt. Nos. 162, 165). LULAC requests the Court deny the motion.

## LULAC'S OPPOSITION RESPONSE

1. LULAC opposes Plaintiffs' request for an adverse inference based on the invocation of legislative privilege by non-parties to this case on behalf of the California legislature. Courts must "start with a presumption that the legislature acted in good faith" when drawing congressional district maps. *Alexander v. S.C. State Conference of the NAACP*, 602 U.S. 1, 6, 10 (2024); *see also Abbott v. League of United Latin Am. Citizens* ("*LULAC*"), No 25A608, 2025 WL 3484863, at *1 (U.S. Dec. 24, 2025). Plaintiffs' extraordinary request for an adverse inference and automatic win of preliminary injunctive relief (*see* Dkt. No. 162-12) regardless of other evidence is blatantly inconsistent with that presumption. Notably, in its order staying the *LULAC* injunction concurring justice, the Supreme Court emphasized the importance of "honor[ing the] presumption of good faith" – against a factual record where the Texas legislature repeatedly maintained its assertion of legislative privilege. *See LULAC v. Abbott*, No. 22-50407, 2022 WL 2713263, *1 (5th Cir. May 20, 2022). Racial gerrymandering jurisprudence does not allow such shortcuts— Plaintiffs actually have to prove their case.

2. On that point, Plaintiffs cited evidence fails to meet the "especially stringent" burden necessary to overcome the presumption of good faith. *Alexander*, 602 U.S. at 11. To the contrary, the documents that Plaintiffs cite from Paul Mitchell show that politics—not race—was the predominant focus of the Proposition 50 map. "The goal was flipping five" districts from red to blue while "also bolstering Dems" in ten other districts "[a]nd not weakening Democrats [sic] ability to win" previously safe Democratic seats." Dkt. No. 162-8 (Pltfs Ex. 7) at 6; *see also*, Dkt. No. 162-7 (Pltfs. Exh. 6) at 4 (noting the goal was to "push[] back on the mid-decade redistricting plans

1  from Texas and other states."), 10 (discussing creating a map that "puts California on

2  track to win <u>48 Democratic seats</u> in 2026"), 11-13 (discussing bolstering Democrat

3  incumbents and "pick[ing] up" five Republican seats), 15 (notes "achieving partisan

4  goals"); Dkt. No. 162-8 at 4-9 (discussing improving Democratic electoral

5  performance); Dkt. No. 162-9 (Pltfs' Exh. 8) at 5–14 (same).  Mr. Mitchell produced

6  over 700 documents in compliance with this Court's order; that those documents do

7  not support Plaintiffs' theories does not justify an adverse inference.

8    3. There is no dispute that LULAC has no control over Mr. Mitchell or his

9  assertion of legislative privilege.  Plaintiffs fail to cite any authority for imposing an

10  adverse inference sanction and granting a preliminary injunction—to the exclusion of

11  contrary evidence—based on the assertion of a privilege by non-parties outside of a

12  defendant's control.  *See MicroTechnologies, LLC v. Autonomy, Inc.*, No. 15-cv-

13  02220-JCS, 2018 WL 5013567, at *3 (holding an adverse inference against a party-

14  defendant was "inappropriate" based on a non-party witness the defendant did not

15  control).  Instead, Plaintiffs only cite cases discussing Rule 37 or Rule 16 sanctions,

16  which are inapplicable here.  *See Sali v. Corona Reg'l Medical. Ctr.*, 884 F.3d 1218,

17  1224 (9th Cir. 2018).

18    4. Even if Rule 16 or 37 did apply to this situation, Plaintiffs seek the most

19  "extreme sanction" – automatic entry of a preliminary injunction, essentially

20  foreclosing Defendants from presenting a defense – without coming close to the

21  necessary showing of "flagrant, bad faith disregard of discovery duties." *Wanderer v.*

22  *Johnston*, 910 F.2d 652, 655–56 (9th Cir. 1990) (citing *Nt'l Hockey League v. Metro.*

23  *Hockey Club, Inc.*, 427 U.S. 639, 643 (1976)).

24    The renewed motion should be denied.

25

26

27

28

- 4 -

Dated:  December 15, 2025

*/s/ John A. Freedman*
**ARNOLD & PORTER KAYE SCHOLER LLP**
JOHN A. FREEDMAN*
John.Freedman@arnoldporter.com
601 Massachusetts Ave, NW
Washington, DC 20001
T: (202) 942-5000
F: (202) 942-5999

SEAN O. MORRIS (SBN 200368)
Sean.Morris@arnoldporter.com
777 South Figueroa Street
44th Floor
Los Angeles, CA 90017
T: (213) 243-4000
F: (213) 243-4199


**JUSTICE LEGAL STRATEGIES PLLC**
JON M. GREENBAUM (SBN 166733)
jgreenbaum@justicels.com
P.O. Box 27015
Washington, DC 20038
T: (202) 601-8678

*Counsel for Intervenor-Defendant League of United Latin American Citizens*

*Admitted pro hac vice

**DEMOCRACY DEFENDERS ACTION**
NORMAN L. EISEN*
TIANNA MAYS*
SOFIA FERNANDEZ GOLD*
JACOB KOVACS-GOODMAN*
norman@democracydefenders.org
tianna@democracydefenders.org
sofia@democracydefenders.org
jacob@democracydefenders.org
600 Pennsylvania Ave SE,
Unit 15180
Washington, DC 20003
T: (202) 594-9958

INTERVENOR-DEFENDANT LEAGUE OF UNITED LATIN AMERICAN CITIZENS' RESPONSE TO PLAINTIFFS' EX PARTE RENEWED MOTION FOR ADVERSE INFERENCE

**CERTIFICATION OF COMPLIANCE WITH LOCAL RULE 11-6.2**

The undersigned, counsel for Defendant-Intervenor LULAC, certifies that this brief contains 607 words, which complies with the word limit of L.R. 11-6.1.

*/s/ John A. Freedman*
John A. Freedman

**ATTESTATION PURSUANT TO LOCAL RULE 5-4.3.4**

This certifies, pursuant to Local Rule 5-4.3.4, that all signatories to this document concur in its content and have authorized this filing.

*/s/ John A. Freedman*
John A. Freedman

# CERTIFICATE OF SERVICE

Case Name:  Tangipa et al v. Newsom et al   No. 2:25-cv-10616-JLS-WLH-KKL

I hereby certify that on <u>December 15, 2025</u>, I electronically filed the following documents with the Clerk of the Court by using the CM/ECF system:

**INTERVENOR-DEFENDANT LEAGUE OF UNITED LATIN AMERICAN CITIZENS' RESPONSE TO THE COURT'S ORDER REGARDING EX PARTE MOTION TO COMPEL TESTIMONY OF PAUL MITCHELL**

I certify that **all** participants in the case are registered CM/ECF users and that service will be accomplished by the CM/ECF system.

I further certify that I caused this document to be served on non-party Paul Mitchell via e-mail to his attorneys, Kimon Manolius and Samantha Bacon, of Hanson Bridgett, LLP at the email addresses below:

kmanolius@hansonbridgett.com; sbacon@hansonbridgett.com

I declare under penalty of perjury under the laws of the State of California the foregoing is true and correct and that this declaration was executed on <u>December 15, 2025</u>, in Los Angeles, California.

*/s/ John A. Freedman*
Signature