FILED
CLERK, U.S. DISTRICT COURT
12/19/25
CENTRAL DISTRICT OF CALIFORNIA
BY_____MRV_____DEPUTY
DOCUMENT SUBMITTED THROUGH THE
ELECTRONIC DOCUMENT SUBMISSION SYSTEM

**CARL GORDON**
**PROPOSED INTERVENOR, PRO SE**
**UNIVERSITY OF THE 'HOOD®**
8306 Wilshire Blvd., No. 792
Beverly Hills, CA 90211
Tel. (310) 926-3939 Email: universityofthehood@gmail.com

# UNITED STATES DISTRICT COURT
## CENTRAL DISTRICT OF CALIFORNIA WESTERN DIVISION

DAVID TANGIPA, *ET AL.*,

    *PLAINTIFFS*,

  AND

UNITED STATES OF AMERICA,

    *PLAINTIFF-INTERVENOR*,

  V.

GAVIN NEWSOM, IN HIS OFFICIAL
CAPACITY AS THE GOVERNOR OF
CALIFORNIA, *ET AL.*,

    *DEFENDANTS*,

AND

DEMOCRATIC CONGRESSIONAL
CAMPAIGN COMMITTEE, ET AL.,

    *DEFENDANT-INTERVENORS*

CASE No: 2:25-cv-10616-JLS-WLH-KKL

**CARL GORDON'S EMERGENCY**
**PROPOSED NOTICE OF MOTION**
**AND MOTION TO INTERVENE**
**PURSUANT TO FED. R. CIV. P. 24(a)**
**AND 24(b); REQUEST FOR**
**EXPEDITED RULING BY DEC. 22,**
**2025; AND FOR LEAVE TO FILE**
**PROPOSED RULE 56 SUMMARY**
**JUDGMENT MATERIALS,**
**PROPOSED STATEMENT OF**
**UNDISPUTED FACTS, PROPOSED**
**REQUEST FOR JUDICIAL NOTICE,**
**AND REQUEST TO TRANSFER TO**
**THE U.S. DISTRICT COURT FOR**
**THE DISTRICT OF COLUMBIA**
INVOLVING NON-WAIVABLE
STRUCTURAL DISQUALIFICATION AND
Appearance-of-Impartiality Concerns Under
28 U.S.C. § 455, Arising From Overlapping
California And Federal Election Litigation
In Which A Member of The Three-Judge
Court Is A Named Defendant/Appellee

Judges:    Hon. Josephene L. Staton
             Hon. Wesley L. Hsu
             Hon. Kenneth K. Lee

**TABLE OF CONTENTS**

I.**INTRODUCTION** ................................................................ ....... 1

II.**TIMELINESS AND DILIGENCE OF PROPOSED INTERVENOR** ................. 3

III.**GOVERNING LEGAL STANDARDS** ....................................... 5

  A.Intervention as of Right Under Federal Rule of Civil Procedure 24(a)(2) ........... . 5

  B.Permissive Intervention Under Federal Rule of Civil Procedure 24(b) .................... 6

  C. Structural Disqualification and Appearance-of-Impartiality

    Principles Under 28 U.S.C. § 455 .........................................,,,,.... 7

  D.Transfer Authority Where Structural Federal Interests Are Implicated ..................... 8

IV. **ARGUMENT — INTERVENTION IS WARRANTED**

  **UNDER RULE 24(a)(2) AND RULE 24(b)** ................................. 9

  A.Significant Protectable Interests ......................................... 9

  B. Practical Impairment of Those Interests ................................. 11

  C. Inadequacy of Existing Representation .................................. 13

  D. Permissive Intervention ................................................ 15

  E. Transfer to Preserve Structural Federal Interests ........................ 16

  F. Irreparable Impairment Absent Immediate Intervention ................... 17

V. **STATUS OF LODGED MATERIALS AND**

  **NON-REQUEST FOR ADJUDICATION** ................................. 19

VI. **PROCEDURAL POSTURE AND**

  **APPEARANCE-OF-IMPARTIALITY CONSIDERATIONS**

  **UNDER 28 U.S.C. § 455**

  **RELEVANT TO RULE 24 INTERVENTION** ............................ 21

  A. FCA Seal Disclosure and Related-Case Transfer ........................ 22

  B. Sealed-Chambers Access and Judicial Overlap ......................... 23

  C. Withholding of Filings and Appellate Interaction Under § 2106 ............... 25

  D. Appellate Panel Overlap and *Clark v. Weber* ......................... 27

  E. Rule 24 Impairment Tied to § 455 Appearance Concerns ................. 28

VII. **RELIEF REQUESTED** ........................................... 29

**CONCLUSION** ...................................................... 30

i

**CERTIFICATE OF COMPLIANCE** ................................................................. 31

**PROOF OF SERVICE** ............................................................................... 36

**TABLE OF AUTHORITIES**

*(Scaled to 32-Page Document)*

**Cases**

*A.W. Clark v. Shirley Weber,*
No. 2:21-cv-06558-MWF-KS (C.D. Cal.) ............................................... 27

*Clark v. Weber,*
68 F.4th 678 (9th Cir. 2023) ......................................................... 27–28

*Forest Conservation Council v. U.S. Forest Serv.,*
66 F.3d 1489 (9th Cir. 1995) .............................................................. 6

*Griggs v. Provident Consumer Discount Co.,*
459 U.S. 56 (1982) ..................................................................... 25–26

*In re Governorship,*
26 Cal. 3d 110 (1979) ................................................................. 23, 24

*Liljeberg v. Health Servs. Acquisition Corp.,*
486 U.S. 847 (1988) ...................................................................... 7

*Trbovich v. United Mine Workers,*
404 U.S. 528 (1972) ................................................................... 6, 14

*United States ex rel. Lee v. Horizon West, Inc.,*
245 F.3d 657 (9th Cir. 2001) ......................................................... 22–23

**Constitutional Provisions**

U.S. Const. art. VI, cl. 2 (Supremacy Clause) ...................................... 8

U.S. Const. amend. V ................................................................... 17

U.S. Const. amend. XIV ................................................................ 17

Cal. Const. art. II, § 17 ............................................................ 23

Cal. Const. art. V, § 10 ............................................................. 23

ii

2

**Statutes**

28 U.S.C. § 455 ................................................................................................. 7, 21

28 U.S.C. § 1404(a) ................................................................................................. 8

28 U.S.C. § 1406(a) ................................................................................................. 8

28 U.S.C. § 1631 ..................................................................................................... 8

28 U.S.C. § 2106 ............................................................................................... 25–26

31 U.S.C. § 3730(b)(2) ..................................................................................... 22–23

52 U.S.C. §§ 20901–21145 (HAVA) .................................................................... 19

**Federal Rules**

Fed. R. Civ. P. 24(a)(2) ..........................................................................................20

