MICHAEL A. COLUMBO (SBN: 271283)
mcolumbo@dhillonlaw.com
SHAWN COWLES (SBN: 163826)
scowles@dhillonlaw.com
MARK P. MEUSER (SBN: 231335)
mmeuser@dhillonlaw.com
DOMENIC P. AULISI (Admitted PHV)
daulisi@dhillonlaw.com
AMBER R. HULSE (Admitted PHV)
ahulse@dhillonlaw.com
**DHILLON LAW GROUP INC.**
4675 MacArthur Court, Suite 1410
Newport Beach, CA 92660
Telephone: (415) 433-1700
Fax: (415) 520-6593

*Attorneys for Plaintiffs*

JESUS A. OSETE*
Principal Deputy Assistant Attorney General
MATTHEW ZANDI (CA No. 2058840)
Chief of Staff & Special Counsel
ANDREW BRANIFF (IN No. 23430-71)
Acting Chief, Appellate Section
DAVID GOLDMAN (VA No. 98922)
JOSHUA R. ZUCKERMAN (DC No. 1724555)
GRETA GIESEKE (TX No. 24132925)
Attorneys
Civil Rights Division
United States Department of Justice
950 Pennsylvania Avenue, NW
Washington, DC 20530
Telephone: (202) 514-3847
E-Mail: greta.gieseke@usdoj.gov

* Assistant Attorney General Harmeet K. Dhillon is recused from this matter
*Attorneys for Plaintiff-Intervenor United States of America*



RESP. IN OPP. TO APPL. TO EXTEND TIME          CASE NO. 2:25-cv-10616

1
2
3
4
5
6
7
8

**UNITED STATES DISTRICT COURT**

**CENTRAL DISTRICT OF CALIFORNIA**

9
10

11   **DAVID TANGIPA**, *et al.*,

12          Plaintiffs,

13       vs.

14   **GAVIN NEWSOM**, in his official
15   capacity as the Governor of California, *et al.*,
16
17          Defendants.

18
19
20
21
22
23
24
25
26
27
28

CASE NO. 2:25-cv-10616-JLS-WLH-KKL

**PLAINTIFFS' AND PLAINTIFF-INTERVENOR'S JOINT RESPONSE IN OPPOSITION TO DEFENDANTS' AND DEFENDANT-INTERVENOR'S CORRECTED EX PARTE APPLICATION FOR EXTENSION OF TIME TO RESPOND TO PLAINTIFFS' AND PLAINTIFF-INTERVENOR'S COMPLAINTS**

Hon. Josephine L. Staton
Hon. Kenneth K. Lee
Hon. Wesley L. Hsu

Trial Date: None
Action Filed: November 5, 2025



## INTRODUCTION

Defendants and Defendant-Intervenors (collectively, "Defendant Parties") seek ex parte relief (Dkt. No. 208 ("Appl")) to extend their already extended deadline to respond to Plaintiffs' and Plaintiff-Intervenor's (collectively, "Plaintiff Parties") complaints from January 5, 2026, to February 4, 2026—an additional 30 days. The Court should deny the requested 30-day extension because Defendant Parties have failed to present good cause for additional delay. At most, the Court should grant no more than the unopposed seven-day extension.

## ARGUMENT

This case was filed on November 5, 2025, nearly two months ago. (Dkt. No. 1.) Less than two weeks later, on November 17, 2025, Plaintiff-Intervenor filed its Complaint-in-Intervention. (Dkt. No. 42.) "[I]n order to promote efficiency in this action," the parties filed a joint stipulation on November 21, 2025, extending the Defendant Parties' time to respond to both complaints to January 5, 2026. (Dkt. No. 77.) An order reflecting this stipulation was entered by the Court that same day. (Dkt. No. 84.)

That stipulation was not a blank check for serial delays. All parties agreed that Defendant Parties would meet the new deadline. But Defendant Parties now come to the Court seeking a further extension. They claim another extension is justified because: (1) they were busy with discovery, briefing, the preliminary-injunction hearing ; and (2) the intervening winter holidays "during which several counsel have been out of the office for long-scheduled travel" have exacerbated the impact of that resource deficiency. (*See* Appl. 1–2.) Neither of these circumstances supports granting Defendant Parties' requested relief.

*First*, Defendant Parties' own application belies the necessity of extending the current deadline. Defendant Parties emphasize their participation in "extensive fact and expert discovery," their production of "thousands of pages of evidence," their involvement in the depositions of "over a dozen witnesses," and extensive briefing on



1

both the preliminary injunction motions and various discovery disputes. (Appl. at 1.) But that cuts against them. By their own account, Defendant Parties have already analyzed the legal theories and factual allegations, developed evidence, conducted depositions, and drafted numerous briefs addressing dispositive issues. (Dkt. No. 208-1 (Declaration of Carter M. Jansen) ("Jansen Decl.") ¶ 3.) They also acknowledge that they have been working on this matter "since the complaints were filed." (Appl. 2.) Having already marshalled dozens of attorneys to litigate Plaintiff Parties' preliminary injunction motions, the burden of either (a) filing an answer or (b) converting their already-briefed threshold arguments into motions to dismiss is not substantial.

