**ARNOLD & PORTER KAYE SCHOLER LLP**
SEAN O. MORRIS (SBN 200368)
Sean.Morris@arnoldporter.com
777 South Figueroa Street
44th Floor
Los Angeles, CA 90017
T: (213) 243-4000
F: (213) 243-4199

JOHN A. FREEDMAN*
John.Freedman@arnoldporter.com
601 Massachusetts Ave, NW
Washington, DC 20001
T: (202) 942-5000
F: (202) 942-5999

**DEMOCRACY DEFENDERS ACTION**
NORMAN L. EISEN*
TIANNA MAYS*
SOFIA FERNANDEZ GOLD*
JACOB KOVACS-GOODMAN*
norman@democracydefenders.org
tianna@democracydefenders.org
sofia@democracydefenders.org
jacob@democracydefenders.org
600 Pennsylvania Ave SE, Unit 15180
Washington, DC 20003
T: (202) 594-9958

**JUSTICE LEGAL STRATEGIES PLLC**
JON M. GREENBAUM (SBN 166733)
jgreenbaum@justicels.com
P.O. Box 27015
Washington, DC 20038
T: (202) 601-8678

*Counsel for Intervenor-Defendant*
*League of United Latin American Citizens*

*Admitted pro hac vice

DEFENDANT-INTERVENOR LEAGUE OF UNITED LATIN AMERICAN CITIZENS' RESPONSE TO THE COURT'S ORDER REGARDING EX PARTE MOTION TO COMPEL TESTIMONY OF PAUL MITCHELL

UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA

WESTERN DIVISION

| | |
|---|---|
| DAVID TANGIPA. *et al.*, <br><br> Plaintiffs, <br><br> v. <br><br> GAVIN NEWSOM, *et al.*, <br><br> Defendants, <br><br> and <br><br> LEAGUE OF UNITED LATIN AMERICAN CITIZENS (LULAC), <br><br> Intervenor-Defendant. | Case No. 2:25-cv-10616-JLS-WLH-KKL <br><br> **INTERVENOR-DEFENDANT LEAGUE OF UNITED LATIN AMERICAN CITIZENS' OPPOSITION TO PLAINTIFFS' EX PARTE APPLICATION FOR AN INJUNCTION PENDING APPEAL** <br><br> Hon. Josephine L. Staton <br> Hon. Wesley L. Hsu <br> Hon. Kenneth K. Lee |

- 2 -

Intervenor-Defendant League of United Latin American Citizens (LULAC) opposes Plaintiffs' *Ex Parte* Application for an Injunction Pending Appeal because Plaintiffs do not satisfy the standard for *ex parte* relief (which is reserved "for extraordinary relief only") and cannot satisfy several, let alone all, of the required four factors for an injunction.

"[T]o obtain an injunction, plaintiffs 'must establish that [they are] likely to succeed on the merits, that [they are] likely to suffer irreparable harm in the absence of preliminary relief, that the balance of equities tips in [their] favor, and that an injunction is in the public interest.'" *Smith v. Helzer*, 95 F.4th 1207, 1214 (9th Cir. 2024) (quoting *Winter v. Nat. Res. Def. Council, Inc.*, 555 U.S. 7, 20 (2008)). Where "'the government opposes a preliminary injunction, the third and fourth factors merge into one inquiry.'" *Smith*, 95 F.4th at 214 (quoting *Porretti v. Dzurenda*, 11 F.4th 1037, 1047 (9th Cir. 2021)).

Foremost, Plaintiffs cannot demonstrate a substantial likelihood of success on the merits. Just two days ago, this Court laid out in painstaking detail why Plaintiffs' claims fail in denying their Motion for Preliminary Injunction. Dkt. 216. As noted in the opinion, some of the Plaintiffs previously strenuously opposed Proposition 50 as a partisan gerrymander (and represented by the same counsel and supported by the same lead expert who appeared in this case) filed a lawsuit challenging Proposition 50 as a partisan gerrymander. *Cf. Alexander v. South Carolina NAACP*, 114 S. Ct. 1221, 1236 (2024) (warning courts to "be wary of" sore loser plaintiffs who come to federal court seeking "victories that eluded them in the political arena"). As meticulously detailed in this Court's opinion, Plaintiffs failed at every level of their proof – they failed to present evidence regarding intent of the decisionmaker, the evidence of intent they introduced was inconclusive and not probative of the intent of the decisionmaker, they failed to establish that any district was gerrymandered as required under *Shaw* and *Miller*, and they failed to produce a reasonably configured

