1   ROB BONTA
    Attorney General of California
2   MARK R. BECKINGTON
    ANYA M. BINSACCA
3   LARA HADDAD
    Supervising Deputy Attorneys General
4   IRAM HASAN
    KIANA S. HEROLD
5   ROBERT L. MEYERHOFF
    JENNIFER E. ROSENBERG
6   Deputy Attorneys General
      RYAN EASON
7     Deputy Attorney General
      State Bar No. 342757
8     300 South Spring Street, Suite 1702
      Los Angeles, CA 90013-1230
9     Telephone: (213) 269-6505
      Fax: (916) 731-2124
10    E-mail: Ryan.Eason@doj.ca.gov
    *Attorneys for Defendants California Governor Gavin*
11  *Newsom and Secretary of State Shirley Weber*

12

13              IN THE UNITED STATES DISTRICT COURT

14          FOR THE CENTRAL DISTRICT OF CALIFORNIA

                        WESTERN DIVISION

15

16  **DAVID TANGIPA,** *et al.,*                2:25-cv-10616-JLS-WLH-KKL
                                                2:25-cv-11480-JLS-WLH-KKL
                                                Three-Judge Court
17                          Plaintiffs,
                                                **STATE DEFENDANTS'**
18          v.                                  **RESPONSE TO ORDER TO**
                                                **SHOW CAUSE [***Tangipa* **ECF No.**
19  **GAVIN NEWSOM,** in his official           **230;** *Noyes* **ECF No. 52]**
    **capacity as the Governor of California,**
20  *et al.,*

                            Defendants.
21

22  **MITCH NOYES,** *et al.,*

23                          Plaintiffs,

24          v.

25  **GAVIN NEWSOM,** in his official
    **capacity as the Governor of California,**
26  *et al.,*

27
                            Defendants.
28

1

**INTRODUCTION**

2 State Defendants California Governor Gavin Newsom and California Secretary

3 of State Shirley N. Weber submit this response to the Court's Order to Show Cause.

4 *See Tangipa, et al. v. Newsom, et al.*, No. 2:25-cv-10616-JLS-WLH-KKL (C.D.

5 Cal.), ECF No. 230; *Noyes, et al. v. Newsom, et al*., No. 2:25-cv-11480-JLS-WLH-

6 KKL (C.D. Cal.), ECF No. 52.  State Defendants agree that consolidation of

7 *Tangipa* and *Noyes* is appropriate because both cases involve common questions of

8 law and fact, rulings in *Tangipa* are relevant to the *Noyes* litigation, and

9 consolidation would avoid the risk of conflicting rulings.  To promote judicial

10 efficiency and avoid inconvenience and prejudice, State Defendants propose that

11 the Court exercise its discretion to consolidate the cases in the following manner:

12 (1) lift the stay in *Noyes* for the limited purpose of litigating State Defendants' and

13 any Defendant-Intervenors' forthcoming motion(s) to dismiss; (2) set a deadline for

14 State Defendants and any Defendant-Intervenors to respond to the *Noyes* complaint;

15 (3) set the same hearing date for motions to dismiss in both cases; (4) otherwise

16 allow the stay in *Noyes* to remain in place as set forth in the Court's order issuing

17 the stay (*Noyes* ECF No. 44); and (5) either extend the stay in *Noyes* or hold *Noyes*

18 Plaintiffs' preliminary injunction motion in abeyance pending the resolution of

19 motions to dismiss in both cases, should the current stay expire.[1]

20

21

22 _____

23 [1] This Court stayed the entire *Noyes* matter until either (1) the time for appeal of the Court's order on the *Tangipa* motions for preliminary injunction has expired,

24 or (2) the Supreme Court decides any appeal of this Court's preliminary injunction order in *Tangipa*.  *Noyes* ECF No. 44.  *Tangipa* Plaintiffs filed a Notice of Appeal

25 on January 15, 2026, but have not yet filed a jurisdictional statement in the Supreme Court.  *See* Supreme Court R. 18(3) (jurisdictional statement due 60 days

26 after notice of appeal).  As the Supreme Court has not yet resolved the *Tangipa* Plaintiffs' preliminary injunction appeal (having thus far ruled only on

27 their separate application for a writ of injunction pending that appeal), the *Noyes* stay remains in place as of the date of this filing.

28

1

1

2

3

4

5

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

## DISCUSSION

The Court has "broad discretion . . . to consolidate cases pending in the same district." *Invs. Rsch. Co. v. U.S. Dist. Court for Cent. Dist. of Cal.*, 877 F.2d 777, 777 (9th Cir. 1989).  In exercising this discretion, the Court "weighs the saving of time and effort consolidation would produce against any inconvenience, delay, or expense that it would cause." *Huene v. United States*, 743 F.2d 703, 704 (9th Cir. 1984).  Most courts hold that consolidation does not merge separate lawsuits into a single action—in other words, the consolidated actions retain their separate character.  *See* 9A Fed. Prac. & Proc. Civ. § 2382 (3d ed. 2025).[2]  For the reasons discussed below, State Defendants support consolidation as detailed in the introduction.