Fed. R. Civ. P. 24(b) ......................................................................................... 6, 15

Fed. R. Civ. P. 56 ................................................................................................... 2

**Local Rules**

C.D. Cal. Local Rule 7-15 ....................................................................................... 2

C.D. Cal. Local Rule 11-6 ..................................................................................... 31

**Executive Orders**

Executive Order N-03-19 (Jan. 7, 2019) .............................................................. 23

## NOTICE OF MOTION

TO ALL PARTIES COUNSEL OF RECORD, AND TO THE COURT:

PLEASE TAKE NOTICE that Proposed Intervenor Carl Gordon, appearing pro se, hereby respectfully moves this Court for an order granting leave to intervene in this action pursuant to Federal Rule of Civil Procedure 24(a) and 24(b).

This Motion further seeks:

1. An expedited ruling by **December 22, 2025**, in light of imminent election-administration deadlines and the need to preserve substantial federal constitutional and structural issues for meaningful review;

2. Leave to file, upon the granting of intervention, the following proposed materials:

   - Proposed Rule 56 summary judgment materials;
   - Proposed Statement of Undisputed Facts;
   - Proposed Request for Judicial Notice; and
   - Supporting exhibits;

3. An order transferring this action to the United States District Court for the District of Columbia, pursuant to 28 U.S.C. §§ 1404(a), 1406(a), and/or 1631, to ensure neutral adjudication of overlapping federal election-law and structural issues.

4. All supporting exhibits and federal records, to be filed in a separate CM/ECF submission upon the Court's granting of Gordon's concurrently filed **Application for Permission to E-File** in this case.

This Motion is based upon this Notice, the accompanying Memorandum of Points and Authorities, all pleadings and papers on file in this action, the proposed materials lodged concurrently herewith, and upon such further argument and evidence as the Court may consider. Pursuant to Local Rule 7-15, Proposed Intervenor does not request oral argument and respectfully submits this Motion for decision on the papers.

**VOLUNTARY NOTICE CONCERNING LOCAL RULE 7-3**

This voluntary notice is submitted without conceding that Local Rule 7-3 applies to pro se proposed intervenors, and solely to ensure fairness and procedural transparency.

Proposed Intervenor did not seek prior stipulation or conduct a meet-and-confer regarding this Motion because such a requirement does not apply to motions to intervene, particularly where the movant is not yet a party and seeks limited, threshold relief under Federal Rule of Civil Procedure 24.

Nevertheless, Proposed Intervenor notes that other recent motions to intervene in this action—including those filed by LULAC, the Democratic Congressional Campaign Committee, and the Intervenor-Plaintiff United States of America— were adjudicated within two days without meet-and-confer proceedings.

Proposed Intervenor respectfully seeks equivalent treatment and prompt resolution, consistent with the Court's prior handling of intervention motions in this case.

**Supplemental Notice Regarding Lodged Materials and Deferred Service**

Proposed Intervenor respectfully submits this Supplemental Notice to clarify the status of the materials referenced in the Motion to Intervene and the scope of service being effected at this time.

Proposed Intervenor appears pro se and is not yet a party to this action. No meet-and-confer obligation applies. Accordingly, only the Motion to Intervene is being filed and served at this time. No supporting exhibits, proposed summary-judgment materials, proposed Statement of Undisputed Facts, proposed Request for Judicial Notice, or other materials are being filed or served.

The materials referenced in the Motion to Intervene are identified solely for the Court's awareness and reference. Proposed Intervenor understands the Court's December 18, 2025 Order regarding consolidated exhibit filings by existing parties and respectfully notes that no exhibits are submitted at this time because Proposed Intervenor is not yet a party to the action and has not yet been granted permission to file electronically as a self-represented litigant. Proposed Intervenor therefore seeks leave to lodge and file all proposed materials electronically upon the granting of intervention, or as otherwise directed by the Court.

With respect to service, and in light of the unusually large number of parties and counsel of record in this matter, Proposed Intervenor has, at this time, limited service of the Motion to Intervene to the United States of America and principal counsel for the existing Plaintiffs and Defendants. This limited service is provided solely in the interest of notice and fairness under expedited circumstances and does not concede that broader service is required prior to intervention.

Proposed Intervenor respectfully represents that, should the Court grant intervention, grant permission to file electronically, or otherwise direct, he will promptly effect service of any additional materials on any remaining parties or counsel as the Court deems appropriate.

and the following lodged materials:

- Proposed Rule 56 summary judgment materials;
- Proposed Statement of Undisputed Facts;
- Proposed Request for Judicial Notice; and
- Supporting exhibits.

This service will be provided solely in the interest of fairness and transparency, and without conceding that any such materials are presently ripe for adjudication or that any procedural requirement applies prior to the granting of intervention.

**BASIS FOR THE MOTION**

This Motion is based on the following:

• The accompanying Memorandum of Points and Authorities;

• The proposed Rule 56 summary judgment materials, including the Proposed Statement of Undisputed Facts and Proposed Request for Judicial Notice, which Proposed Intervenor seeks leave to file and rely upon upon the granting of intervention and permission to file electronically;

• The Court's file and docket in the instant case; and

• The files and dockets of directly related cases, including but not limited to the following:

**Directly Related District Court Cases**

- **Gordon v. Newsom et al. ("Gordon I")**

  C.D. Cal. No. 2:21-cv-07270-FMO-MAR / Ninth Cir. No. 22-55640

  (Rule 60(d)(3); Judges Olguin & Rocconi)

- **United States ex rel. Gordon v. Newsom et al.**

  C.D. Cal. No. 2:23-cv-06727-JLS-MAR

  (Rule 60(d)(3); Judges Staton & Rocconi) — *Judge Staton presided*

- **Carl Gordon v. Kounalakis**

  C.D. Cal. No. 2:24-cv-03683-MRA-AS / Ninth Cir. No. 25-561

  (Rule 60(d)(3); Judges Almadani & Sagar)

- **Carl Gordon v. Gavin Newsom, et al.**

  C.D. Cal. No. 2:24-cv-06476-MRA-AS / Ninth Cir. No. 25-5722

  (Rule 60(d)(3); Judges Almadani & Sagar)

- **Carl Gordon v. Fernando Manzano Olguin et al.**

  C.D. Cal. No. 2:24-cv-05384-MWF / Ninth Cir. No. 25-1190

  (42 U.S.C. § 1983; Judge Fitzgerald presided)

- **United States ex rel. Gordon v. Newsom et al.**

  C.D. Cal. No. 2:25-cv-04705-AB(SSx)

  (False Claims Act, 31 U.S.C. §§ 3729–3733; Judge André Birotte Jr.)