Moreover, the requested delay is not justified by speculation about the Court's forthcoming preliminary injunction order. Defendant Parties suggest that an order "may provide some guidance about how the substantive case should proceed" and that an extension "may serve the interests of judicial efficiency by streamlining" their responses. (Appl. 2.) A preliminary injunction order does not amend the complaints or change the operative allegations, nor will it rewrite the governing legal standards for the types of defenses Defendant Parties intend to raise in an answer or motion to dismiss. Thus, the Court's order is unlikely to aid in Defendant Parties' drafting of their responsive pleadings.

*Second*, Defendant Parties' reliance on the intervening winter holidays does not warrant extending the current deadline. The parties agreed to—and the Court set—the current deadline with the holidays in plain view. The Court's extension necessarily reflected a determination that Defendant Parties could meet a deadline falling immediately after the holidays. Defendant Parties' treatment of the holidays as a surprise that could not be accommodated is, at best, dubious. And to the extent Defendant Parties assert that their ability to file responsive pleadings is limited by the vacations of unidentified "key attorneys" (Jansen Decl. ¶ 4), that is precisely the kind of foreseeable staffing issue that large defense teams are expected to manage, especially after already receiving a significant extension.

*Third*, Plaintiff Parties have offered a reasonable accommodation and do "not oppose a seven-day extension of time." (Jansen Decl. ¶ 5.) That is the appropriate outer boundary of any relief here. It respects the Court's existing schedule, reflects the parties' prior compromise, and addresses short-term logistical issues, all without unduly delaying the merits proceedings in this case.

Additionally, an extension would prejudice Plaintiffs Parties. They continue to suffer irreparable harm every day the unconstitutional Proposition 50 map remains in effect. Defendant Parties' efforts to postpone adjudication of this case prolongs Plaintiffs Parties' injuries.

Plaintiff Parties have acted reasonably by agreeing to a seven-day extension, thereby providing Defendant Parties with meaningful time to complete responsive pleadings. The additional 30-day delay Defendant Parties now seek undermines the parties' stipulation and the Court-ordered schedule. It is not tethered to any concrete, unforeseeable event and would prejudice Plaintiff Parties. The application for ex parte relief should be denied.

## CONCLUSION

For these reasons, the Court should deny Defendant Parties' request to extend the deadline to February 4, 2026. If the Court is inclined to grant any relief, it should grant no more than the unopposed seven-day extension so that this case may proceed on the merits without further unnecessary delay.

Date: December 31, 2025

By: _/s/ Mark P. Meuser_____
MICHAEL A. COLUMBO (SBN: 271283)
mcolumbo@dhillonlaw.com
**DHILLON LAW GROUP INC.**
177 Post Street, Suite 700
San Francisco, California 94108
Telephone: (415) 944-4996

SHAWN COWLES (SBN: 163826)
scowles@dhillonlaw.com

3

1

2

3

4

5

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

MARK P. MEUSER (SBN: 231335)
mmeuser@dhillonlaw.com
**DHILLON LAW GROUP INC.**
4675 MacArthur Court, Suite 1410
Newport Beach, CA 92660

DOMENIC P. AULISI (Admitted PHV)
daulisi@dhillonlaw.com
AMBER R. HULSE (Admitted PHV)
ahulse@dhillonlaw.com
**DHILLON LAW GROUP INC.**
2121 Eisenhower Avenue, Suite 608
Alexandria, VA 22314

*Attorneys for Plaintiffs*

JESUS A. OSETE*
Principal Deputy Assistant Attorney General
MATTHEW ZANDI (CA No. 2058840)
Chief of Staff & Special Counsel
ANDREW BRANIFF (IN No. 23430-71)
Acting Chief, Appellate Section
DAVID GOLDMAN (VA No. 98922)
JOSHUA R. ZUCKERMAN (DC No. 1724555)
GRETA GIESEKE (TX No. 24132925)
Attorneys
Civil Rights Division
United States Department of Justice
950 Pennsylvania Avenue, NW
Washington, DC 20530
Telephone: (202) 514-3847
E-Mail: greta@.gieske@usdoj.gov

* Assistant Attorney General Harmeet K.
Dhillon is recused from this matter

*Attorneys for Plaintiff-Intervenor*
*United States of America*



RESP. IN OPP. TO APPL. TO EXTEND TIME            CASE NO. 2:25-cv-10616