INTERVENOR-DEFENDANT LEAGUE OF UNITED LATIN AMERICAN CITIZENS' OPPOSITION TO PLAINTIFFS' EX PARTE APPLICATION FOR AN INJUNCTION PENDING APPEAL

alternative map that met the stated partisan objectives as required by *Alexander*. Dkt. 216. There is thus no need for LULAC to elaborate further.

      Because the Court did not reach the balance of harms and public interest factors in denying Plaintiffs' Motion for Preliminary Injunction, LULAC briefly addresses them here. Plaintiffs' position is particularly weak given the circumstances of Proposition 50 and the timing of this challenge. Importantly, Proposition 50 was not just the result of a legislative decision; it was the result of millions of Californians voting in favor of it. A landslide majority of voters voting for Proposition 50– 7,408,128 (64.4%) yes votes to 4,095,372 (35.6%) no votes—represents a resounding demonstration of what the public thinks its interest is. Though there are circumstances where a constitutional violation should be enjoined even if it was passed by voter referendum, the proof supporting it needs to be strong and certain. As the Court has already found, that is not the case here. The harm that would result from the imposition of an injunction to the millions of California voters who voted for Proposition 50 far outweighs any harm Plaintiffs might experience under the current map as they continue their appeal.

      Though Plaintiffs tellingly neglect to mention it in their papers, the principle first articulated in *Purcell v. Gonzalez* should apply here. 549 U.S. 1 (2006). *Purcell* creates a presumption against last-minute changes by the courts that would create voter confusion and administrative chaos before an election cycle begins. *Id.* at 4-5. In *Merrill v. Milligan*, the Court applied *Purcell* to stay a lower court preliminary injunction of a just-enacted Congressional map. 142 S. Ct. 879 (2022). In his opinion concurring with the Court's unsigned order, Justice Kavanaugh, joined by Justice Alito, explained the *Purcell* principle:

> [T]he traditional test for a stay does not apply (at least not in the same way) in election cases when a lower court has issued an injunction of a state's election law in the period close to an election. See *Purcell*, 539 U.S. 1. This Court has repeatedly stated that federal courts ordinarily should not enjoin a state's election laws in the period close to an election,

and this Court in turn has often stayed lower federal court injunctions that contravened that principle.

> That principle—known as the *Purcell* principle—reflects a bedrock tenet of election law: When an election is close at hand, the rules of the road must be clear and settled. Late judicial tinkering with election laws can lead to disruption and to unanticipated and unfair consequences for candidates, political parties, and voters, among others. It is one thing for a State on its own to toy with its election laws close to a State's elections. But it is quite another thing for a federal court to swoop in and re-do a State's election laws in the period close to an election.

*Merrill,* 142 S. Ct. at 881 (Kavanaugh, J., concurring) (cleaned up).

Justice Kavanaugh went on to find that the *Merrill* plaintiffs could not "overcome even a more relaxed version of the *Purcell* principle" because they could not demonstrate that the "merits [were] clearcut in favor of the plaintiff, and that the changes [were] feasible without significant cost, confusion, or hardship." *Id.* at 881-82. Notably, when the Supreme Court addressed the merits in *Merrill* the following term, it affirmed the district court's finding of liability. *Allen v. Milligan*, 599 U.S. 1 (2023). This reflects that even when the Plaintiffs have a strong case on the merits—which Plaintiffs here lack—they may still not be entitled to enjoin implementation of a just-enacted redistricting plan.

Here, Plaintiffs and the United States did not bring suit until shortly before important candidate registration deadlines, have failed to show that the merits are clearcut in their favor, and have not offered any evidence that the last-minute changes that would necessarily occur as a result of an eleventh-hour injunction are feasible without significant cost, confusion, or hardship given that the candidate qualifying period has already begun. Indeed, Plaintiffs previously asserted that their Motion needed to be resolved by December 19 to avoid substantial disruption to the election process. Now it is January and Plaintiffs request precisely the same type of disruption they previously claimed they wanted to avoid.