The *Tangipa* and *Noyes* matters involve "common question[s] of law or fact[:]"  both cases challenge the congressional redistricting map adopted by California voters through Proposition 50 on grounds that the map was allegedly drawn with racial intent.  Fed. R. Civ. P. 42.; *see Tangipa* ECF No. 1 ("Tangipa Compl."); *Tangipa* ECF No. 42 ("USDOJ Compl."); *Noyes* ECF No. 1 ("Noyes Compl.").  Across the three complaints, the *Tangipa* Plaintiffs and Plaintiff-Intervenor and the *Noyes* Plaintiffs (together, "Challengers") raise the same fundamental question of whether the Proposition 50 map was inappropriately based on race.  *See id.*  While the *Tangipa* Plaintiff Parties raise an additional Fourteenth Amendment racial gerrymandering claim, both cases allege that the Proposition 50 map is invalid under the Fifteenth Amendment and Section 2 of the Voting Rights Act ("VRA").  *See* Tangipa Compl. ¶¶ 113-119 (Fifteenth Amendment); USDOJ

---

[2] Moreover, consolidation is not all-or-nothing—the Court may order consolidation of particular common issues or proceedings.  *See* 9A Fed. Prac. & Proc. Civ. § 2382.  Further, the Court can consolidate matters for pretrial purposes.  *See Kingi v. SAG-AFTRA*, No. 2:24-cv-01996 *et al.*, 2024 WL 3005890, at *3 (C.D. Cal. 2024).

Compl. ¶¶ 69-71 (VRA); Noyes Compl. ¶¶ (53-61) (both).  Though State Defendants strenuously disagree with Challengers' characterization of the facts and the relevant legal standards, these legal claims and the facts that underlie them are clearly related.

State Defendants propose that it would be most efficient and beneficial for the Court and all parties to first resolve, in a consolidated manner, whether Challengers' claims are adequately pleaded.  State Defendants and *Tangipa* Defendant-Intervenor DCCC have filed motions to dismiss the *Tangipa* Plaintiffs' and USDOJ's Complaints on that basis, and *Tangipa* Defendant-Intervenor LULAC has joined those motions.  *Tangipa* ECF Nos. 225-228.  State Defendants additionally intend to file a Motion to Dismiss the *Noyes* complaint.[3]  Proceeding with the motions to dismiss first will promote efficient litigation by narrowing or resolving the issues, defining the scope of any subsequent discovery, and possibly avoiding the litigation of a duplicative preliminary injunction motion in *Noyes* seeking the same relief as in *Tangipa*.  Even if the Court partially grants the Defendant parties' motions, such a ruling could substantially narrow the scope of Challengers' claims and, consequently, facilitate the resolution of the primary issues in this case in an efficient manner.

Further, allowing the *Noyes* stay to remain in place with the limited exception of permitting the briefing and adjudication of motions to dismiss in both matters and, if needed, either extending the stay or holding the motion for preliminary injunction in abeyance should the current stay expire, would be consistent with the

---

[3] State Defendants believe that separate briefing is appropriate for motions to dismiss in each matter. Although there is some overlap in questions of law and fact, the two cases are in different procedural postures, with the *Tangipa* motion already briefed and on file.  Further, the motions will necessarily address the unique allegations in each operative complaint.  If the Court instead orders a combined Motion to Dismiss addressing the *Tangipa* and *Noyes* complaints together, State Defendants respectfully request that the word limit be increased from 7,000 to 14,000.

Supreme Court's cautionary principles in redistricting cases. "[C]ourts must exercise extraordinary caution in adjudicating claims that a State has drawn district lines on the basis of race" as "federal-court review of districting legislation represents a serious intrusion on the most vital of local functions." *Alexander v. S.C. State Conference of the NAACP*, 602 U.S. 1, 7 (2024) (citation omitted). Accordingly, determining which, if any claims are viable before allowing proceedings on the *Noyes* motion for preliminary injunction to move forward is particularly appropriate here, where the current election cycle is well underway.

Finally, proceeding in this manner will not create "inconvenience, delay, or expense," *Huene*, 743 F.2d at 704, for any party. Rather, it would permit the *Noyes* Plaintiffs to litigate their preliminary injunction motion more efficiently by focusing on any claims this Court deems viable and cohering to any order the Supreme Court issues on the *Tangipa* Plaintiffs' appeal of this Court's ruling on their preliminary injunction motion. Because that ruling addressed a request for relief substantially similar to the relief requested in the *Noyes* Plaintiffs' motion and implicates two legal theories also raised by the *Noyes* Plaintiffs, any Supreme Court ruling on that order would likely affect the arguments that can be raised with respect to the *Noyes* Plaintiffs' preliminary injunction motion. As noted, this will promote efficiency by avoiding litigation of issues that the Supreme Court or this Court may deem not viable and obviating the need for repeated unnecessary briefing or evidentiary hearings.

## CONCLUSION

State Defendants support consolidation of these two related actions in future proceedings, and submit that such consolidation should be structured in the following manner: (1) lift the stay in *Noyes* for the limited purpose of allowing briefing on and deciding motion(s) to dismiss in both *Tangipa* and *Noyes*; (2) set a deadline to respond to the *Noyes* complaint; (3) set the same hearing date for motions to dismiss in both cases; (4) otherwise allow the stay in *Noyes* to remain in

4

place as described in the Court's order issuing the stay (*Noyes* ECF No. 44); and (5) either extend the stay in *Noyes* or hold *Noyes* Plaintiffs' preliminary injunction motion in abeyance pending the resolution of motions to dismiss in both cases, should the current stay expire.

Dated: February 27, 2026

Respectfully submitted,

ROB BONTA
Attorney General of California


*/s/ Ryan Eason*
RYAN EASON
Deputy Attorney General
*Attorneys for Defendants California Governor Gavin Newsom and Secretary of State Shirley Weber*