**Directly Related Ninth Circuit Appeals**

- **Gordon v. Newsom et al.**, Ninth Cir. No. 25-5722

- **Gordon v. Gutierrez**, Ninth Cir. No. 25-1250

9

- **Gordon v. Olguin et al.**, Ninth Cir. No. 25-1190 (*Judge Staton as Appellee*)

- **Gordon v. Kounalakis et al.**, Ninth Cir. No. 25-561

**Directly Related External District Court Proceedings**

- **A.W. Clark v. Shirley Weber**
  C.D. Cal. No. 2:21-cv-06558-MWF-KS / Ninth Cir. No. 21-56337
  (Judge Fitzgerald presided)

- **United States v. Ramirez**,
  C.D. Cal. (Riverside) No. 5:25-cr-00264

- **Steve Hilton v. Shirley Weber et al.**,
  C.D. Cal. No. 8:25-cv-01988-KK-E
  (*Amicus Curiae*: Carl Gordon)

- **Rep. Ronny Jackson v. Shirley Weber et al.**,
  N.D. Tex. No. 2:25-cv-00197-Z
  (*Amicus Curiae*: Carl Gordon)

- **Abbott, et al. v. League of United Latin American Citizens, et al.**,
  SCOTUS No. 25A608;
  U.S. District Court, W.D. Tex. No. 3:21-cv-00259-DCG-JES-JVB

**FOUNDATIONAL AUTHORITIES RELEVANT TO LEGAL DISABILITY, FEDERAL PREEMPTION, AND CONFLICT-OF-INTEREST FRAMEWORK**

Foundational constitutional, statutory, and regulatory authorities relevant to this Motion include:

**California Constitutional and Statutory Authorities**

- California Constitution art. II, § 17 (recall-related disqualification)

- California Constitution art. V, § 10 (temporary disability and transfer of authority)

- Government Code §§ 1090, 87100, 87103, 8920 (financial and ethical prohibitions)

- Executive Order N-03-19 (Jan. 7, 2019) (mandatory recusal for conflicts)

- *In re Governorship*, 26 Cal. 3d 110 (1979) (legal disability doctrine)

**Federal Constitutional Framework**

- U.S. Const. art. VI, cl. 2 — Supremacy Clause

- Fifth Amendment — Takings Clause

- Fourteenth Amendment — Due Process and Equal Protection

**Federal Statutory and Regulatory Framework**

- Help America Vote Act (HAVA), 52 U.S.C. §§ 20901–21145

- CARES Act election funding, Pub. L. No. 116-136 § 5001

- 2 C.F.R. § 200.423 (prohibited election expenditures)

- Federal Records Act, 44 U.S.C. §§ 2101–2118

- Electoral Count Act, 3 U.S.C. §§ 5–6

- Civil Rights Act of 1964 (including Title VI)

- Voting Rights Act of 1965, 52 U.S.C. §§ 10101–10508

**Federal Enforcement and Supervisory Authorities**

- 28 U.S.C. §§ 516–519 (DOJ exclusive litigation authority)

- 44 U.S.C. § 2108(d) (NARA authority to annotate/correct Electoral College records)

- 3 U.S.C. § 6 (requirement of lawful certification of electoral votes)

**Dated**: December 19, 2025                Respectfully submitted,

Carl Gordon

Carl Gordon
Proposed Intervenor, Pro Se
8306 Wilshire Blvd., No. 792
Beverly Hills, CA 90211
universityofthehood@gmail.com
(310) 926-3939

# MEMORANDUM OF POINTS AND AUTHORITIES

## I. INTRODUCTION

Proposed Intervenor Carl Gordon respectfully seeks leave to intervene in this action pursuant to Federal Rule of Civil Procedure 24(a) and 24(b) for the limited and specific purpose of preserving and presenting federal constitutional, statutory, and structural issues that cannot be adequately raised by the existing parties.

This Motion does not request adjudication of the merits of any claim, defense, or judicial-disqualification issue. Nor does it seek any finding of actual bias. Rather, it addresses a threshold procedural circumstance: the presence of non-waivable structural considerations under 28 U.S.C. § 455, arising from overlapping California and federal election litigation in which a member of the three-judge court is a named defendant/appellee in related proceedings currently pending on appeal.

Because the outcome of this case bears directly on federal election administration, congressional representation, and national political consequences, and because the procedural posture presents appearance-of-impartiality concerns that intersect with Rule 24's adequacy-of-representation and impairment inquiries, intervention is necessary to ensure a complete record and to protect interests that would otherwise be foreclosed.

## II. TIMELINESS AND DILIGENCE OF PROPOSED INTERVENOR

Proposed Intervenor respectfully advises the Court that he appears pro se, and that his ability to file earlier was constrained by limited time and the necessity of conducting careful legal research before submitting filings not only to this Court,

but also in multiple related and overlapping proceedings pending before the United States Court of Appeals for the Ninth Circuit ("Ninth Circuit") and the United States District Court for the Central District of California ("C.D. Cal.").

In the period immediately preceding the preliminary injunction hearing in this matter, Proposed Intervenor was actively engaged in related federal litigation raising substantially identical factual, legal, and constitutional issues, including *United States of America ex rel. Carl Gordon v. Gavin Newsom, et al.*, Case No. 2:25-cv-04705-AB-SSC. In that action, material filings were made on December 11, 13, and 14, 2025, including, most significantly, an Emergency Motion for Partial Relief from Void Order Pursuant to Federal Rule of Civil Procedure 60(b)(4)[1], filed on December 14, 2025, and entered on December 15, 2025.

Upon completing those filings and becoming aware of the accelerated posture of the instant case, Proposed Intervenor acted promptly and diligently to prepare and submit the present Motion. The timing of this request reflects good-faith diligence, not delay, and is necessitated by the convergence of multiple related proceedings presenting overlapping election-law, constitutional, and federal-structural issues.

Although not yet a party in this action, Proposed Intervenor is actively litigating several directly related cases presently pending before the Ninth Circuit and C.D.