More recently, the Supreme Court stayed the three-judge district court's imposition of an injunction preliminarily enjoining Texas's 2025 Congressional redistricting. In doing so, the Court invoked the *Purcell* principle:

> Texas has also made a strong showing of irreparable harm and that the equities and public interest favor it. "This Court has repeatedly emphasized that lower federal courts should ordinarily not alter the election rules on the eve of an election." *Republican National Committee v. Democratic National Committee*, 589 U. S. 423, 424 (2020) (*per curiam*). The District Court violated that rule here. The District Court improperly inserted itself into an active primary campaign, causing much confusion and upsetting the delicate federal-state balance in elections.

*Abbott v. League of United Latin Am. Citizens*, No. 25A608, 2025 WL 3484863, at *1 (U.S. Dec. 4, 2025). As with *Purcell* and *Merrill*, Plaintiffs fail to mention *Abbott*, let alone attempt to distinguish it despite its clear relevance.

For the foregoing reasons, LULAC respectfully requests that the Court deny Plaintiffs' *ex parte* application.

Dated:  January 16, 2026

| | |
|---|---|
| */s/ John A. Freedman*<br>**ARNOLD & PORTER KAYE SCHOLER LLP**<br>JOHN A. FREEDMAN*<br>John.Freedman@arnoldporter.com<br>601 Massachusetts Ave, NW<br>Washington, DC 20001<br>T: (202) 942-5000<br>F: (202) 942-5999<br><br>SEAN O. MORRIS (SBN 200368)<br>Sean.Morris@arnoldporter.com<br>777 South Figueroa Street<br>44th Floor<br>Los Angeles, CA 90017<br>T: (213) 243-4000<br>F: (213) 243-4199 | **DEMOCRACY DEFENDERS ACTION**<br>NORMAN L. EISEN*<br>TIANNA MAYS*<br>SOFIA FERNANDEZ GOLD*<br>JACOB KOVACS-GOODMAN*<br>norman@democracydefenders.org<br>tianna@democracydefenders.org<br>sofia@democracydefenders.org<br>jacob@democracydefenders.org<br>600 Pennsylvania Ave SE,<br>Unit 15180<br>Washington, DC 20003<br>T: (202) 594-9958 |

**JUSTICE LEGAL STRATEGIES PLLC**
JON M. GREENBAUM (SBN 166733)
jgreenbaum@justicels.com
P.O. Box 27015
Washington, DC 20038
T: (202) 601-8678

*Counsel for Intervenor-Defendant League of United Latin American Citizens*

*\*Admitted pro hac vice*

**CERTIFICATION OF COMPLIANCE WITH LOCAL RULE 11-6.2**

The undersigned, counsel for Defendant-Intervenor LULAC, certifies that this brief contains 1,217 words, which complies with the word limit of L.R. 11-6.1.

*/s/ John A. Freedman*
John A. Freedman

**ATTESTATION PURSUANT TO LOCAL RULE 5-4.3.4**

This certifies, pursuant to Local Rule 5-4.3.4, that all signatories to this document concur in its content and have authorized this filing.

*/s/ John A. Freedman*
John A. Freedman

# CERTIFICATE OF SERVICE

Case Name:  Tangipa et al v. Newsom et al   No. 2:25-cv-10616-JLS-WLH-KKL

I hereby certify that on <u>January 16, 2025</u>, I electronically filed the following documents with the Clerk of the Court by using the CM/ECF system:

**INTERVENOR-DEFENDANT LEAGUE OF UNITED LATIN AMERICAN CITIZENS' OPPOSITION TO PLAINTIFFS'** *EX PARTE* **APPLICATION FOR AN INJUNCTION PENDING APPEAL**

I certify that **all** participants in the case are registered CM/ECF users and that service will be accomplished by the CM/ECF system.

I declare under penalty of perjury under the laws of the State of California the foregoing is true and correct and that this declaration was executed on <u>January 16, 2025</u>, in Washington, D.C.

*/s/ John A. Freedman*
Signature