---

[1] The referenced Emergency Motion was filed pursuant to Federal Rule of Civil Procedure 60(b)(4) and asserted jurisdictional voidness, not discretionary reconsideration. Specifically, the motion challenged a portion of the Court's November 26, 2025, Order as void ab initio due to the absence of lawful Executive authority underlying the Government's purported False Claims Act declination. Because a judgment entered without jurisdiction or lawful authority is a legal nullity, Rule 60(b)(4) mandates relief as a matter of law and warrants prompt judicial attention. See *United Student Aid Funds, Inc. v. Espinosa*, 559 U.S. 260, 271 (2010).

14

Cal., all of which are factually and legally germane to the issues before this Court. Under these circumstances, the Motion to Intervene is timely and causes no prejudice to any party.

## III. GOVERNING LEGAL STANDARDS

### A. Intervention as of Right Under Federal Rule of Civil Procedure 24(a)(2)

Federal Rule of Civil Procedure 24(a)(2) provides that, upon timely motion, a court must permit intervention to anyone who:

1. Claims an interest relating to the property or transaction that is the subject of the action;

2. Is so situated that disposing of the action may as a practical matter impair or impede the movant's ability to protect that interest; and

3. Is not adequately represented by existing parties.

*See* Fed. R. Civ. P. 24(a)(2); Wilderness Soc'y v. U.S. Forest Serv., 630 F.3d 1173, 1177 (9th Cir. 2011) (en banc).

Rule 24(a)(2) is to be construed broadly in favor of intervention, with "practical and equitable considerations" guiding the analysis. *See* Sw. Ctr. for Biological Diversity v. Berg, 268 F.3d 810, 818 (9th Cir. 2001). The burden of showing inadequacy of representation is minimal, and is satisfied where representation of the applicant's interest "may be" inadequate. *See* Trbovich v. United Mine Workers, 404 U.S. 528, 538 n.10 (1972).

Importantly, Rule 24 focuses not on the merits of the intervenor's position, but on whether the intervenor's interests will be practically impaired if intervention is

denied. *See* Forest Conservation Council v. U.S. Forest Serv., 66 F.3d 1489, 1493–94 (9th Cir. 1995).

**B. Permissive Intervention Under Federal Rule of Civil Procedure 24(b)**

Federal Rule of Civil Procedure 24(b) further authorizes permissive intervention where the proposed intervenor "has a claim or defense that shares with the main action a common question of law or fact." Fed. R. Civ. P. 24(b)(1)(B).

In exercising discretion under Rule 24(b), courts consider whether intervention will unduly delay or prejudice the adjudication of the original parties' rights. *See* Spangler v. Pasadena City Bd. of Educ., 552 F.2d 1326, 1329 (9th Cir. 1977).

Where, as here, the proposed intervention is limited in scope, seeks no immediate merits adjudication, and is directed toward preserving constitutional, statutory, and structural issues for orderly resolution, permissive intervention is appropriate even if intervention as of right were not compelled.

**C. Structural Disqualification and Appearance-of-Impartiality Principles Under 28 U.S.C. § 455**

Although this Motion does not seek disqualification or adjudication under 28 U.S.C. § 455, the statute provides essential context for evaluating Rule 24's impairment and adequacy-of-representation elements in this case.

Section 455(a) requires a federal judge to disqualify herself "in any proceeding in which her impartiality might reasonably be questioned." 28 U.S.C. § 455(a). This is an objective standard, asking whether a reasonable, informed observer would question the judge's impartiality—not whether actual bias exists. *See* Liljeberg v. Health Servs. Acquisition Corp., 486 U.S. 847, 860–61 (1988).

16

Section 455(b)(5) further mandates disqualification where a judge "is a party to the proceeding" or has an interest that could be substantially affected by the outcome. 28 U.S.C. § 455(b)(5). This provision is non-waivable and admits of no balancing test.

These principles are relevant here not because Proposed Intervenor seeks a § 455 ruling, but because the procedural posture creates an appearance issue: the Court is being asked to adjudicate matters overlapping with its own prior judicial actions, while related California and federal election litigation—raising overlapping constitutional and remedial questions—remains pending on appeal and involves a member of this three-judge court as a named defendant or appellee.

In such circumstances, existing parties cannot raise these issues without structural conflict, because doing so would necessarily implicate overlapping judicial conduct, appellate proceedings, and remedial doctrines that fall outside the scope of the parties' immediate merits disputes. Rule 24 exists precisely to permit intervention where interests are otherwise unrepresented or practically impaired by the structure of the litigation itself.

Accordingly, § 455 is not invoked here as a basis for relief, but as a structural backdrop informing why intervention is necessary to preserve a complete record, ensure orderly presentation of federal issues, and avoid irreversible impairment of interests that cannot otherwise be adequately protected.

**D. Transfer Authority Where Structural Federal Interests Are Implicated**

Finally, where a case presents overlapping federal constitutional issues, national election consequences, and non-waivable structural considerations, district courts

possess authority to transfer the action to another district "in the interest of justice." *See* 28 U.S.C. §§ 1404(a), 1406(a), 1631.

Transfer is particularly appropriate where it serves to promote neutrality, judicial economy, and public confidence in the administration of justice, without resolving or presuming any merits question. Proposed Intervenor's request for transfer is therefore procedural and prophylactic, not accusatory, and is properly considered in conjunction with intervention.

## IV. ARGUMENT — INTERVENTION IS WARRANTED UNDER RULE 24(a)(2) AND RULE 24(b)

### A. Proposed Intervenor Possesses Significant, Legally Protectable Interests Relating to the Subject of This Action

Rule 24(a)(2) requires only that a proposed intervenor assert an interest "relating to the property or transaction that is the subject of the action." Fed. R. Civ. P. 24(a)(2). The Ninth Circuit construes this requirement broadly, recognizing that the interest need not be economic, exclusive, or identical to that of an existing party. *See* Wilderness Soc'y, 630 F.3d at 1179.

Here, Proposed Intervenor's interests are direct and substantial. This action concerns the constitutionality, administration, and federal consequences of California's statewide election framework, including redistricting, federal funding, and remedial authority. Proposed Intervenor is actively litigating multiple related federal cases challenging the same election infrastructure, executive actions, and legislative enactments, and those cases raise overlapping constitutional, statutory, and jurisdictional questions.

Because the disposition of this case will shape the governing legal framework for federal elections, congressional representation, and the permissible scope of state authority, Proposed Intervenor has a concrete and protectable interest in ensuring that the record fully addresses federal structural issues that extend beyond the immediate claims advanced by the existing parties.

## B. Disposition of This Action May, as a Practical Matter, Impair or Impede Proposed Intervenor's Ability to Protect Those Interests

The impairment element of Rule 24(a)(2) is satisfied where the resolution of an action "may as a practical matter impair" the proposed intervenor's interests. Fed. R. Civ. P. 24(a)(2) (emphasis added). This standard is intentionally pragmatic and does not require certainty of harm. *See* California ex rel. Lockyer v. United States, 450 F.3d 436, 441 (9th Cir. 2006).

If this action proceeds without intervention, the Court's rulings may:

- Establish precedential or persuasive determinations concerning voter intent, legislative authority, and remedial limits;

- Resolve federal constitutional issues in a posture that forecloses consideration of alleged fraud, misrepresentation, or structural illegality preceding voter approval; and

- Be invoked or relied upon in parallel proceedings presently pending before the Ninth Circuit and other federal courts.

Once entered, such rulings could materially constrain Proposed Intervenor's ability to protect his interests in related litigation, even if he is not formally

bound as a party. Rule 24 exists precisely to prevent this form of practical impairment.

## C. Existing Parties Do Not Adequately Represent Proposed Intervenor's Interests

The burden of showing inadequate representation under Rule 24(a)(2) is minimal and is satisfied where representation of the proposed intervenor's interests "may be" inadequate. *See* Trbovich, 404 U.S. at 538 n.10.

That standard is met here for several independent reasons.

First, the existing parties are focused on the merits of Proposition 50 and related redistricting disputes, whereas Proposed Intervenor seeks to preserve and present structural federal issues, including the interaction between voter approval, alleged pre-election illegality, and the availability of federal remedies.

Second, the procedural posture creates an appearance issue: the Court is being asked to adjudicate matters overlapping with its own prior judicial actions, while related election-law rulings involving the same Governor, the same Legislature, and overlapping legal doctrines remain pending on appeal. Existing parties cannot raise these issues without structural conflict, nor can they reasonably be expected to advance arguments that implicate appellate proceedings in which a member of the three-judge court is a named defendant or appellee.

Third, Proposed Intervenor's interests are not partisan. They concern federal jurisdiction, constitutional structure, and the integrity of judicial review—interests that differ materially from those of both the governmental parties and the political organizations presently before the Court.

20

Accordingly, Proposed Intervenor's interests are not adequately represented.

**D. Alternatively, Permissive Intervention Is Appropriate Under Rule 24(b)**

Even if the Court were to conclude that intervention as of right is not compelled, permissive intervention is independently warranted under **Rule 24(b)(1)(B)**.

Proposed Intervenor's claims and defenses share common questions of law and fact with the main action, including:

- The scope of federal constitutional constraints on state election administration;

- The legal significance of voter approval where allegations of pre-election illegality exist; and

- The proper remedial framework for resolving election-law disputes with national consequences.

Because Proposed Intervenor seeks limited participation, no immediate merits adjudication, and no delay of scheduled proceedings, permissive intervention would not prejudice any party or disrupt the orderly progress of the case. To the contrary, it would assist the Court by ensuring that all relevant federal issues are presented in a structured and transparent manner.

**E. Transfer Is Appropriate to Protect Structural Federal Interests and Public Confidence**

Finally, the same considerations supporting intervention support transfer to the United States District Court for the District of Columbia. Where a case presents overlapping federal constitutional issues, national election consequences, and

non-waivable structural considerations, transfer serves the interests of justice by promoting neutrality, judicial economy, and public confidence.

Proposed Intervenor's request for transfer is procedural and prophylactic, not accusatory. It seeks to ensure that federal structural questions are adjudicated in a forum unencumbered by overlapping proceedings, without requiring this Court to resolve any issue concerning its own participation.

**F. Without Immediate Intervention, Proposed Intervenor's Federal Rights Will Be Irreparably Impaired**

Without immediate intervention under Federal Rule of Civil Procedure 24(a) and 24(b), Proposed Intervenor will have no meaningful opportunity to protect his federal constitutional rights, voting rights, and Rule 56 summary judgment interests in this action.

The constitutional and federal-statutory issues implicated by this proceeding are not abstract or speculative. They directly bear on the legality of California's election-administration framework and the use of federal authority and funds, including:

- The validity of Assembly Bill 604 and the administration of Proposition 50;

- Federal intervention and enforcement interests, including the United States' asserted role in election oversight;

- The misuse of federal funds, including funds appropriated under the Help America Vote Act ("HAVA") and the CARES Act;

22

- Supremacy Clause preemption of SB 423, SB 152, AB 128, SB 129, AB 2037, and AB 604, each of which was approved, signed, and deposited by Governor Gavin Newsom with Secretary of State Shirley Weber on August 21, 2025 (Chapter 96, Statutes of 2025), and which collectively impose a new congressional-district map overriding the boundaries previously established by California's independent redistricting commission;

- The structural constitutional disability of Governor Gavin Newsom, arising under Article V, section 10 of the California Constitution, *In re Governorship*, and Executive Order N-03-19; and

- Financial and ethical prohibitions codified in California Government Code §§ 1090, 87100, 87103, and 8920.

If intervention is denied, these issues may be resolved—or functionally foreclosed—without Proposed Intervenor's participation, despite their direct relevance to multiple pending federal actions in which he is a party or amicus and despite their substantial national consequences.

Under these circumstances, denial of intervention would irreparably impair Proposed Intervenor's ability to protect his interests as a practical matter. Rule 24 exists to prevent precisely this outcome.

Accordingly, Proposed Intervenor respectfully requests an expedited ruling on this Motion no later than December 22, 2025, to ensure that these federal constitutional and statutory issues are preserved for orderly adjudication and meaningful appellate review.

# V. STATUS OF LODGED MATERIALS AND NON-REQUEST FOR ADJUDICATION

Proposed Intervenor does not seek adjudication of any question of judicial bias, nor does he request disqualification or recusal of any judicial officer. Rather, he respectfully submits that the unique procedural posture of this case presents appearance-of-impartiality considerations within the meaning of 28 U.S.C. § 455(a) that are relevant to the Court's Rule 24 intervention analysis. These considerations arise from undisputed procedural facts demonstrating overlapping judicial involvement across related election-law proceedings, some of which remain pending on appeal and implicate the same statutory, constitutional, and remedial frameworks at issue here.

## A. FCA Seal Disclosure and Related-Case Transfer Context

Relator's qui tam complaint under the False Claims Act ("FCA") was filed under seal on August 16, 2023, pursuant to 31 U.S.C. § 3730(b)(2). Eight days later, on August 24, 2023, the matter was referenced in a "Related-Case Transfer Order" that resulted in circulation of the sealed filing outside the sealed docket. The transfer order was signed by Judge Fernando M. Olguin. No order unsealing the case had been entered at that time.

At the time of the transfer:

1. the FCA action remained subject to the mandatory statutory seal;

2. the United States had not moved to unseal the complaint; and

3. the Court had not issued any order authorizing disclosure, referral, or circulation of the sealed materials.

Section 3730(b)(2) provides, in mandatory terms, that a qui tam complaint "shall be filed in camera" and "shall remain under seal for at least 60 days," and that service or disclosure may occur only "until the court so orders." The statute does not condition the seal's protection on public docket visibility, nor does it authorize clerical circulation, inter-judge review, or related-case routing during the seal period absent an express judicial order lifting or modifying the seal. Accordingly, the legal sufficiency of the seal turns on compliance with the statute's requirements, not on whether sealed materials appeared on the public docket. The Ninth Circuit has recognized that the FCA seal requirement is mandatory. *See United States ex rel. Lee v. Horizon West, Inc.,* 245 F.3d 657 (9th Cir. 2001).

## B. Overlapping Judicial Roles and Sealed-Chambers Access

The procedural record further reflects that the related-case transfer occurred through clerical mechanisms associated with related-case procedures, which necessarily involved chambers access to sealed materials. At the time, Magistrate Judge Margo A. Rocconi had sealed-chambers access in United States ex rel. *Gordon v. Newsom et al.,* C.D. Cal. No. 2:23-cv-06727-JLS-MAR. Magistrate Judge Rocconi also served as the assigned magistrate judge in *Gordon v. Newsom et al.,* C.D. Cal. No. 2:21-cv-07270-FMO-MAR, with District Judge Fernando M. Olguin presiding.

The latter case was pending on appeal in the Ninth Circuit as Case No. 22-55640 at the time of the August 24, 2023, transfer. These overlapping judicial assignments and procedural intersections are referenced solely to establish continuity and institutional overlap among proceedings involving the same parties, subject matter, and election-law issues.

25

## C. Withholding of Filings and Appellate Interaction Under § 2106

In *Gordon v. Newsom*, C.D. Cal. No. 2:21-cv-07270-FMO-MAR, issues were later raised concerning the timing and handling of objections that were not reflected on the district-court docket for approximately twenty-two days. The record reflects that filings submitted during that period were not docketed while the case was under the supervision of Magistrate Judge Rocconi and District Judge Olguin and were later incorporated into the record following appellate proceedings.

During the pendency of the appeal, a panel of the Ninth Circuit invoked 28 U.S.C. § 2106 to issue a remand order that materially affected the disposition of the case. These sequencing and timing issues are matters of record and are referenced here solely to illustrate how magistrate-level handling, district-court supervision, and appellate action interacted procedurally in related election-law litigation.

Additionally, at the time Judge Olguin signed the August 24, 2023, transfer order in the sealed FCA matter, appellate jurisdiction in *Gordon I* had vested in the Ninth Circuit. Under Griggs v. Provident Consumer Discount Co., 459 U.S. 56 (1982), the filing of a notice of appeal divests the district court of jurisdiction over matters involved in the appeal. These jurisdictional principles form part of the procedural context relevant to the appearance analysis discussed herein.

## D. Appellate Panel Overlap and Clark v. Weber

One member of the Ninth Circuit panel associated with the appellate proceedings in *Gordon v. Newsom*, Ninth Circuit No. 22-55640, was Judge Diarmuid F. O'Scannlain. Judge O'Scannlain also served on the Ninth Circuit panel in *Clark*

*v. Weber,* 68 F.4th 678 (9th Cir. 2023), which addressed challenges arising from the same 2021 California gubernatorial recall election.

In *Clark*, the Ninth Circuit held that the case was not moot because the plaintiff alleged a completed injury stemming from defects in the administration of the recall election. *Id.* at 687–89. The interaction between these proceedings forms part of the broader procedural backdrop relevant here. In subsequent recall-related litigation, evidentiary exclusions and jurisdictional determinations occurred against the backdrop of *Clark*'s holding that the 2021 recall election presented a justiciable controversy notwithstanding the election's completion.

These matters are not presented to revisit the merits of any appellate decision. Rather, they are referenced to identify how overlapping judicial participation across related election-law cases contributes to the institutional context in which the instant Rule 24 motion is presented.

### E. Relevance to § 455(a) and Rule 24 Impairment

These circumstances are not offered to attribute motive, intent, or impropriety to any judicial officer. They are presented to identify procedural and jurisdictional intersections bearing on the integrity of the adjudicative process and to explain why a reasonable observer could question whether overlapping judicial involvement in related election-law matters presents appearance-of-impartiality considerations under 28 U.S.C. § 455(a).

Where prior judicial actions—spanning magistrate-level handling, district-court supervision, and appellate intervention—form part of the factual or procedural background of a dispute, existing parties may be structurally constrained in raising or preserving arguments that intersect with those actions. Because

27

existing parties cannot reasonably be expected to litigate issues that implicate overlapping judicial conduct across related proceedings, Proposed Intervenor's interests are not adequately represented absent intervention.

As a practical matter, and as explained herein, the institutional overlap described in this Section contributes directly to the impairment of Proposed Intervenor's interests under Rule 24(a)(2). Rule 24 exists to prevent precisely this form of structural impairment, independent of any finding of wrongdoing or subjective intent.

## VI. PROCEDURAL POSTURE AND APPEARANCE-OF-IMPARTIALITY CONSIDERATIONS UNDER 28 U.S.C. § 455 RELEVANT TO RULE 24 INTERVENTION

Proposed Intervenor respectfully advises the Court that the following materials are submitted solely to demonstrate the nature, scope, and seriousness of his protectable federal interests under Federal Rule of Civil Procedure 24, and to establish the necessity of intervention to preserve those interests.

Proposed Intervenor expressly does not seek adjudication, resolution, or merits determination of any lodged material at this stage. The materials are provided for contextual, jurisdictional, and structural purposes only, and are intended to ensure that the Court has a complete and accurate understanding of the federal constitutional, statutory, and institutional interests that would be impaired absent intervention.

### A. Overview of Structural Election Breakdown (2020–2025)

As set forth in the lodged materials, California's administration of statewide elections from 2020 through 2025 reflects a continuous and documented structural breakdown involving violations of federal election-funding statutes,

constitutional disqualification provisions, and federal record-keeping requirements. These breakdowns span five election cycles—the 2020 Presidential Election, the 2021 Gubernatorial Recall, the 2022 midterm and gubernatorial elections, the 2024 Presidential Election, and the November 4, 2025, Proposition 50 special election—and culminate in the election that is the subject of the instant action.

The lodged materials demonstrate overlapping violations of the Help America Vote Act ("HAVA"), the CARES Act election-funding provisions, and federal regulations governing allowable election expenditures, as well as continuing constitutional violations under Article V, section 10 of the California Constitution and California's conflict-of-interest statutes.

## B. Continuous Legal Disability of the Governor (In re Governorship)

The lodged materials further document that Governor Gavin Newsom remained under a continuous legal disability from 2019 through 2025 arising from overlapping constitutional and statutory prohibitions, including Article II, section 17, Article V, section 10, Government Code sections 1090, 87100, 87103, and 8920, and Executive Order N-03-19.

**Federal Alignment and Overlapping Enforcement Interests**

The United States' intervention in *Tangipa / United States v. Newsom*, No. 2:25-cv-10616-JLS-KES, establishes a unified federal interest in adjudicating the constitutional, statutory, and Supremacy Clause violations arising not only from asserted Fourteenth and Fifth Amendment claims and the constitutionality of Proposition 50, but also from a broader pattern of systemic and fundamental violations involving California's administration of statewide elections and the

29

misuse of federal funds from 2020 through the November 4, 2025 California Proposition 50 ("Election Rigging Response Act") election.

The same misconduct and legislative enactments challenged in the US' Complaint in Intervention directly overlap with the issues raised in the following actions:

• *Gordon v. Newsom*, No. 2:21-cv-07270-FMO-MAR (9th Cir. No. 22-55640) ("Gordon I");

• *Gordon v. Newsom*, No. 2:24-cv-06476-MRA-AS (9th Cir. No. 25-5722);

• *Gordon v. Gutierrez*, No. 2:24-cv-07938-RGK (9th Cir. No. 25-1250);

• *Gordon v. Olguin*, No. 2:24-cv-05384-MWF (9th Cir. No. 25-1190);

• *Gordon v. Kounalakis*, No. 2:24-cv-03683-MRA-AS (9th Cir. No. 25-561);

• *United States ex rel. Gordon v. Newsom*, No. 2:25-cv-04705-AB-SSx;

• *United States ex rel. Gordon v. Newsom*, No. 2:23-cv-06727-JLS-MAR; and

• all related Rule 22, Rule 11, and Rule 20.4 emergency applications pending before or submitted to the Supreme Court of the United States.

## VII. RELIEF REQUESTED

Proposed Intervenor respectfully requests that the Court enter an order:

1. Granting intervention as of right pursuant to Federal Rule of Civil Procedure 24(a)(2);

2. Alternatively, granting permissive intervention pursuant to Federal Rule of Civil Procedure 24(b);

3. Granting leave, upon intervention, to file the Proposed Rule 56 summary-judgment materials, Proposed Statement of Undisputed Facts, Proposed Request for Judicial Notice, and supporting exhibits lodged concurrently herewith;

30

4. Issuing an expedited ruling no later than December 22, 2025, to preserve substantial federal constitutional, statutory, and structural issues for meaningful review in light of imminent election-administration deadlines;

5. Transferring this action to the United States District Court for the District of Columbia pursuant to 28 U.S.C. §§ 1404(a), 1406(a), and/or 1631, to ensure neutral adjudication of overlapping federal election-law and Supremacy Clause issues; and

6. Granting such other and further relief as the Court deems just and proper.

## VIII. CONCLUSION

For the foregoing reasons, Proposed Intervenor respectfully submits that intervention is warranted under Federal Rule of Civil Procedure 24(a) and, in the alternative, Rule 24(b). This Motion does not seek adjudication of the merits, judicial disqualification, or any finding of wrongdoing. Rather, it seeks to ensure that substantial federal constitutional, statutory, and structural issues—many of which overlap with pending federal enforcement actions and related proceedings—are preserved for orderly adjudication and meaningful review. Accordingly, Proposed Intervenor respectfully requests that the Court grant the relief set forth above.

**Dated**: December 19, 2025                Respectfully submitted,

Carl Gordon
Proposed Intervenor, Pro Se
8306 Wilshire Blvd., No. 792
Beverly Hills, CA 90211
universityofthehood@gmail.com
(310) 926-3939

31

**CERTIFICATE OF COMPLIANCE**

Pursuant to Local Rule 11-6 of the United States District Court for the Central District of California, the undersigned certifies that this Motion to Intervene complies with the applicable word-count requirements.

This Motion, including the Notice of Motion and Memorandum of Points and Authorities, contains approximately 6828 words, as calculated by the word-count feature of Microsoft Word, excluding the caption, signature block, certificate of service, and any exhibits or lodged materials.

Accordingly, the Motion complies with the requirements of Local Rule 11-6.

**Dated**: December 19, 2025                    Respectfully submitted,

*Carl Gordon*

Carl Gordon
Proposed Intervenor, Pro Se
8306 Wilshire Blvd., No. 792
Beverly Hills, CA 90211
universityofthehood@gmail.com
(310) 926-3939

**PROOF OF SERVICE**

I, Mae Gordon, declare as follows:

I am employed in the City and County of Los Angeles, State of California. I am over the age of eighteen (18) years and not a party to the within action. My business address is 1125 South Holt Avenue, Apt. 3, Los Angeles, California 90035.

On December 19, 2025, I served the following document(s):

CARL GORDON'S EMERGENCY PROPOSED NOTICE OF MOTION AND MOTION TO INTERVENE PURSUANT TO FED. R. CIV. P. 24(a) AND 24(b) including all attachments filed therewith,

**By electronic mail** to counsel of record for Plaintiffs, at the email addresses listed on the Court's docket where available.

**LIMITED INITIAL SERVICE NOTICE**

Due to the unusually large number of parties and counsel of record in this action, and given the expedited filing circumstances, Proposed Intervenor has at this time served the United States of America, the principal State Defendants (including the Governor), and counsel for Plaintiffs. Proposed Intervenor respectfully represents that, should the Court grant intervention or otherwise direct, he will promptly effect service on any additional parties or counsel as the Court deems appropriate. See attached Service List (Email Service Only)

I declare under penalty of perjury under the laws of the United States of America that the foregoing is true and correct.

Executed on December 19, 2025, at Los Angeles, California.

Mae Gordon

1

**EMERGENCY PROPOSED OF MOTION AND MOTION TO INTERVENE SERVICE LIST (EMAIL SERVICE ONLY)**

**CARL GORDON**
**PROPOSED INTERVENOR, PRO SE**
**UNIVERSITY OF THE 'HOOD®**
8306 Wilshire Blvd., No. 792
Beverly Hills, CA 90211
Tel. (310) 926-3939 Email: universityofthehood@gmail.com

## UNITED STATES DISTRICT COURT

## CENTRAL DISTRICT OF CALIFORNIA WESTERN DIVISION

| | |
|---|---|
| DAVID TANGIPA, *ET AL.*,<br><br>      *PLAINTIFFS*,<br><br>  AND<br><br>UNITED STATES OF AMERICA,<br><br>      *PLAINTIFF-INTERVENOR*,<br><br>  V.<br><br>GAVIN NEWSOM, IN HIS OFFICIAL CAPACITY AS THE GOVERNOR OF CALIFORNIA, *ET AL.*,<br><br>      *DEFENDANTS*,<br><br>AND<br><br>DEMOCRATIC CONGRESSIONAL CAMPAIGN COMMITTEE, ET AL.,<br><br>      *DEFENDANT-INTERVENORS* | CASE No: 2:25-cv-10616-JLS-WLH-KKL<br><br>**CARL GORDON'S EMERGENCY PROPOSED NOTICE OF MOTION AND MOTION TO INTERVENE PURSUANT TO FED. R. CIV. P. 24(a) AND 24(b); REQUEST FOR EXPEDITED RULING BY DEC. 22, 2025; AND FOR LEAVE TO FILE PROPOSED RULE 56 SUMMARY JUDGMENT MATERIALS, PROPOSED STATEMENT OF UNDISPUTED FACTS, PROPOSED REQUEST FOR JUDICIAL NOTICE, AND REQUEST TO TRANSFER TO THE U.S. DISTRICT COURT FOR THE DISTRICT OF COLUMBIA** INVOLVING NON-WAIVABLE STRUCTURAL DISQUALIFICATION AND Appearance-of-Impartiality Concerns Under 28 U.S.C. § 455, Arising From Overlapping California And Federal Election Litigation In Which A Member of The Three-Judge Court Is A Named Defendant/Appellee<br><br>Judges:   Hon. Josephene L. Staton<br>             Hon. Wesley L. Hsu<br>             Hon. Kenneth K. Lee |

*37*

**SERVICE LIST (EMAIL SERVICE ONLY)**

Plaintiffs' Counsel

Dhillon Law Group, Inc.

- Domenic P. Aulisi – DAulisi@dhillonlaw.com
- Mark P. Meuser – mmeuser@dhillonlaw.com
- Amber R. Hulse – AHulse@dhillonlaw.com
- Michael Andrew Columbo – mcolumbo@dhillonlaw.com
- Shawn E. Cowles – scowles@dhillonlaw.com

Lehotsky Keller Cohn

- William T. Thompson – will@lkcfirm.com

---

Movant – NAACP Legal Defense & Educational Fund, Inc.

- Anuja D. Thatte – athatte@naacpldf.org
- Kathryn C. Sadasivan – ksadasivan@naacpldf.org
- Stuart Charles Naifeh – snaifeh@naacpldf.org

---

Movant – Democratic Congressional Campaign Committee (DCCC)

Elias Law Group LLP

- Lalitha D. Madduri – lmadduri@elias.law
- Abha Khanna – akhanna@elias.law
- Christopher D. Dodge – cdodge@elias.law
- Max Accardi – maccardi@elias.law
- Tyler L. Bishop – tbishop@elias.law

Qureshi Law

- Omar G. Qureshi – omar@qureshi.law

3

Movant – League of United Latin American Citizens (LULAC)

Democracy Defenders Action / Fund

- Jacob Kovacs-Goodman – jacob@democracydefenders.org
- Norman L. Eisen – norman@democracydefenders.org
- Sofia F. Gold – sofia@democracydefenders.org
- Tianna J. Mays – tianna@democracydefenders.org

Arnold & Porter Kaye Scholer LLP

- John A. Freedman – john.freedman@arnoldporter.com
- Sean O. Morris – sean.morris@arnoldporter.com
- Orion L.C. de Nevers – orion.denevers@arnoldporter.com
- Gilbert Thomas Rivera III – tom.rivera@arnoldporter.com

Justice Legal Strategies PLLC

- Jon Marshall Greenbaum – jgreenbaum@justicels.com

---

Movant – Legislature of the State of California

Olson Remcho, LLP

- Robin B. Johansen – rjohansen@olsonremcho.com

---

Intervenor-Plaintiff – United States of America

U.S. Department of Justice

- Julie Ann Hamill – julie.hamill@usdoj.gov
- David Goldman – david.goldman@usdoj.gov
- Greta Alyse Gieseke – greta.gieseke@usdoj.gov
- Jesus Armando Osete – jesus.osete@usdoj.gov
- Joshua Robert Zuckerman – joshua.zuckerman@usdoj.gov

4

- Matthew Zandi – matt.zandi@usdoj.gov

  **United States Attorney's Office – Central District of California**

- BILAL A. ESSAYLI
  First Assistant United States Attorney
  Email: bilal.essayli@usdoj.gov

-
- JULIE A. HAMILL (CA No. 272742)
  Assistant United States Attorney
  julie.hamill@usdoj.gov

Defendants – State of California

California Attorney General's Office

- Iram Hasan – iram.hasan@doj.ca.gov

- Jennifer E. Rosenberg – jennifer.rosenberg@doj.ca.gov

- Anya M. Binsacca – anya.binsacca@doj.ca.gov

- Carter Jansen – carter.jansen@doj.ca.gov

- Christina Marie McCall – christina.mccall@doj.ca.gov

- Daniel Cullen Sheehan – daniel.sheehan@doj.ca.gov

- David Green – david.green@doj.ca.gov

- Harald Kirn – harald.kirn@doj.ca.gov

- Katrina Keiko Uyehara – katrina.uyehara@doj.ca.gov

- Lara Haddad – lara.haddad@doj.ca.gov

- Nicholas Reiss Green – nicholas.green@doj.ca.gov

- Ryan Duane Eason – ryan.eason@doj.ca.gov

- Sean Clinton Woods – clint.woods@doj.ca.gov

---

Intervenor-Defendants

UCLA Voting Rights Project

- Sonni Waknin – sonniwaknin@gmail.com

Amicus Curiae

Strumwasser & Woocher LLP

- Fredric D. Woocher – fwoocher@strumwooch.com

- Dale K. Larson – dlarson@strumwooch.com

- Julia Gabriela Michel – jmichel@strumwooch.com

---

UCLA School of Law

- Richard L. Hasen – hasenr@gmail.com